UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT J. TEMPLET, SR., | * |
| PLAINTIFF | CIVIL ACTION NO. _____ |
| | * |
| VERSUS | SECTION: _____ |
| | * |
| AVONDALE INDUSTRIES, INC., f/k/a NORTHROP GRUMMAN SHIPBUILDING, INC., n/k/a HUNTINGTON INGALLS INCORPORATED; CBS CORPORATION; EAGLE, INC.; GEORGIA-PACIFIC, LLC; FIRST STATE INSURANCE COMPANY; GOULDS PUMPS, LLC; HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; MARYLAND CASUALTY COMPANY; McCARTY CORPORATION; METROPOLITAN LIFE INSURANCE COMPANY; REILLY-BENTON COMPANY, INC.; TAYLOR-SEIDENBACH, INC.; UNION CARBIDE CORPORATION; UNITED STATES FIDELITY AND GUARANTY COMPANY; ALBERT BOSSIER, JR.; J.D. ROBERTS; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; ONEBEACON INSURANCE COMPANY; THE TRAVELERS INSURANCE COMPANY; | JUDGE: _____ <br><br> MAG. JUDGE: _____ |
| DEFENDANTS | * |

\* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

The defendants, Avondale Industries, Inc., ("Avondale") n/k/a Huntington Ingalls Incorporated, Albert L. Bossier, Jr.,[1] and Lamorak Insurance Company[2] (collectively, the

---

[1] Mr. Bossier is an alleged former executive officer of Avondale.

"Avondale Interests"), give notice of the removal of the above-entitled action, bearing No. 2017-4662 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana.

1.

This Court has subject matter jurisdiction because the State Case is an action for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1).

2.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending.  28 U.S.C. § 1442(a).

3.

The Avondale Interests are named as defendants in the State Case, which was filed by the plaintiff, Robert J. Templet, Sr., on May 15, 2017,[3] and served on Avondale on May 23, 2017.[4] Mr. Templet, employed by Avondale from 1968 to 2002, alleges that he contracted mesothelioma as a result of exposure to asbestos at Avondale from 1968 to 1979.[5]

4.

Mr. Templet was deposed on Thursday, June 8, 2017.[6] He remembered working on Navy Destroyer Escorts and Coast Guard Cutters at Avondale while they were lying afloat in the

---

[2] Lamorak has been sued as the alleged insurer of Henry Zac Carter, C. Edwin Hartzman, Albert Bossier, Hettie Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J.D. Roberts, Edward Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole, and Burnette "Frenchy" Bordelon, who are alleged executive officers of Avondale.

[3] Exhibit A, Petition for Damages.

[4] Exhibit B, Service of Process Transmittal & Citation.

[5] Petition, ¶¶ 10, 37, 38 & 39.

[6] Exhibit C, Robert J. Templet, Sr. Deposition.

Mississippi River.[7]  On those vessels, he worked near insulators installing asbestos-containing products, and he breathed dust generated from their work.[8]  Likewise, on the Coast Guard Cutters, he worked in close proximity to employees of Hopeman Brothers, a joiner subcontractor, sawing asbestos-containing wallboards, and thereby creating dust that Mr. Templet breathed.[9]  Counsel for one of the Avondale Interests received the transcript of that deposition testimony on Monday, June 12, 2017.[10]

5.

This Notice of Removal, filed within 30 days of the service on Avondale of Mr. Templet's Petition and receipt by one of the Avondale Interests' counsel of Mr. Templet's deposition transcript, is therefore timely filed under 28 U.S.C. § 1446(b)(1) & (3).  *E.g.*, *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

6.

Avondale is a corporation and is therefore a "person" within the meaning of 28 U.S.C. § 1442(a)(1).  *E.g.*, *Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016) (Avondale is a "person" under the statute).  Likewise, the alleged former executive officers of Avondale are or were individuals and therefore "persons" within the meaning of the statute.  *E.g.*, *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 57 (5th Cir. 1975) (executive officers of corporation are persons under the statute).

---

[7]  *Id.* at 14-15.

[8]  *Id*. at 16-22.

[9]  *Id*. at 22-25.

[10]  Exhibit D, Email from HG Litigation Services to Lee, Futrell & Perles, June 12, 2017.

7.

Coast Guard Cutters and Navy Destroyer Escorts were constructed at Avondale during Mr. Templet's employment under contracts executed between Avondale on the one hand and the United States government on the other. Avondale was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Destroyer Escorts and Cutters because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform— namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc*., 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of Navy Destroyer Escorts and Coast Guard Cutters).

8.

The claims made by Mr. Templet against Avondale in this action are claims for or relating to acts performed under color of federal office within the meaning of 28 U.S.C. § 1442(a)(1). Mr. Templet asserts claims against Avondale on allegations that he was exposed to asbestos as a result of the use and installation of asbestos-containing materials during the construction of the Destroyer Escorts and Cutters. The use and installation of asbestos-containing materials in the construction of the Destroyer Escorts and Cutters was required by the contractual provisions and design specifications mandated by the federal government. Avondale was obligated to comply with those contractual provisions and design specifications, and the federal government exercised oversight over the construction process to ensure such compliance. *Zeringue v. Crane Co.,* 846 F.3d 785, 793 (5th Cir. 2017) (2011 amendment expanded the

universe of acts sufficient to satisfy the causal nexus standard); *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812-13 (3d Cir. 2016) (federal government requirement to use asbestos in building military cargo planes satisfies the post-amendment "for or relating to" criterion).

9.

