FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS 2017 MAY 15 P 1:06

STATE OF LOUISIANA

NO. 2017-4442  SECTION 7  DIVISION " F "

CIVIL DISTRICT COURT

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC.,
f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____   _____
                                   DEPUTY CLERK

## PETITION FOR DAMAGES

**COMES NOW** Petitioner, Robert J. Templet, Sr., by and through undersigned counsel, who respectfully represents as follows:

1. Petitioner Robert J. Templet, Sr. is an adult resident citizen of the State of Louisiana.

2. Made Defendants herein are the following, either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner (also referred to as Plaintiff herein), for the claims asserted herein:

### ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS

1. CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION);
2. EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;
3. FIRST STATE INSURANCE COMPANY, as the insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;
4. GEORGIA-PACIFIC LLC, individually and as successor-in-interest to Georgia-Pacific Corporation;
5. GOULDS PUMPS LLC
6. HOPEMAN BROTHERS, INC.;
7. INTERNATIONAL PAPER COMPANY (*individually and as successor by merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by merger with* UNITED STATES PLYWOOD CORPORATION);
8. LIBERTY MUTUAL INSURANCE COMPANY as the insurer of WAYNE MANUFACTURING COMPANY;
9. McCARTY CORPORATION;
10. MARYLAND CASUALTY COMPANY as the insurer of MARQUETTE INSULATION, INC.;
11. METROPOLITAN LIFE INSURANCE COMPANY;
12. REILLY-BENTON COMPANY, INC.;
13. TAYLOR-SEIDENBACH, INC.;
14. UNION CARBIDE CORPORATION;
15. UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G), as the insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;

1

**EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICERS**

16. AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED;
17. ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.;
18. J.D. ROBERTS, As an Executive Officer of Avondale Industries, Inc.;
19. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the liability insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via service of process by the Direct Action Statute L. R. S. 22:655), which may be served through the Louisiana Secretary of State Tom Schedler at Twelve United Plaza, 8585 Archives Avenue, Baton Rouge, LA 70809;
20. ONEBEACON INSURANCE COMPANY, f/k/a Commercial Union Insurance Company, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655);
21. THE TRAVELERS INSURANCE COMPANY, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655);

3. Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42 because this action is brought in a parish of proper venue as to the Defendants, deceased Executive Officers Henry "Zac" Carter, Hettie Margaret Dawes-Eaves and Edwin Hartzman, who at the time of their deaths were domiciled in Orleans Parish, which is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42; and pursuant to *Dempster v. A.P. Green Industries, Inc.*, 753 So.2d 330 (La. App. 4th 2000) is the domicile of the insurer.

4. Defendants Travelers, OneBeacon and Certain Underwriters at Lloyds are insurance companies authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurers of Deceased Avondale Executive Officers Hartzman, Carter and Dawes-Eaves, all of who were domiciled in Orleans Parish at their respective time of death, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

5. Defendant Maryland Casualty Company as the insurer of Marquette Insulation, Inc. is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times

pertinent herein was the liability insurer of Marquette Insulation, Inc., and Marquette Insulation, Inc. was domiciled in in Orleans Parish at its respective time of dissolution, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

6. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

7. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Eagle, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish (2431 Clio Street, New Orleans, Louisiana 70113).

8. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 74 because wrongful conduct occurred and resultant damages were sustained within Orleans Parish.

9. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Plaintiff's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioner with each of its co-defendants, and defendants Eagle, Inc., Taylor-Seidenbach, Inc., Maryland Casualty Company as the insurer of Marquette Insulation, Inc. and OneBeacon, Travelers and Certain Underwriters at Lloyds as the insurers of the Avondale executive officers named in Paragraph 4, are domiciled in Orleans Parish.

## BACKGROUND

10. Petitioner Robert J. Templet, Sr. suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants, which exposure ultimately resulted in his contraction of malignant mesothelioma. Petitioner Robert J. Templet, Sr. was employed by Avondale Industries, Inc. from 1968 to 2002. While working in Louisiana from 1968 to 2002, Petitioner's work sites, trades and years of exposure to asbestos include, but are not limited to, those identified in Exhibit "A". During the course and scope of his employment as set forth in Exhibit "A", during certain years, Petitioner used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein dangerously high levels of asbestos fibers escaped into the ambient air of the work place, resulting in Petitioner breathing those fibers, subsequently causing the development of diffuse malignant pleural mesothelioma.

11. Before and during Robert J. Templet, Sr.'s exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed in Paragraph 10, where Petitioner was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

12. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

13. Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

14. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 10, Petitioner Robert J. Templet, Sr. contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Robert J. Templet, Sr.'s malignant mesothelioma was diagnosed in or around February 2017.

16. Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, Petitioner has only recently discovered his injuries and not more than one year preceding this filing of this Petition for Damages.

17. Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

18. Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, including but not limited to the Outer Continental Shelf. Specifically, Petitioner does not allege nor will he claim that any asbestos exposure occurred on or arose from activities related to the Outer Continental Shelf.

### NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING AND CONTRACTOR DEFENDANTS

19. The Defendants, CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION), HOPEMAN

4

BROTHERS, INC. and LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Co. were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Exhibit "A", from which Petitioner Robert J. Templet, Sr. was exposed.

20. The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Petitioner Robert J. Templet, Sr. in the following manner:

a. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l. failure to inform Petitioner Robert J. Templet, Sr. of the need for adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Petitioner Robert J. Templet, Sr.'s clothing; and

5

  m.  failure to inform or warn Petitioner Robert J. Templet, Sr. of the hazards of asbestos exposure; and,

21. The use of defendants' products and asbestos-containing equipment, negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

22. Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

## STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS

23. The Defendants GEORGIA-PACIFIC LLC, individually and as successor-in-interest to Georgia-Pacific Corporation and GOULDS PUMPS LLC were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Exhibit "A", from which Petitioner Robert J. Templet, Sr. was exposed.

24. The Defendant GOULDS PUMPS LLC manufactured, rebranded, distributed, sold and otherwise placed into the stream of commerce various asbestos-containing products, including, but not limited to, asbestos-containing pumps, asbestos-containing valves, asbestos-containing turbines, asbestos-containing boilers and furnaces, asbestos-containing compressors, asbestos-containing braking systems for vehicles, asbestos-containing brake assemblies, asbestos-containing brake linings, asbestos-containing clutch assemblies and other asbestos-containing materials. Defendants asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, brake assemblies and clutch assemblies and other equipment contained, among other things, asbestos-containing gaskets, asbestos-containing packing, asbestos-containing brakes, asbestos-containing clutches, asbestos-containing cloth, asbestos-containing block, asbestos-containing pipe insulation, asbestos-containing refractory, asbestos-containing blankets and/or asbestos-containing board when sold, which were designed, expected and intended to wear out and be replaced on a regular basis during the lifetime of the equipment. Furthermore, Defendants knew, expected and intended that the asbestos-containing components of its pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment were designed, expected and

6

intended to wear out and be replaced during the useful lifetime of these pumps, valves, turbines, furnaces, compressors, vehicles, braking systems and other equipment and would be replaced with additional asbestos-containing replacement parts and that the hazards attendant with working with or around the asbestos-containing replacement parts would be identical to those of working with the original parts. Finally, Defendants profited from selling asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment that were designed to outlive the first asbestos-containing gaskets, packing, blankets, cloth, thermal insulation, refractory, boards, brake and clutch linings that were provided with them. That is, by designing and manufacturing a piece of equipment whose body, engine and braking systems (and other components) were designed and constructed to outlive the first set of asbestos-containing gaskets, packing, blankets, cloth, thermal insulation, refractory, boards, brake and clutch linings supplied with the piece of equipment, the defendants were able to sell their asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment for far more money and profit than they would have been able to sell a pump, valve, turbine, boilers, furnaces, compressors, vehicles, braking system or other equipment that only lasted as long as the first set of asbestos-containing gaskets, packing, blankets, cloth, boards, brake and clutch linings. Additionally, the Defendants' insured against the dangers of the expected and intended uses of their asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, brake assemblies, clutch assemblies and other equipment, including but not limited to the dangers at issue in this case.

25. The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner who was an intended and foreseeable user and bystander who was exposed to these asbestos products or asbestos-containing equipment. These defects include, without limitation, the following:

   a. the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

   b. the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

   c. lack of warning or of sufficient warning of the hazards these products would present in

7

the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

n. overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants; and

o. liability to Petitioner in strict liability for things in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

26. The defective conditions of defendants' products and asbestos-containing equipment and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

27. Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

### STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER, AND CONTRACTOR DEFENDANTS

28. As to INTERNATIONAL PAPER COMPANY (*individually and as successor by merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by merger with* UNITED STATES PLYWOOD CORPORATION), MARYLAND CASUALTY COMPANY as the insurer of

8

MARQUETTE INSULATION, INC., McCARTY CORPORATION, REILLY-BENTON COMPANY, INC., TAYLOR-SEIDENBACH, INC. and UNION CARBIDE CORPORATION, Petitioner asserts causes of action in strict liability for the manufacture and sale of unreasonably dangerous asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

