CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-4662                    DIVISION "F"                    SECTION: 7

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., ET AL

FILED: _____        _____
                                              DEPUTY CLERK

### EXCEPTIONS AND ANSWER

Eagle, Inc., responds to plaintiff's petition for damages in the captioned matter as follows:

#### EXCEPTION OF IMPROPER VENUE

Out of an abundance of caution, Eagle pleads the declinatory exception of improper venue.

#### EXCEPTION OF LIS PENDENS

Out of an abundance of caution, Eagle pleads the declinatory exception of lis pendens pursuant to the Louisiana Code of Civil Procedure Article 925(3).

NOW, Eagle pleads the following affirmative defenses:

1.

If plaintiff sustained physical injury or disability as alleged, it is the result of his own negligence, said acts of negligence consisting of, but not limited to the following: (1) failing to wear or use protective equipment; (2) failing to properly maintain his protective equipment; (3) failing to adhere to warning labels contained on product; (4) failing to take obvious precautions dictated by reason and common sense under the circumstances; (5) failing to use the products in the manner intended; (6) other acts of negligence to be established at the time of the trial.

2.

If this Court should find negligence on the part of this defendant, which is specifically denied, then plaintiff's recovery should be completely and entirely barred by plaintiff's full and complete acts of negligence which are solely responsible for his damages.

3.

Defendant specifically denies that plaintiff ever used products supplied or installed by it and further denies that plaintiff was in proximity to products supplied or installed by this defendant.

4.

If plaintiff did sustain injuries or damages, which is specifically denied, they are the result of negligence or fault on the part of others for whom this defendant had no responsibility or control.

5.

Defendant contends that it is entitled to a reduction in the amount for which it may ultimately be held liable in judgment to the plaintiff or to any co-defendants, which liability is denied, to the full extent of any and all of those parties released herein, commensurate with the responsibility under the laws of indemnity, comparative negligence and/or contribution.

6.

In the further alternative, and only in the event plaintiff should effect recovery herein against this defendant, plaintiff's claims against it should be barred, or in the alternative, reduced in proportion to the degree or percentage of negligence of fault attributable to plaintiff and any third person.

7.

In the further alternative, should Louisiana Products Liability law be applicable, defendant specifically avers that this matter is governed by La. R.S. 9:2800.51 - 2800.59, the "Louisiana Products Liability Act."

8.

Defendant asserts the debt, and all liability asserted in plaintiff's petition and any and all supplemental petitions, has been extinguished, discharged and/or released.

9.

In the further alternative, plaintiff failed to mitigate his damages, if any.

10.

Plaintiff's claims are prescribed or perempted.

11.

Louisiana Revised Statute 9:2771 immunizes contractors against claims arising out of "destruction, deterioration, or defects" in work constructed or under construction.

12.

This defendant further adopts all affirmative defenses, if any, not specifically forth in this answer but asserted by any other defendant in this case.

13.

Defendant denies the existence or breach of any warranties, express or implied.

14.

Alternatively, if any injuries or illnesses were sustained by the plaintiff, which are denied, such illnesses resulted from conditions, hazards, or dangers that were not known to this defendant, and which should not have or could not have been known by this defendant at the time of the plaintiff's exposure to those products which are alleged to have caused the plaintiff's injuries or illnesses.

15.

In the alternative, the defendant avers that if the Louisiana Products Liability Act is applicable, then the defendant urges that at the time this defendant actually allegedly distributed, sold, manufactured, and/or installed any asbestos-containing product, the existence of an alternative design for that product was not known or knowable to this defendant, based on the then-existing and reasonably available scientific and/or technical knowledge.

16.

In the alternative, the defendant specifically invokes the "state of the art" defense.

17.

Defendant asserts that plaintiff's claims are barred by the doctrine of confusion.

NOW, Eagle in answer to the allegations of plaintiff's petition, with respect represents:

1.

The allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraphs 10, 11, 12, 13, 14, 15, 16, 17 and 18 to the extent directed to Eagle are denied. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraphs 19, 20, 21, 22, 23, 24, 25, 26 and 27 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraphs 28, 29, 30, 31, 32, 33, 34, 35 and 36 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 are denied for lack of sufficient information to justify a belief therein.

WHEREFORE, defendant, Eagle, Inc., prays for judgment herein in its favor and against plaintiff, dismissing plaintiff's demands, with prejudice, at plaintiff's costs.

Respectfully submitted,

_____
Susan B. Kohn (#14501)
Douglas R. Kinler (#24143)
Louis O. Oubre (#25202)
SIMON, PERAGINE, SMITH & REDFEARN
30th Fl. - Energy Centre - 1100 Poydras Street
New Orleans, Louisiana 70163-3000
(504) 569-2030
Attorneys for Eagle, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid and/or via e-mail, to each of them at their respective offices on this 26th day of MAY, 2017.

_____

\\fs1\docs\Clients\014272\3262\00475306.DOCX

00475306-1                                  5

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-4662  DIVISION "F"  SECTION: 7

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., ET AL

FILED: _____  _____
                                 DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE

**NOW INTO COURT,** through undersigned counsel, comes defendant, Eagle, Inc., who in accordance with the provisions of Article 1572 of the Louisiana Code of Civil Procedure, hereby requests that you send to undersigned counsel by mail, at least ten (10) days in advance, written notice of all dates fixed for any trial or hearings in this case, whether on exceptions, rules or merits thereof.

Further, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby requested to send by mail prompt written notices of the rendition and signing of any judgments or orders in this case.

Respectfully submitted,

_____
Susan B. Kohn (#14501)
Douglas R. Kinler (#24143)
Louis O. Oubre (#25202)
SIMON, PERAGINE, SMITH & REDFEARN, LLP
30th Floor, Energy Centre, 1100 Poydras St.
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Facsimile: (504) 569-2999

*Attorneys for Eagle, Inc.*

00475302-1

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid and/or via e-mail, to each of them at their respective offices on this 26th day of May, 2017.

_____