CIVIL DISTRICT COURT

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2017-04662                    DIVISION: F                    SECTION: 07

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., f/k/a NORTHROP GRUMMAN SHIP SYSTEMS,
INC. n/k/a HUNTINGTON INGALLS INCORPORATED, *et al.*

FILED:_____          _____
                                                                    DEPUTY CLERK

GOULDS PUMPS LLC'S ANSWER AND EXCEPTIONS TO
PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant Goulds Pumps

LLC ("Goulds"), who excepts to Plaintiff's Petition ("Petition") as follows:

EXCEPTIONS

1.

PRESCRIPTION

Pursuant to Louisiana Code of Civil Procedure article 927(A) (1), Goulds asserts the

peremptory exception of prescription.

2.

VAGUENESS AND AMBIGUITY

Pursuant to Louisiana Code of Civil Procedure article 926(A) (5), Goulds asserts the

dilatory exceptions of vagueness and ambiguity.   Goulds asserts that Plaintiff's Petition is

impermissibly vague and ambiguous.   Specifically, the petition fails to identify a particular

product or products allegedly manufactured or distributed by Goulds and/or a location where

their use occurred which allegedly contributed to Plaintiff's purported injuries.

3.

NO CAUSE OF ACTION

Pursuant to Louisiana Code of Civil Procedure article 927(A) (5), Goulds asserts the

peremptory exception of no cause of action.   Plaintiff has failed to plead facts sufficient to give

rise to a cause of action against Goulds.   Further, Plaintiff has no cause of action to recover

attorney fees against Goulds.

1

4.

## NO CAUSE OF ACTION FOR PUNITIVE DAMAGES

Goulds asserts the exception of no cause of action for punitive damages. Louisiana Code of Civil Procedure Article 2315.3 was enacted and effective September 4, 1984, and was repealed effective April 16, 1996. To the extent that the Plaintiff's cause of action arose before the effective date or after the repeal date of the punitive damages statute, Plaintiff has no cause of action for punitive damages.

Goulds reserves the right to amend and/or supplement the foregoing exceptions.

### VENUE

Plaintiff's petition was not filed in the proper venue.

### ANSWER

NOW INTO COURT, through undersigned counsel, comes Goulds to answer the Plaintiff's Petition for Damages ("Petition").

### FIRST DEFENSE

Plaintiff's Petition fails to state a right or cause of action upon which relief can be granted.

### SECOND DEFENSE

The claims asserted by Plaintiff have prescribed.

### THIRD DEFENSE

And now, further answering the allegations contained in the Petition, Goulds avers as follows:

### ORIGINAL PETITION FOR DAMAGES AND BACKGROUND ALLEGATIONS

1-18.

Except to admit that it is a non-Louisiana company that can be served via CT Corporation System, Goulds denies the allegations contained in Paragraphs 1-18 of the Petition, and all of their subparts, for lack of information sufficient to support a belief as to the truth thereof.

### NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING AND CONTRACTOR DEFENDANTS

19-22.

The allegations contained in Paragraphs 19 through 22 of the Petition and all of their subparts are explicitly denied to the extent that they pertain to Goulds. All other allegations

contained in Paragraphs 19 through 22 and all of their subparts are denied for lack of information sufficient to justify a belief as to the truth thereof.

## STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, MANUFACTURING AND EQUIPMENT DEFENDANTS

### 23-27.

The allegations contained in Paragraphs 23 through 27 of the Petition and all of their subparts are explicitly denied to the extent that they pertain to Goulds. All other allegations contained in Paragraphs 23 through 27 and all of their subparts are denied for lack of information sufficient to justify a belief as to the truth thereof.

## STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER AND CONTRACTOR DEFENDANTS

### 28-36.

The allegations contained in Paragraphs 28 through 36 of the Petition and all of their subparts do not appear to pertain to Goulds, and therefore no response is required. In an overabundance of caution, and to the extent a response is deemed necessary, the allegations contained in Paragraphs 28 through 36 are denied for lack of information sufficient to justify a belief as to the truth thereof. Goulds further denies all allegations for any and all cross-complaints, cross-actions, and third-party complaints filed against it by any other defendant in this case, or which may be filed against it by such other defendants or additional parties in the future, and states that it is not liable to any party in this case.

