CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2017-4662          DIVISION "F"          SECTION "7"

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., F/K/A NORTHROP GRUMMAN SHIP SYSTEMS, INC., N/K/A HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED:_____          _____
                                                                                DEPUTY CLERK

**DEFENDANT INTERNATIONAL PAPER COMPANY'S EXCEPTIONS, ANSWER, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant International Paper Company, incorrectly named as International Paper Company (individually and as successor by merger with Champion International Corporation, successor by merger with United States Plywood Corporation) (hereinafter "IP" or "Defendant"), who in answer to the Petition for Damages respectfully says:

**EXCEPTIONS**

Defendant pleads the following declinatory and dilatory exceptions to preserve its right to urge them, pending discovery, in accordance with *Bickham v. Sub Sea International, Inc.*, 617 So. 2d 483 (La. 1993), reh'g denied, 618 So. 2d 415 (La. 1993). Defendant does not request that this Court set these exceptions for hearing unless and/or until discovery reveals they are meritorious and/or necessary.

I.

Pursuant to Louisiana Code of Civil Procedure Article 925(A)(3), Defendant asserts and pleads the declinatory exception of *lis pendens*. If it is determined through discovery that Plaintiff was a party to other pending litigation for the same claims asserted herein, this case should be dismissed.

II.

Pursuant to Louisiana Code of Civil Procedure Article 925(A)(5), Defendant asserts and pleads the declinatory exception of personal jurisdiction.

### III.

Pursuant to Louisiana Code of Civil Procedure Article 926(A)(5), Defendant asserts and pleads the dilatory exception of vagueness and/or ambiguity.

### IV.

Pursuant to Louisiana Code of Civil Procedure Article 926(A)(4), Defendant pleads the dilatory exception of nonconformity of the petition with the requirements of Article 891.

### V.

Pursuant to Louisiana Code of Civil Procedure 927(A)(5), Defendants pleads the peremptory exception of no cause of action. Plaintiff failed to state a claim against Defendants for which relief may be granted. Therefore, Defendant requests its exception of no cause of action be granted and that Plaintiff's claims against Defendant be dismissed with prejudice.

### VI.

Pursuant to Louisiana Code of Civil Procedure 927(A)(4), Defendant asserts the peremptory exception of nonjoinder of a party under Articles 641 and 642, as Plaintiff has failed to include as defendants entities in whose absence complete relief cannot be accorded.

Defendant further reserves its right to urge other exception(s) unknown to it at this time, and to adopt any and all exceptions pled by any other parties. Defendant also reserves the right to supplement and amend its exceptions as investigation and discovery may further warrant.

**AND NOW**, further answering Plaintiff's Petition for Damages, Defendant says:

1.

The allegations contained in Paragraph 1 are denied for lack of sufficient evidence to justify a belief therein.

2.

Defendant admits only that it is a non-Louisiana company that can be served via CT Corporation System. Defendant denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Defendant further denies that it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Insofar as the allegations contained in Paragraph 2 apply to other defendants, Defendant denies those allegations for lack of sufficient information to justify a belief therein.

3.

Defendant denies venue is proper. Defendant further denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Finally, Defendant denies it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Insofar as the allegations in Paragraph 3 apply to other defendants, Defendant denies those allegations for lack of sufficient information to justify a belief therein.

4. – 5.

The allegations contained in Paragraphs 4 through 5 do not appear to pertain to Defendant, and, thus, no response is required. To the extent it is determined a response is required from Defendant, the allegations are denied for lack of sufficient information to justify a belief therein.

6. – 9.

Defendant denies venue is proper. Defendant further denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Finally, Defendant denies it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Insofar as the allegations in Paragraphs 6 through 9 apply to other defendants, Defendant denies those allegations for lack of sufficient information to justify a belief therein.

**BACKGROUND**

10. – 14.

Defendant denies the allegations contained in Paragraphs 10 through 14 as they apply to IP. Defendant further denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Finally, Defendant denies it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Insofar as the allegations in Paragraphs 10 through 14 apply to other defendants, Defendant denies those allegations for lack of sufficient information to justify a belief therein.

15.

The Petition for Damages does not contain a paragraph 15. Therefore, no response is necessary.

16.

Defendant denies the allegations contained in Paragraph 16 for lack of sufficient information to justify a belief therein.

17. – 18.

Paragraphs 17 and 18 state legal conclusions that do not require a response from Defendant. To the extent it is determined that these paragraphs contain allegations that do require a response from Defendant, said allegations are denied for lack of sufficient information to justify a belief therein.

## NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING AND CONTRACTOR DEFENDANTS

19. – 22.

The allegations contained in Paragraphs 19 through 22, including all subparts, do not appear to pertain to Defendant, and, thus, no response is required. To the extent it is determined a response is required from Defendant, the allegations are denied for lack of sufficient information to justify a belief therein.

## STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS

23. – 27.

