CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-4662   DIVISION "F"   SECTION

ROBERT J. TEMPLET, SR.

Versus

AVONDALE INDUSTRIES, INC., ET AL.

FILED: _____   _____
DEPUTY CLERK

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Lamorak Insurance Company, erroneously referred to as OneBeacon Insurance Company, in its capacity as alleged insurer of Avondale and its executive officers, which, while reserving all of its previously filed exceptions, responds to Plaintiff's Petition for Damages as follows:

1.

The allegations of paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph 2 are denied, except to aver that if Lamorak Insurance Company issued any relevant policy or policies of insurance to or in favor of Avondale's executive officers, then said policy or policies is the best evidence of what it purports to contain and is pled herein as though copied *in extenso*; Lamorak Insurance Company specifically denies any allegations which tend to contradict, contravene, modify or enlarge upon the terms, conditions, limitations or exclusions of said policy.

3.

The allegations of paragraph 3 are denied.

4.

The allegations of paragraph 4 are denied, except to aver that if Lamorak Insurance Company issued any relevant policy or policies of insurance to or in favor of Avondale's executive officers, then said policy or policies is the best evidence of what it purports to contain and is pled herein as though copied *in extenso*; Lamorak Insurance Company specifically denies

any allegations which tend to contradict, contravene, modify or enlarge upon the terms, conditions, limitations or exclusions of said policy.

5.

The allegations of paragraphs 5 through 38, inclusive, are denied.

6.

The allegations of paragraph 39 are denied, each and singularly.

7.

The allegations of paragraphs 40 and 41 are denied.

8.

The allegations of paragraph 42 are denied, except to aver that if Lamorak Insurance Company issued any relevant policy or policies of insurance to or in favor of Avondale and its executive officers, then said policy or policies is the best evidence of what it purports to contain and is pled herein as though copied *in extenso*; Lamorak Insurance Company specifically denies any allegations which tend to contradict, contravene, modify or enlarge upon the terms, conditions, limitations or exclusions of said policy.

9.

The allegations of paragraphs 43 through 48, inclusive, are denied.

10.

The allegations of paragraph 49 are denied, except to aver that if Lamorak Insurance Company issued any relevant policy or policies of insurance to or in favor of Avondale's executive officers, then said policy or policies is the best evidence of what it purports to contain and is pled herein as though copied *in extenso*; Lamorak Insurance Company specifically denies any allegations which tend to contradict, contravene, modify or enlarge upon the terms, conditions, limitations or exclusions of said policy.

11.

The allegations of paragraphs 50 and 51 are denied for lack of sufficient information to justify a belief therein.

12.

**FURTHER ANSWERING**, Lamorak Insurance Company calls for strict proof of all coverages alleged by Plaintiff.

13.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claim is barred by the passage of time and has prescribed.

14.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff fails to state a claim upon which relief can be granted.

15.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claim is barred by his own contributory and/or comparative negligence, and/or assumption of the risk, consisting, without limitation, of the following:

a) Inhaling and/or using tobacco products when he knew or should have known that doing so causes cancer and/or is otherwise injurious to health;

b) Any and all other negligent acts or omissions which may be discovered or proven at the trial of this matter.

16.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claim should be barred or reduced for Plaintiff's failure to mitigate his damages.

17.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that the claims are not an accident or an occurrence as defined in the policies.

18.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff was not exposed to harmful substances at any time during which it may have provided coverage.

19.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that the injuries and damages alleged in the suit, if any, were caused by the negligence, strict liability or fault of third parties for which it is not liable.

20.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that any policy which may be applicable to Plaintiff's damages contains the following non-exclusive language and exclusions which bar coverage:

a)   The plaintiff's claims are not "an occurrence" as defined in the policy;

b)   The policy does not provide coverage for intentional acts;

c)   The policy excludes bodily injury to any employee of the insured arising out of and in the course of his employment by the insured;

d)   The policy excludes liability for any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, employment compensation, or disability benefits law, or under any similar law;

e)   The policy excludes coverage for bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere, or any water course or body of water;

f)   Other exclusions and language not specifically mentioned, but pled herein as if copied *in extenso.*

21.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claims are barred by the Louisiana Workers' Compensation Statute and the Longshore and Harbor Workers' Compensation Act.

22.

**FURTHER ANSWERING**, Plaintiff's claims are barred by immunity because his cause of action did not arise until after October 1, 1976.

23.

**FURTHER ANSWERING**, Lamorak Insurance Company is entitled to an offset and/or credit for the liability for any and all individuals, companies, parties, and/or defendants with whom Plaintiff has settled.

24.

**FURTHER ANSWERING**, Lamorak Insurance Company is entitled to an offset and/or credit for the liability of any and all companies that have established bankruptcy settlement trusts from which Plaintiff has received funds or from which Plaintiff is eligible to receive funds.

25.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claims are barred by the government contractor defense.

26.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that the alleged bodily injury, if any, did not occur during the policy period of any Lamorak policy.

27.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claims are barred or alternatively reduced to the extent that there is other insurance applicable to the claims asserted herein.

28.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's demands are barred or alternatively reduced to the extent the claims exceed the limitations of liability contained in any policy issued by Lamorak.

29.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that all of Plaintiff's claims, including, but not limited to claims for strict liability, absolute liability, and vicarious liability, are barred as extinguished by any settlement with or judgment against any asbestos manufacturer, distributor, supplier, and/or professional vendor.

30.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that the settlement of claims against any party or non-party to this suit has resulted in the complete discharge of all liability owed by Lamorak Insurance Company, as those claims are barred by the applicable law and because Plaintiff has failed to properly reserve rights as required by law.

31.

**FURTHER ANSWERING**, Lamorak Insurance Company avers that Plaintiff's claims, including, but not limited to, claims for strict liability, absolute liability, and vicarious liability, are barred by the fault, if any, of third parties, including, but not limited to, manufacturers, distributors, suppliers, and/or professional vendors.

32.

**FURTHER ANSWERING**, to the extent any policy issued by Lamorak Insurance Company provides coverage, which liability is denied, then the liability of Lamorak Insurance Company is limited to a pro-rata share of the liability of the insured, which share is calculated by

determining the period of exposure to asbestos during the policy periods of the policies issued by Lamorak Insurance Company as compared to the total period of exposure to asbestos.

**WHEREFORE**, defendant, Lamorak Insurance Company, prays that this answer be deemed good and sufficient and that after all legal delays and due proceedings are had, there be judgment rendered herein in its favor and against Petitioner, dismissing his suit at his costs; and for all general and equitable relief as the nature of the case may permit and as the law may allow.

Respectfully submitted:

_____
SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
ADAM D. DEMAHY (29826)
ademahy@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
*Attorneys for Lamorak Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by U.S. Mail, postage prepaid and properly addressed, by fax, by hand and/or email, this ___7___ day of _____July_____, 2017.

_____

6