

FILED

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 17-4662　　　　　SECTION 7　　　　　DIVISION " F "

**ROBERT J. TEMPLET, SR.**

**VERSUS**

**AVONDALE INDUSTRIES, INC.,
f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.**

FILED: _____　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

### PLAINTIFF'S MOTION FOR EXPEDITED TRIAL SETTING PURSUANT TO LA. CODE CIV. PROC. ART. 1573 AND FOR ISSUANCE OF SCHEDULING ORDER AND INCORPORATED MEMORANDUM IN SUPPORT

**COMES NOW**, Plaintiff Robert J. Templet, Sr. ("Mr. Templet"), who files this motion for the issuance of a scheduling order and the expedited setting of trial. Plaintiff respectfully submits the following:

According to the Louisiana Code of Civil Procedure:

> The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference.

La. Code Civ. Proc. Ann. art. 1573.

In or around February 2017, Mr. Templet was diagnosed with malignant mesothelioma (Ochsner Medical Center Pathology Report, attached hereto as Exhibit "1"), an invariably fatal cancer in the lining of the lungs. Mr. Templet suffers from a terminal illness with no known cure, and his prognosis is poor. Persons who suffer from mesothelioma, generally are not likely to survive beyond six months. Mr. Templet is therefore entitled to preference in the scheduling of his claims in the interests of justice.

1

Recently, in *Jasmin v. Huntington Ingalls, Inc., et al.*, 2017-CC-0715[1], the Supreme Court of the State of Louisiana overturned a Fifth Circuit Court of Appeal ruling that denied an expedited trial setting to a living mesothelioma plaintiff. In *Jasmin v. Huntington Ingalls, Inc., et al.*, No. 17-C-144[2], the plaintiff filed suit in December of 2016, and the trial court set the case for trial beginning on June 11, 2018. On appeal, the Fifth Circuit found that, given the "complexity of the trial on the merits" and that "discovery is not yet complete in this case", the court's decision to set the case for trial approximately sixteen (16) months out did not constitute an abuse of discretion.[3]

The plaintiff applied for supervisory writ to the Louisiana Supreme Court.[4] On May 19, 2017, the Supreme Court issued an Order granting the plaintiff's writ, and in disagreeing with the Fifth Circuit, held that "*[p]ursuant to La. Code Civ. P. art. 1573, the trial court is ordered to schedule the trial at the earliest possible date and in no event later than early 2018.*"[5]

In *Curole, et al. v. Avondale Industries Inc., et al.*, the Fourth Circuit determined that, where a party is not expected to live beyond six months, it is appropriate to set a trial date within six months of filing suit. *See Curole, et al. v. Avondale Industries Inc., et al.*, 798 So.2d 319, 321 (La. App. Ct. 2001). Notably, the court in *Curole* reached this conclusion in spite of the defendant's argument that discovery was too extensive and could not possibly be completed by that date. *Id.*

Further, as seen by the attached medical records, Mr. Templet is 79 years old. The Louisiana Code of Procedure also gives preference in scheduling to those who are 70 years old and older. Mr. Templet now requests that this Court set an expedited trial date and issue a scheduling order with deadlines for discovery and pretrial matters such that he may reasonably expect to see his day in court.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a scheduling order and set an expedited trial date such that Mr. Templet may be afforded a reasonable opportunity to have his day in court.

---

[1] Order Granting Writ, *John J. Jasmin Sr., v. Huntington Ingalls, Inc., et. al.*, Supreme Court of the State of Louisiana No. 2017-CC-0715, attached hereto as Exhibit "2".
[2] *John J. Jasmin, Sr., v. Huntington Ingalls, Inc., et al.*, Fifth Circuit Court of Appeal for the State of Louisiana, No. 17-C-144, attached hereto as Exhibit "3".
[3] *Id.*
[4] Exh. 2.
[5] *Id.* (emphasis added.)