The Avondale Interests assert two colorable federal defenses to claims asserted by Mr. Templet in this action: (1) one or more of the plaintiff's claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and its progeny, and (2) one or more of the plaintiff's claims is pre-empted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901.

10.

The Destroyer Escorts and Cutters were constructed at Avondale under mandatory terms, conditions, and specifications established by the United States government, including the United States Navy and Coast Guard. These reasonably precise specifications mandated the installation of asbestos and asbestos-containing products on the Destroyer Escorts and Cutters during the relevant period of time.

11.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Destroyer Escorts and Cutters—was monitored by inspectors and other representatives of the United States government to ensure Avondale's compliance with the government requirements.

12.

The Destroyer Escorts and Cutters conformed to the specifications mandated by the federal government. The specifications mandated the use of asbestos, and Avondale built the Destroyer Escorts and Cutters using asbestos.

13.

At all material times, the federal government had knowledge about the hazards of asbestos that was equal to, or superior to, that of Avondale and its alleged executive officers.

14.

Mr. Templet alleges occupational disease caused by exposure to asbestos arising out of and in the course and scope of his employment at Avondale shipyard.[11] According to Mr. Templet, all his work at Avondale occurred on vessels undergoing construction while lying afloat in the Mississippi River.[12] Therefore, Mr. Templet's alleged asbestos exposures are covered by the LHWCA because they occurred over a navigable water of the United States on launched but incomplete vessels. *E.g., Calbeck v. Travelers Ins. Co.*, 370 U.S. 114, 119 (1962) (LHWCA covered Avondale employee injured on vessels undergoing construction in Mississippi River).

15.

Asbestos exposures occurring before 1975 that develop into mesothelioma are not covered by the Louisiana Workers' Compensation Act (LWCA), La. Rev. Stat. § 23:1021, and as result, the LWCA's exclusive remedy provision does not bar tort suits for such exposures. *E.g.*,

---

[11] Exhibit A, Petition, ¶ 10.

[12] Exhibit C, Templet Deposition, at 15.

*Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1074 (La. 2009).[13] By contrast, the federal LHWCA does cover such exposures. *E.g.*, *New Orleans Stevedores v. Ibos*, 317 F.3d 480, 487 (5th Cir. 2003). Therefore, the federal and the Louisiana exclusive remedy provisions are in direct conflict, and the LHWCA pre-empts state law to the extent of that conflict. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 (5th Cir. 1995); *Peter v. Hess Oil Virgin Islands Corp.*, 903 F.2d 935, 950 (3d Cir. 1990); *Cobb v. Sipco Serv., & Marine, Inc.*, 1997 WL 159491, *6-*7 (E.D. La. 1997). Therefore, the plaintiff's Louisiana tort claims are pre-empted and barred by the exclusive remedy provisions of the LHWCA.

16.

In the Petition, Mr. Templet "disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government."[14] But such jurisdictional disclaimers are unenforceable because, among other reasons, (1) they are incompatible with the removal statute, which provides that federal officers and those acting under federal officers have the absolute right to have their federal defenses decided by a federal court, *e.g.*, *Dougherty v. A O Smith Corp.*, 2014 WL 3542243, at *10 (D. Del. July 16, 2014); *Kite v. Bill Van Co.*, 2011 WL 4499345, at *2 (S.D. Ala. Sept. 29, 2011); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1275 (S.D. Fla. 2008), (2) they are incompatible with the 2011 amendment by which Congress relaxed the causal nexus test from a "caused by" to a "relating to" standard and thereby expanded the scope of removable actions, *Zeringue*, 846

---

[13] By Act No. 147, § 1, the Louisiana legislature in 1976 amended La. Rev. Stat. § 23:1032, extending the tort immunity of the LWCA to co-workers, including executive officers.

[14] Exhibit A, Petition, ¶ 17.

F.3d at 793, and they are incompatible with the fundamental principles of solidary obligations that apply in multi-defendant long-latency actions that are governed by Louisiana law.

17.

Removal under 28 U.S.C. § 1442(a)(1) does not require the consent of any served defendant. *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir.1992).

18.

Because this Court has federal officer jurisdiction over at least one of the claims asserted by the plaintiffs, it has supplemental jurisdiction over all of the plaintiffs' claims. 28 U.S.C. § 1367(a); *Savoie*, 817 F.3d at 463.

19.

With this Notice, the Avondale Interests are filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. § 1446(a) & (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, the Avondale Interests hereby give notice that the proceeding bearing No. 2017-4662 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

/s/  Gary A. Lee
GARY A. LEE (#08265), T.A.
RICHARD M. PERLES (#01534)
DARREN M. GUILLOT (# 23109)
**LEE, FUTRELL & PERLES L.L.P.**
201 St. Charles Avenue, Suite 4120
New Orleans, LA 70170
Telephone: (504) 569-1725
Facsimile:  (504) 569-1726
*Counsel for Albert L. Bossier*

*~and~*

BRIAN C. BOSSIER (# 16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (# 26901)
ERIN H. BOYD (#20121)
MICHELLE A. BEATY (#22942)
LAURA M. GILLEN (#35142)
PATRICK K. SHOCKEY (#36021)
**BLUE WILLIAMS, L.L.P.**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3055
*Counsel or Huntington Ingalls Incorporated*

*~and~*

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
ADAM D. DEMAHY (29826)
ademahy@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 701 12
Phone: 504-525-9888
Fax: 504-525-9899
*Counsel for Lamorak Insurance Company*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 19th day of June, 2017.

/s/  Gary A. Lee