29. As to the Defendants listed in Paragraph 28, Petitioner asserts causes of action in negligence for the sale and supply of asbestos and asbestos-containing products and failure to warn, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

30. As to the Defendants listed in Paragraph 28, Petitioner asserts causes of action in strict products liability as the commercial supplier of asbestos and asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

31. As to the Defendants listed in Paragraph 28, Petitioner asserts causes of action in negligence for the lack of reasonable care in the handling, use, installation and removal of asbestos-containing products in the vicinity of Petitioner and failure to warn, and strict *garde* liability for damages caused by products within their care, custody, and control, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

32. The Defendants listed in Paragraph 28 sold asbestos-containing insulation and building products to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the plaintiff's exposure period from the late 1960s through at least the late 1970's. They knew or should have known they were selling unreasonably dangerous products and failed to warn about those dangers. In addition, these Defendants were and are liable as a "professional vendor" of asbestos-containing products. In addition, these Defendants are liable for "manufacturing" asbestos containing products, including pipe insulation, cement, gaskets, blankets and fittings, marinite/micarta "sandwich" boards, which they sold to, or used during insulation or other contract work performed at, Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from the late 1960s through at least the late 1970s. Petitioner was exposed to said products. Said products were unreasonably dangerous *per se*, unreasonably dangerous in normal use, and dangerous in design or composition. In addition, said products were unreasonably dangerous because these Defendants failed to properly warn workers, including Petitioner, of those dangers. In addition, the owners and operators of Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the exposure period from the late 1960s through at least the late 1970s contracted with one or more of these Defendants to perform insulation or other contracting work, involving the installation, removal, handling and/or manipulation of

asbestos-containing material. Said insulation work had the direct result of releasing into the workplace atmosphere, within Petitioner's breathing zone, dangerous levels of asbestos dust and fibers. Consequently, Petitioner was exposed to, and inhaled, said asbestos dust and fibers, sustaining injury to his lungs, culminating in development of mesothelioma. These Defendants were negligent in failing to isolate their work activities involving asbestos, not warning bystanders regarding the dangers of inhaling asbestos dust, and not using proper administrative and engineering controls, such as proper ventilation and wet-down techniques, to minimize and/or eliminate asbestos exposure suffered by bystander employees, including Petitioner. In addition, these Defendants held out to the public, by their representations and packaging, including the use of boxes, cartons or bags bearing the name or logo of their company, that they were the manufacturers of the asbestos-containing products which they sold to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from the late 1960s through at least the late 1970s. Consequently, under Louisiana law, these Defendants are deemed to be "manufacturers" of the asbestos-containing products they sold, and are strictly liable for the injury they caused to Petitioner.

33. The asbestos-containing products manufactured, distributed, and/or sold by these Defendants were unreasonably dangerous in normal use, were defective in design or composition, were dangerous *per se* and/or were dangerous because of a lack of a proper warning regarding their dangers. In addition, these Defendants made various representations and warranties regarding the safety, efficacy or desirability of using their asbestos-containing products. These Defendants are liable for breaching these warranties because, in fact, their asbestos-containing products are extremely dangerous and are not particularly useful due to the availability of asbestos-free substitute products. Further, these Defendants failed to properly warn the Petitioner of the dangers associated with the use of such products, including the risk of developing mesothelioma, cancer and other lung diseases.

34. These Defendants are strictly liable for manufacturing and selling dangerous and defective products. Alternatively, they are liable for their negligence in manufacturing and selling dangerous and defective asbestos-containing products and for failing to properly warn regarding their dangers.

35. As a result of the defective and unreasonably dangerous condition, design and composition of the asbestos-containing product manufactured, distributed and/or sold by these Defendants, the Petitioner, was exposed to and caused to inhale, during the Petitioner's exposure period from the late 1960s through at least the late 1970s dangerous amounts of asbestos dust and fibers. As a direct result, he developed mesothelioma from which he currently suffers.

36.     The aforementioned acts and omissions of the defendants, for which they are solidarily and jointly liable, under a strict liability or negligence standard, proximately caused the Petitioner's injuries, damages and losses.

### NEGLIGENCE ACTION AGAINST AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, AND ITS EXECUTIVE OFFICERS

37.     Plaintiff was exposed to asbestos-containing products directly from AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, from approximately 1968 through at least 1979. Plaintiff's exposure to asbestos products occurred without fault on his part. Petitioner hereby alleges that AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers, **John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr., C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo** are liable for injuries, as alleged, arising out of the negligent conduct of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its corporate executive officers as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

38.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos from Avondale Shipyards, Inc., Petitioner has received injuries, both physically and mentally, including, without limitation, all of the ramifications of malignant mesothelioma.