## NEGLIGENCE ACTION AGAINST AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, AND ITS EXECUTIVE OFFICERS

### 37-44.

The allegations contained in Paragraphs 37 through 44 of the Petition and all of their subparts do not appear to pertain to Goulds, and therefore no response is required. In an overabundance of caution, and to the extent a response is deemed necessary, the allegations contained in Paragraphs 37 through 44 are denied for lack of information sufficient to justify a belief as to the truth thereof. Goulds further denies all allegations for any and all cross-complaints, cross-actions, and third-party complaints filed against it by any other defendant in this case, or which may be filed against it by such other defendants or additional parties in the future, and states that it is not liable to any party in this case.

## INSURANCE ALLEGATIONS

45-51.

The allegations contained in Paragraphs 45 through 51 of the Petition and all of their subparts do not appear to pertain to Goulds, and therefore no response is required. In an overabundance of caution, and to the extent a response is deemed necessary, the allegations contained in Paragraphs 45 through 51 are denied for lack of information sufficient to justify a belief as to the truth thereof. Goulds further denies all allegations for any and all cross-complaints, cross-actions, and third-party complaints filed against it by any other defendant in this case, or which may be filed against it by such other defendants or additional parties in the future, and states that it is not liable to any party in this case.

**FOURTH DEFENSE**

No conduct on the part of Goulds was a substantial factor in causing or contributing to any alleged illness or injury to Robert Templet ("Plaintiff").

**FIFTH DEFENSE**

Further in the alternative, Goulds avers as a separate and complete defense that Goulds complied, at all times, with applicable laws, regulations, and statutes.

**SIXTH DEFENSE**

Further in the alternative, Goulds avers that Plaintiff's claims are barred by the doctrine of assumption of risk.

**SEVENTH DEFENSE**

Further in the alternative, Goulds avers as a separate and complete defense that if it is found that Plaintiff was injured, which is denied, said injury was caused solely by Plaintiff's own negligence by for which he can have no recovery herein.

**EIGHTH DEFENSE**

Further in the alternative, Goulds avers as a separate and complete defense that if it is found that Plaintiff was injured, which is denied, and the injury complained of was caused or contributed to by the negligence of Plaintiff, then Goulds specifically pleads such contributory negligence of the Plaintiff as part of this action, and is entitled to have any award due to Plaintiff mitigated or reduced accordingly. Acts of contributory negligence in which Plaintiff was engaged include, but are not limited to, the following:

    a.  Failure to use care for his zone of safety;

    b.  Failure to properly use safety equipment provided to him;

4

c.  Failure to follow instructions given to him for the use, care and maintenance of the products furnished to him, if any;

d.  Failure to properly maintain products, if any, furnished to him; and

e.  Any and all other acts of negligence to be proven at trial.

## NINTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that Plaintiff's employers and their agents, servants, employees or directors failed to act in a manner consistent with the employers' non-delegable duties as established by the Occupational Safety and Health Act ("OSHA"), thereby proximately causing any injury claimed by Plaintiff in this case. Such failure on part of these employers includes, but is not limited to, the following list:

a.  Failure to adequately train Plaintiff on how to safely utilize equipment or to work around certain potentially hazardous operations as an ordinary prudent employer would have done in like circumstances;

b.  Failure to adequately disseminate product information as to safe use of equipment as an ordinary prudent employer would have done in like circumstances;

c.  Failure to provide proper filtering and monitoring devices for air-fed respiratory equipment;

d.  Failure to timely establish a written respiratory program;

e.  Failure to provide properly-trained supervisors for Plaintiff's work crews;

f.  Failure to provide appropriate ventilation equipment and respiratory equipment;

g.  Failure to provide the Plaintiff orders and directions regarding asbestos that may have been in his work area; and

h.  Failure to disallow numerous other asbestos products to be used by Plaintiff and others in his work area in an amount so as to create a condition of danger for Plaintiff.

## TENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that any illness or injury from which Plaintiff may have suffered is a result of independent, intervening or superseding acts of God or others over whom Goulds had no control or responsibility. Such intervening cause or causes bar, or in the alternative reduce, any recovery to which Plaintiff might otherwise be entitled.

## ELEVENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that in the event Goulds is found liable for the claims asserted, which is denied, Goulds is entitled to indemnification or contribution from any party or parties who manufactured, sold, installed, supplied and/or owned products to which Plaintiff claims exposure; any party that employed the plaintiff; any party on whose premises the Plaintiff performed work; and/or any other responsible party.

## TWELFTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that Plaintiff's exposure to asbestos, if any, was *de minimus* and insufficient to cause any alleged injury, damage or loss to Plaintiff.

## THIRTEENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that the risk of harm that Plaintiff alleges was not known or reasonably knowable by Goulds at the time of the alleged exposure(s). As such, any risk of harm was not reasonably foreseeable and Goulds should not be held liable for Plaintiff's damages, if any.

## FOURTEENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that Plaintiff was never exposed to any asbestos from a product manufactured, supplied and/or distributed by Goulds.

## FIFTEENTH DEFENSE

Further in the alternative, Goulds avers that at all times, Goulds acted with due care and if Goulds owed any duty to Plaintiff, which is specifically denied, Goulds discharged that duty.

## SIXTEENTH DEFENSE

Further in the alternative, Goulds avers that Plaintiff already have been fully compensated for any illness or injury Plaintiff may have contracted or sustained.

## SEVENTEENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that Plaintiff failed to mitigate their damages.

## EIGHTEENTH DEFENSE

Further in the alternative, Goulds avers that Plaintiff's injuries, if any, were sustained in the ordinary course and scope of his employment.

## NINETEENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that Plaintiff's claims are barred by *lis pendens*.

## TWENTIETH DEFENSE

Further in the alternative, Goulds affirmatively asserts the statute of limitations and/or repose as a bar to Plaintiff's claims and causes of action and that such claims have now prescribed under law.

## TWENTY-FIRST DEFENSE

Further in the alternative, Goulds avers that Plaintiff have failed to join as necessary and indispensable parties all of the manufacturers, distributors, suppliers, subcontractors, and other persons, firms corporations, associations, and groups which provided asbestos, asbestos-related products, or other harmful toxins, or which used such products in the vicinity of Plaintiff, thereby causing or substantially contributing to Plaintiff's alleged injuries. Plaintiff's failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit. Plaintiff's failure to join other necessary and indispensable parties subjects Goulds to the substantial risk of incurring double, multiple, or otherwise inconsistent obligations for the damages claimed by Plaintiff.

## TWENTY-SECOND DEFENSE

Further in the alternative, Goulds avers that it is entitled to a credit on any judgment for the liability of any party or non-party, whether solvent or bankrupt, and is entitled to have the fault of all potentially responsible individuals, whether parties or not, quantified.

## TWENTY-THIRD DEFENSE

Further in the alternative, Goulds avers that Plaintiff's employers were reasonably and adequately warned of alleged risks associated with some asbestos products and had actual, constructive or imputed knowledge thereof.

## TWENTY-FOURTH DEFENSE

Further in the alternative, Goulds avers that the products, if any, to which Plaintiff was allegedly exposed were not defective in light of the research, scientific and/or technical information then available to and discovered by Goulds as the existing "state of the art".

## TWENTY-FIFTH DEFENSE

Further in the alternative, Goulds denies the plaintiff sustained any injury or illness which was caused or produced by any products manufactured, designed, distributed or purchased by Goulds, and if these products were the proximate cause of Plaintiff's injuries, then Goulds, like Plaintiff, is entitled to a warranty from manufacturers that the product was at all times safe for use and that they were distributed with proper safety warnings.

### TWENTY-SIXTH DEFENSE

Further in the alternative, Goulds denies that it is jointly and severally liable in solido with any other party, and denies that it is liable for the fault of any other party, named or unnamed.