The allegations contained in Paragraphs 23 through 27, including all subparts, do not appear to pertain to Defendant, and, thus, no response is required. To the extent it is determined a response is required from Defendant, the allegations are denied for lack of sufficient information to justify a belief therein.

## STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER, AND CONTRACTOR DEFENDANTS

28. – 36.

Defendant denies the allegations contained in Paragraphs 28 through 36 as they apply to IP. Defendant further denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Finally, Defendant denies it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Insofar as the allegations in Paragraphs 28 through 36 apply to other defendants, Defendant denies those allegations for lack of sufficient information to justify a belief therein.

### NEGLIGENCE ACTION AGAINST AVONDALE INDUSTRIES, INC., f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC., n/k/a HUNTINGTON INGALLS INCORPORATED, AND ITS EXECUTIVE OFFICERS

37. – 44.

The allegations contained in Paragraphs 37 through 44, including all subparts, do not appear to pertain to Defendant, and, thus, no response is required. To the extent it is determined a response is required from Defendant, the allegations are denied for lack of sufficient information to justify a belief therein.

### INSURANCE ALLEGATIONS

45. – 51.

The allegations contained in Paragraphs 45 through 51 do not appear to pertain to Defendant, and, thus, no response is required. To the extent it is determined a response is required from Defendant, the allegations are denied for lack of sufficient information to justify a belief therein.

Defendant denies the allegations contained in the paragraph immediately following paragraph 51, including all subparts, as they apply to IP. Defendant denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Finally, Defendant denies it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Defendant denies Plaintiff is entitled to judgment and/or prejudgment interest and/or post judgment interest from it jointly and/or severally in any amount whatsoever. Insofar as the allegations pertain to other defendants, the same are denied for lack of sufficient information to justify a belief therein.

Defendant denies the allegations contained in the second paragraph following paragraph 51 as they apply to IP. Defendant denies Robert J. Templet, Sr., was exposed to asbestos and/or asbestos-containing products manufactured, sold, distributed or otherwise associated with Defendant. Finally, Defendant denies it is jointly, severally, and/or solidarily liable for damages in any amount whatsoever. Defendant denies Plaintiff is entitled to judgment and/or prejudgment interest and/or post judgment interest from it jointly and/or severally in any amount whatsoever. Insofar as the allegations pertain to other defendants, the same are denied for lack of sufficient information to justify a belief therein.

Defendant denies all allegations of any and all cross-complaints, cross-actions and third-party complaints filed against it by other defendants in this case, or that may be filed by such other defendants or additional parties in the future, and states that it is not liable to any party in this case.

**AND NOW FOR FURTHER ANSWER**, Defendant sets forth the following **AFFIRMATIVE DEFENSES:**

1.

This Court lacks jurisdiction over Defendant and over the controversy forming the basis of this litigation.

2.

There is insufficiency of process and service of process against Defendant.

3.

This Court lacks venue as alleged in the petition.

4.

Plaintiff's petition fails to state a claim against Defendant upon which relief may be granted.

5.

Plaintiff's claims are barred by the applicable statute of limitations and/or prescription.

6.

Plaintiff failed to mitigate his damages, if any.

7.

Alternatively, Defendant pleads the contributory and/or comparative negligence or fault and assumption of the risk of Robert J. Templet, Sr., and said negligence, fault and/or assumption of the risk acting as a complete bar to or, alternatively, in mitigation of Plaintiff's recovery.

8.

Robert J. Templet, Sr., failed to observe warnings and instructions that were provided for his safety and protection, and Robert J. Templet, Sr., failed to use protective and safety equipment.

9.

If Plaintiff sustained injuries or damages, which are specifically and categorically denied, Plaintiff's injuries and damages are the result of negligence or fault on the part of others over whom Defendant has no responsibility or control.

10.

An award of punitive damages against any of the defendants in this case is prescribed under Louisiana law. An award of punitive damages would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States and would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States. Also, Plaintiff's claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

11.

Defendant avers that as a result of the provisions of certain statutes, including 11 U.S.C. Section 362(a), Plaintiff is prohibited from proceeding against certain parties liable for the damages and injuries complained of and Defendant reserves its right to so proceed.

12.

Further, alternatively, Defendant avers that Plaintiff did not inhale asbestos fibers or dust emitted by the normal use of said products, proximately causing the results and/or related abnormalities or alternatively, any other asbestos related injury.

13.

Further, alternatively, Defendant avers that Plaintiff's lung injury, if any, was caused by substances other than asbestos.

14.

Plaintiff's damages, if any, occurred as a result of preexisting medical conditions, causes, or injuries of Plaintiff's body that are completely unrelated to his alleged work with asbestos and/or asbestos-containing products.

15.

Should Plaintiff allege that Plaintiff was exposed to any products manufactured by Defendant, which is specifically denied, Defendant affirmatively avers the affirmative defenses of La. R. S. 9:2800.51 *et seq.*, the Louisiana Products Liability Act.