2

Respectfully submitted,

**LANDRY & SWARR, L.L.C.**

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP C. HOFFMAN, Bar No. 32277
AMANDA J. BALLAY, Bar No. 28630
MATTHEW C. CLARK, Bar No. 31102
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile:  (504) 299-1215
lslaw@landryswarr.com

and

**THE NEMEROFF LAW FIRM**
*A Professional Corporation*
JEFFREY A. O'CONNELL, Bar No. 30282
RYAN P. PHILLIPS, Bar No. 36924
2626 Cole Avenue, Suite 450
Dallas, TX 75204
Telephone:   (214) 774-2258
Facsimile:    (214) 393-7897

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record on the 9th day of June, 2017, via the method indicated below:

- { } certified mail/regular mail
- { } facsimile
- {x} E-mail delivery (to all counsel of record via the agreed E-Mail service list)
- { } federal express/hand delivery
- { } deposit with Digital Legal Services,
  1010 Common St., Suite 910, New Orleans, LA 70112

3

FILED

2017 JUN -9 P 3:41

CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 17-4662              SECTION 7              DIVISION " F "

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC.,
f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____          _____
                                              DEPUTY CLERK

## RULE TO SHOW CAUSE

CONSIDERING the *foregoing PLAINTIFF'S MOTION FOR EXPEDITED TRIAL SETTING PURSUANT TO LA. CODE CIV. PROC. ART. 1573 AND FOR ISSUANCE OF SCHEDULING ORDER* ;

IT IS HEREBY ORDERED that all defendants appear and show cause on the 22nd day of June, 2017, at 11:00 a.m. why a scheduling order should not be issued and an expedited trial date set in the captioned matter.

NEW ORLEANS, LOUISIANA, this ___ day of JUN 1 3 2017 _____, 2017.

                                    Sgd Christopher J. Bruno
                                    Judge, Division "F"
JUDGE – CIVIL DISTRICT COURT    A TRUE COPY
ORLEANS PARISH

Civil District Court
Parish of Orleans, State of La.

**Plaintiff's Counsel will serve the forgoing motion pursuant to La. C. Civ. Proc. Art. 1313.**

4

FILED

2017 JUN -9 P 3:41

CIVIL
DISTRICT COURT

# Exhibit "1"

FILED

2017 JUN -9 P 3:41

CIVIL
DISTRICT COURT


**Ochsner**
Pathology and Laboratory Medicine

**OCHSNER MEDICAL CENTER -- NEW ORLEANS**
PATHOLOGY & LABORATORY MEDICINE WILLIAM G. HELIS MEMORIAL LABORATORIES
1514 JEFFERSON HIGHWAY - NEW ORLEANS, LA 70121
Ph: (504) 842-3330  Fax: (504) 842-3884

## PATHOLOGY REPORT

| Patient Name | TEMPLET, ROBERT J | | Accession # | MS17-03919 |
|---|---|---|---|---|
| Medical Record # | 1029974 | | Billing # | EI0076703705 |
| Date of Birth | 9/3/1937 (79Y M) | | Collection Date | 02/02/2017 |
| Location | NOMH Surgery 2nd Flr | | Received | 02/02/2017 |
| | | | Reported | 02/17/2017 |

**ORDERING PHYSICIAN(S)**
PETTIFORD, BRIAN

**CLINICAL DIAGNOSIS/INFORMATION**

dm
PreOperative Diagnosis

**SPECIMEN**
1) Pleural biopsy.
2) Pleural biopsy.

**FINAL PATHOLOGIC DIAGNOSIS**
MAYO DIAGNOSIS:
PLEURA, BIOPSIES (MS17-3919; 2/2/2017):
-Diffuse malignant mesothelioma, epithelioid-type (see comment).

Case shared with Dr. Henry D. Tazelaar, who concurs.

Interpreted by: Brandon T. Larsen, M. D., Ph.D.

Note: Please see attached report for comment.

Performing site:
Mayo Clinic Arizona
13400 East Shea Boulevard
Scottsdale, Arizona 85259

Diagnosed by: Jason Bennett M.D.
(Electronically Signed: 2017-02-17 14:01:32)

**Frozen Section Diagnosis**
Atypical epithelial clusters in a background of fibrosis and chronic inflammation. Recommend more tissue. SKH
Reported to Resident.

Shams Halat M.D.
(Reported: 2017-02-02 14:20:00)

PA-OchsnerMedicalCenter(66763)-Templet.Robert-000001

| Patient Name | TEMPLET, ROBERT J | Accession # | MS17-03919 |
|---|---|---|---|
| Medical Record # | 1029974 | Billing # | EI0076703705 |
| Date of Birth | 9/3/1937 (79Y M) | Collection Date | 02/02/2017 |
| Location | NOMH Surgery 2nd Flr | Received | 02/02/2017 |
| | | Reported | 02/17/2017 |

**Gross Description**

Part 1
ID/AP label: 102-9974

The specimen is received fresh for frozen section labeled "pleural biopsy-frozen," and consists of 2 tan-gray, wrinkled, irregular soft tissue fragments measuring 0.7 and 1.0 cm in greatest dimension. The specimen is submitted entirely for frozen section analysis. The frozen section remnants are submitted entirely in cassette 1.