39.     AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Plaintiff in the following:

        a.     failed to provide the Petitioner with a safe work environment;

        b.     failed to provide the Petitioner with safety equipment;

        c.     failed to provide the Petitioner with correct, adequate, or proper safety equipment;

        d.     recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and

with regard to those specific hazards at the work site;

e. recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

f. failed to timely remove asbestos hazards from the work place;

g. failed to properly supervise or monitor the work areas for compliance with safety regulations;

h. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

i. failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of Petitioner.

40. The above-described negligence, fault, and willful misconduct of these defendants were a proximate cause of the Petitioner's injuries.

41. At all times throughout Robert J. Templet, Sr.'s exposure to asbestos present and used within AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED's facilities, AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

42. At all material times herein, **John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr., C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo** were executive officers of Huntington Ingalls, Inc. f/k/a Northrop Grumman Shipbuilding, Inc. (formerly Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc. and formerly Avondale Shipyards, Inc.) (hereinafter sometimes "Avondale" or "Avondale Industries, Inc.") with the specific responsibility for the

12

health and safety of Mr. Robert J. Templet, Sr. and his fellow employees during the time they were exposed to substances which resulted in Plaintiff's mesothelioma and other ill effects related thereto. Pursuant to Louisiana Revised Statute 22:655, plaintiff herein asserts a direct action against Travelers, One Beacon America Insurance Company (as successor to Commercial Union Insurance Company) and/or Lloyd's, who, at all times material herein, were the insurance carriers covering **John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr., C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo. John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr., C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo** and Avondale were also insured by American Motorists Insurance Company (hereinafter referred to as "AMICO") for the liability asserted herein.

43. Under a "buy-back" contract and agreement between Northrop Grumman Shipbuilding, Inc. (Formerly, Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc., formerly Avondale Shipyards, Inc.) and American Motorists Insurance Company (currently in receivership) ("AMICO"), the Petitioner asserts an action against Avondale pursuant to La. Civil Code articles 1821-1823 because Avondale "bought-back" from AMICO the liability for successful claims against the Avondale executive officers named in this Petition, and Petitioner asserts a claim against Avondale for this liability pursuant to a buy-back contract and agreement.

44. On or about October 2004, Avondale Shipyards and AMICO entered into a written agreement that purported to fully and finally release AMICO from its obligation to pay third-party claims under certain liability insurance policies. These insurance policies had been in effect during the relevant time of tortious exposure to asbestos at Avondale Shipyards, as described supra. In exchange for the full and final release, Avondale Shipyards accepted policy proceeds sufficient to exhaust the policies and prevent Plaintiffs, including Robert J. Templet, Sr., from making a claim against the policies. Petitioner was a third party beneficiary to these liability insurance policies, which were issued by AMICO to Avondale and its executive officers and other employees to provide coverage for the types of claims at issue in this lawsuit. The agreement described herein unconstitutionally divested Petitioner of his substantive property right to pursue the liability insurers of his tortfeasor, after his asbestos exposure claims had accrued. AMICO is now in receivership and unavailable to Petitioner. Based on these

allegations, Petitioner alleges a claim against Avondale Shipyards under Articles 1821, et seq. of the Louisiana Civil Code.

**INSURANCE ALLEGATIONS**

45. Defendant LIBERTY MUTUAL INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Wayne Manufacturing Company, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant LIBERTY MUTUAL INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

46. Defendant FIRST STATE INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Eagle, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant FIRST STATE INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

47. Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G), on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Eagle, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G) is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

48. Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

49. Defendant ONEBEACON AMERICA INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such,

Defendant ONEBEACON AMERICA INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

50. Defendant TRAVELERS CASUALTY AND SURETY COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant TRAVELERS CASUALTY AND SURETY COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269)

51. Defendant MARYLAND CASUALTY COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Marquette Insulation, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant MARYLAND CASUALTY COMPANY is directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 51, Petitioner requests that defendants be served with this petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioner for the following:

a. all past, present and future medical costs or expenses related thereto;

b. all past, present and future lost earnings;

c. all past, present and future mental suffering, anguish, pain and suffering;

d. all past, present and future physical pain and suffering;

e. loss of quality of life; and

f. Past, present, and future disability.