### TWENTY-SEVENTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that the Plaintiff's causes of action are barred by the risk/utility doctrine.

### TWENTY-EIGHTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that the causal connection between Goulds and any injuries sustained by the Plaintiff is too remote, indefinite, and speculative to serve as a basis of recovery against Goulds.

### TWENTY-NINTH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that the Plaintiff's alleged injuries did not occur as a result of exposure to asbestos, but were proximately caused by other medical conditions, including but not limited to health conditions related to tobacco use.

### THIRTIETH DEFENSE

Further in the alternative, Goulds avers as a separate and complete defense that if Plaintiff was exposed to any product manufactured, distributed or sold by Goulds, which is specifically denied, then any alleged injuries resulted solely and proximately from the misuse and/or alteration of such product by the Plaintiff.

### THIRTY-FIRST DEFENSE

Further in the alternative, in the event that Goulds is found responsible in any way to Plaintiff, which is specifically denied, it is entitled to have the fault of Plaintiff; Plaintiff; all named defendants, including those who have settled with Plaintiff prior to judgment; and other

persons, entities, and parties allocated, and any amounts found owing to Plaintiff reduced to the extent of the apportionment of such fault to Plaintiff and/or other persons, entities, an/or parties.

### THIRTY-SECOND DEFENSE

Further in the alternative, to the extent Plaintiff's claimed exposure to asbestos materials, if any, occurred during any stage of the performance of a military or government contract, or pursuant to any military or government contract, or pursuant to any military or government specifications, then the materials Goulds provided were provided in accordance with reasonably precise specification of the United States Government, and Goulds and/or its agents made all disclosures necessary to avail itself of the military and/or government contractor's defense, which operates to grant immunity to this defendant.

### THIRTY-THIRD DEFENSE

Further in the alternative, Goulds avers that with regard to any products Goulds manufactured and sold to the United States government and its agencies in accordance with government-mandated standards and/or specifications, the U.S. government and its agencies had knowledge as to any possible health hazards from use of such products that was equal to or superior to that of Goulds. Therefore, Goulds is immune from any liability that exists in favor of the U.S. government or its agencies.

### THIRTY-FOURTH DEFENSE

Further in the alternative, Goulds avers that any product or products alleged by Plaintiff to have caused Plaintiff's injuries were manufactured, installed, used or distributed in compliance with all applicable health and safety statutes and regulations.

### THIRTY-FIFTH DEFENSE

Further in the alternative, Goulds avers that the Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### THIRTY-SIXTH DEFENSE

Goulds asserts the affirmative defense of accord and satisfaction.

### THIRTY-SEVENTH DEFENSE

Further in the alternative, Goulds avers that recovery is barred, in whole or in part, to the extent that there are numerous intervening or superseding causes of the injuries alleged in the Petition.

### THIRTY-EIGHTH DEFENSE

9

Further in the alternative, Goulds avers that the conduct allege in the Petition does not constitute a proximate cause of the purported injuries alleged in the Petition.

## THIRTY-NINTH DEFENSE

Goulds denies each and every fact set forth in the Petition that is not expressly admitted herein. Goulds raises and adopts by reference, as if copied *in extenso*, any and all affirmative defenses raised by other defendants hereto to the extent that such exceptions are not inconsistent with the pleadings herein..

## FORTIETH DEFENSE

Goulds denies each and every fact set forth in the Petition that is not expressly admitted herein

**WHEREFORE**, defendant, Goulds Pumps LLC, prays that this, its Answer, be deemed good and sufficient and that, after due proceedings be had, there be a judgment in favor of Goulds dismissing the Petition, with prejudice, and at Plaintiff's cost. Goulds further prays for any and all other general and equitable relief.

Respectfully Submitted,

LAUREN A. McCULLOCH (#33973)
MITCHELL F. TEDESCO (#37326)
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
TEL: (713) 890-5467
FAX: (713) 890-5001
E-Mail: lmcculloch@morganlewis.com
*Attorneys for Goulds Pumps LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on June 1, 2017, served a copy of the foregoing pleading on counsel for all parties to this proceeding by e-mail, facsimile, and/or U.S. Mail.