16.

If Plaintiff has heretofore settled or should hereafter settle for any of his alleged injuries and damages with any parties, then Defendant is entitled to a credit for any such settlement.

17.

Defendant pleads the exception of lis pendens and res judicata, should Plaintiff have any other claims pending.

18.

Any loss of consortium claim alleged is contrary to Louisiana law. *See, Landry v. Avondale Industries, Inc.,* 2003-719, 864 So. 2d 117 (*reh'g. den.*).

19.

Plaintiff's employers were responsible for his safety. Plaintiff's employers were knowledgeable and sophisticated users and/or purchasers of asbestos-containing products. A manufacturer or distributor of a product has no duty to warn a sophisticated user and/or purchaser of a danger in its product of which the user/purchaser knows or should have known.

20.

None of IP's acts or omissions caused or contributed to Plaintiff's injuries, if any.

21.

Any theory of strict and/or absolute liability Plaintiff asserts against IP cannot be retroactively applied for years prior to the judicial creation and/or recognition of such theories.

22.

Plaintiff's recovery, if any, should be set off or credited by the virile shares (whether computed by head or by percent) of all parties and/or third parties whose fault contributed to Plaintiff's alleged injuries.

23.

Plaintiff's settlement(s) with one or more other persons have extinguished any debt that IP may have owed Plaintiff, so Plaintiff is precluded from recovering from IP.

24.

IP pleads the affirmative defense of satisfaction and release.

25.

IP reserves the right to assert any and all applicable defenses that discovery may reveal.

26.

Defendant pleads any and all defenses of contract and/or arbitration against Plaintiff, should it be determined that any agreement between Counsel applies in this matter.

27.

Defendant further adopts all affirmative defenses, if any, not specifically set out in this answer but asserted by any other defendant in this case that do not conflict with those asserted by IP.

**WHEREFORE, IP PRAYS** for judgment herein against Plaintiff, dismissing his claims with prejudice at his cost, and for all general and equitable relief.

Respectfully submitted,

FORMAN WATKINS & KRUTZ LLP

_____
WALTER G. WATKINS, III, LA. BAR NO. 31559
MARY R. ARTHUR, LA. BAR NO. 32644
T. PEYTON SMITH, LA. BAR NO. 34984
DANIEL S. ROBERTS, LA. BAR NO. 34966
ELIZABETH R. PENN, LA. BAR NO. 30667
One Shell Square
701 Poydras Street, Suite 4350
New Orleans, LA 70139-6001
Telephone: (504) 799-4383
Facsimile: (504) 799-4384
laeservice@formanwatkins.com

**Attorneys for Defendant International Paper Company**

<u>**OF COUNSEL**</u>

FORMAN WATKINS & KRUTZ LLP
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by delivering a copy of the same to each via electronic mail, hand, facsimile, Federal Express, or by First Class United States mail, properly addressed and postage prepaid on this 2nd day of June, 2017.

_____
ELIZABETH R. PENN

9

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2017-4662      DIVISION "F"      SECTION "7"

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., F/K/A NORTHROP GRUMMAN SHIP SYSTEMS, INC., N/K/A HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED:_____     _____
                                                     DEPUTY CLERK

### REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.

TO THE CLERK OF COURT of the Civil District Court in and for the Parish of Orleans, Louisiana:

Please take notice that Walter G. Watkins, III, Mary R. Arthur, T. Peyton Smith, Daniel S. Roberts, and Elizabeth R. Penn, attorneys for Defendant International Paper Company, incorrectly named as International Paper Company (individually and as successor by merger with Champion International Corporation, successor by merger with United States Plywood Corporation) (hereinafter "IP" or "Defendant") hereby request written notice of the date of trial of the above matter as well as notice of all hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judges, or any member of Court as provided in the Louisiana Code of Civil Procedure of 1960, particularly Articles 1572, 1913, and 1914.

Respectfully submitted,

FORMAN WATKINS & KRUTZ LLP

_/s/ Elizabeth R. Penn_
WALTER G. WATKINS, III, LA. BAR NO. 31559
MARY R. ARTHUR, LA. BAR NO. 32644
T. PEYTON SMITH, LA. BAR NO. 34984
DANIEL S. ROBERTS, LA. BAR NO. 34966
ELIZABETH R. PENN, LA. BAR NO. 30667
One Shell Square
701 Poydras Street, Suite 4350
New Orleans, LA 70139-6001
Telephone: (504) 799-4383
Facsimile: (504) 799-4384
laeservice@formanwatkins.com

**Attorneys for Defendant International Paper Company**

**OF COUNSEL**

FORMAN WATKINS & KRUTZ LLP
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by delivering a copy of the same to each via electronic mail, hand, facsimile, Federal Express, or by First Class United States mail, properly addressed and postage prepaid on this 2nd day of June, 2017.

_____
ELIZABETH R. PENN

2