Part 2
ID/AP label: 102-9974

The specimen is received in formalin labeled "pleural biopsy-permanent," and consists of 2 tan-pink, wrinkled, irregular soft tissue fragments measuring 0.8 and 1.1 cm in greatest dimension. The specimen is submitted entirely in cassette 2.

Jessica Nease

**Report Footnotes**

SENDOUT:   CLIA:

PA-OchsnerMedicalCenter(66763)-Templet.Robert-000002

FILED
2017 JUN -9 P 3:41
CIVIL
DISTRICT COURT

Exhibit "2"

# The Supreme Court of the State of Louisiana

JOHN J. JASMIN, SR.

NO. 2017-CC-0715

VS.

HUNTINGTON INGALLS, INC., ET AL.

- - - - - -

IN RE: John J. Jasmin, Sr.; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of St. James, 23rd Judicial District Court Div. D, No. 37877; to the Court of Appeal, Fifth Circuit, No. 17-C-144;

- - - - - -

May 19, 2017

Granted. Pursuant to La. Code Civ. P. art. 1573, the trial court is ordered to schedule the trial at the earliest possible date and in no event later than early 2018.

                                    GGG

                                    BJJ

                                    JLW

                                    MRC

                                    JDH

                                    SJC

                                    JTG

Supreme Court of Louisiana
May 19, 2017

*Relia A. Burras*

Deputy Clerk of Court
For the Court

FILED

2017 JUN -9 P 3:41

CIVIL
DISTRICT COURT

# Exhibit "3"

FILED

2017 JUN -9 P 3:41

CIVIL
DISTRICT COURT



FILED

2017 JUN -9 P 3: 41

CIVIL
DISTRICT COURT

| | |
|---|---|
| JOHN J. JASMIN, SR. | NO. 17-C-144 |
| VERSUS | FIFTH CIRCUIT |
| HUNTINGTON INGALLS, INC., ET AL. | COURT OF APPEAL |
| | STATE OF LOUISIANA |

April 12, 2017

Susan Buchholz
First Deputy Clerk

IN RE JOHN J. JASMIN, SR.

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JESSIE M. LEBLANC, DIVISION "D", NUMBER 37,877

Panel composed of Judges Stephen J. Windhorst,
Susan M. Chehardy, and Robert M. Murphy

**WRIT DENIED**

Relator, John J. Jasmin, Sr., seeks review of the trial court's denial of his motion for expedited trial setting. On reviewing the application and the trial judge's reasons for judgment, it is clear that she has taken into serious consideration the factors and mandates of La. C.C.P. 1573. Among her reasons for denying a more immediate trial setting at this time, she notes the duration and complexity of the trial on the merits, and points out that discovery is not yet complete in this case.

Further, in Curole v. Avondale, 01-1808 (La. App. 10/17/01), 798 So.2d 319, the plaintiff's doctor testified that it was unlikely that the plaintiff would survive for six months, and finding all other factors to be present, the court upheld the preferential setting. In this case, however, there is no evidence shown that the plaintiff is unlikely to survive for six months. Also considering the trial judge's apparent intention to set this case for trial in *early* 2018 as stated in her reasons, we do not find that trial court has abused its discretion.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 12th day of April, 2017.

SJW
RMM

**CHEHARDY, C.J., DISSENTS WITH REASONS**

A TRUE COPY
GRETNA
APR 1 2 2017

DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT



I respectfully dissent because I find that the trial judge abused its discretion in refusing to grant preferential scheduling in this case. La. C.C.P. art. 1573 reads,

> The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference.

Here, Mr. Jasmine, who will be 73 years old in June, has malignant mesothelioma. I believe that it would serve the interest of justice better if the trial court had granted Mr. Jasmine's request for preference in scheduling to preserve the evidence and allow Mr. Jasmine to have his day in court. *See, Curole v. Avondale Indus. Inc.*, 01-1808 (La. App. 4 Cir. 10/17/01), 798 So.2d 319, 321. For this reason, I would grant this writ and remand with instructions to set trial at the earliest possible date.

SMC

- 2 -