**WHEREFORE** Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

Respectfully submitted,

LANDRY & SWARR, LLC

FRANK J. SWARR, Bar No. 23322
MICKEY P. LANDRY, Bar No. 22817
PHILIP HOFFMAN, Bar No. 32277
MATTHEW CLARK, Bar No. 31102
AMANDA BALLAY, Bar No. 28630
1010 Common Street, Suite 2050

15

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

and

**THE NEMEROFF LAW FIRM**
*A Professional Corporation*

JEFFREY A. O'CONNELL, Bar No. 30282
RYAN P. PHILLIPS, Bar No. 36924
2626 Cole Avenue, Suite 450
Dallas, Texas 75204
Telephone: (214) 774-2258
Facsimile: (214) 393-7897

COUNSEL FOR PLAINTIFF

**PLEASE SERVE THE FOLLOWING:**

1. CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
   A Delaware Corporation
   Through its registered agent:
   Corporation Service Company
   320 Somerulos St.
   Baton Rouge, LA 70802

2. CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
   Through the Louisiana Long Arm Statute:
   CBS Headquarters
   51 W. 52nd Street
   New York, NY 10019-6188

3. EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
   Through its agent for service of process:
   Susan B. Kohn
   1100 Poydras Street
   30th Floor
   New Orleans, LA 70163

4. FIRST STATE INSURANCE COMPANY, as the insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
   Through the Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

5. GEORGIA-PACIFIC LLC, individually and as successor-in-interest to Georgia-Pacific Corporation
   Through its agent for service of process:
   C.T. Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

6. GOULDS PUMPS LLC
   Through its agent for service of process:
   C.T. Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

7.  HOPEMAN BROTHERS, INC.
    A Delaware Corporation
    Through the Secretary of State:
    C.T. Corporation System
    4701 Cox Road, Suite 285
    Glen Allen, VA 23060

8.  HOPEMAN BROTHERS, INC.
    A Delaware Corporation
    Through the Louisiana Long Arm Statute:
    435 Essex Ave.
    Waynesboro, VA 22980

9.  INTERNATIONAL PAPER CO. F/K/A CHAMPION INTERNATIONAL F/K/A US
    PLYWOOD, A non-Louisiana company
    Through its registered agent:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge LA 70816

10. LIBERTY MUTUAL INSURANCE COMPANY, As the insurer of Wayne Manufacturing Company
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

11. MARYLAND CASUALTY COMPANY
    As the insurer of MARQUETTE INSULATION, INC.
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

12. McCARTY CORPORATION
    A Louisiana Corporation
    Through its registered agent:
    Paul H. Spaht
    445 North Blvd., Suite 300
    Baton Rouge, LA 70802

13. METROPOLITAN LIFE INSURANCE COMPANY
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

14. REILLY-BENTON COMPANY, INC.
    A Louisiana Corporation
    Through its registered agent:
    Thomas Cougill
    Willingham, Fultz & Cougill
    8550 United Plaza Blvd., Suite 702
    Baton Rouge, LA 70809

15. TAYLOR-SEIDENBACH, INC.
    A corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana
    Through its registered agent:
    Robert I. Shepard
    731 South Scott Street
    New Orleans, Louisiana 70119

16. UNION CARBIDE CORPORATION
    Through its registered agent:
    C.T. Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

17. UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G), as the insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

18. HUNTINGTON INGALLS INCORPORATED f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. f/k/a AVONDALE INDUSTRIES, INC.
    Through its registered agent:
    C.T. Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

19. ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.
    Through Brian C. Bossier
    Blue Williams LLP
    3421 N. Causeway Boulevard, Ninth Floor
    Metairie, LA 70002

20. J.D ROBERTS, As an Executive Officer of Avondale Industries, Inc.
    Through R. Dean Church
    Law Offices of R. Dean Church
    14236 Highway 90
    Boutte, LA 70039

21. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the liability insurers of the Following Executive Officers of Avondale Industries, Inc.: James Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via service of process by the Direct Action Statute L. R. S. 22:655)
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

22. ONEBEACON INSURANCE COMPANY, f/k/a Commercial Union Insurance Company, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655)
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

23. THE TRAVELERS INSURANCE COMPANY, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655)
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

## PLAINTIFF'S ORIGINAL PETITION
## EXHIBIT "A"

| | |
|---|---|
| Plaintiff: | Robert J. Templet, Sr. |
| Address: | 5728 Fourth Street<br>Marrero, Louisiana 70072 |
| Plaintiff's SSN: | xxx-xx-1383 |
| Disease: | Asbestos-related malignant mesothelioma |
| Work History: | Jobsites and employers are not all inclusive, and Petitioner reserves the right to amend this Exhibit after further discovery is completed. Dates are best approximations: |

| EMPLOYER | SITE | CRAFT | YEARS |
|---|---|---|---|
| Avondale Shipyards, Inc. | Avondale Shipyard – Bridge City, LA | Laborer | 1968 - 2002 |