## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

**DOCKET NO. 2017-4662**     **SECTION 7**     **DIVISON "F"**

### ROBERT J. TEMPLET, SR.

### VERSUS

### AVONDALE INDUSTRIES, INC., f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC., n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.

**FILED:** _____     **DEPUTY CLERK:** _____

### EXCEPTION OF *LIS PENDENS*, ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT REILLY-BENTON COMPANY, INC. TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes **REILLY-BENTON COMPANY, INC.** in the above-numbered and entitled cause (hereinafter "RBCI" or "Defendant"), and pleads the following Exception of *Lis Pendens*, and thereafter pleads the following Answer and Affirmative Defenses in response to Plaintiff's Original Petition for Damages. These responses are applicable only to RBCI; insofar as any allegations are made against other defendants, they are denied for lack of sufficient information to justify a belief therein.

### RBCI'S EXCEPTION OF *LIS PENDENS*

Prior to the Answer which follows; RBCI raises the exception of *lis pendens*, in accordance with Louisiana Code of Civil Procedure Article 925(3), in the event that plaintiff is later, through discovery, found to be a party in other pending asbestos-related litigation in this court or in the court of another jurisdiction. RBCI further reserves the right to adopt the exception(s) plead by any other defendant.

Subject to and without waiving the aforementioned exception, Reilly-Benton Answers Plaintiff's Original Petition as follows:

### RBCI'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

1.

The allegations contained in paragraph 1 of Plaintiff's Original Petition for Damages are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2, including all subparts, of Plaintiff's Original Petition for Damages are admitted only insofar as they allege that RBCI is licensed to practice business in the State of Louisiana; in all other respects the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraphs 3 through 8 of Plaintiff's Original Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraphs 9 through 14 of Plaintiff's Original Petition for Damages are denied insofar as they aver liability on the part of RBCI; in all other respects the allegations are denied for lack of sufficient information to justify a belief therein.

5.

Plaintiff's Original Petition for Damages does not contain paragraph enumerated as 15.

6.

The allegations contained in paragraph 16 of Plaintiff's Original Petition for Damages are denied insofar as they aver liability on the part of RBCI; in all other respects the allegations are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraphs 17 through 27, including subparts, of Plaintiff's Original Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraphs 28 through 36 of Plaintiff's Original Petition for Damages are denied insofar as they aver liability on the part of RBCI; in all other respects the allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraphs 37 through 51, including all subparts, of Plaintiff's Original Petition for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in the Prayer for Relief, including all subparts, of Plaintiff's Original Petition for Damages are denied as to RBCI.

## AFFIRMATIVE DEFENSES

Further answering, RBCI avers as follows:

11.

RBCI at all times acted with due care, is free of any and all negligence and at all times complied with all applicable laws, regulations and standards.

12.

RBCI is not liable in strict liability and further denies any breach of any alleged warranties, either expressed or implied.

13.

The petition fails to state a cause of action or claim upon which relief can be granted, including but not limited to the reason that if relief were granted in the absence of product identification it would contravene RBCI's constitutional right to substantive due process of law and equal protection as preserved by the Fourteenth Amendment to the United States Constitution.

14.

Plaintiff fails to plead fraud with sufficient particularity.

15.

RBCI owed no duty to plaintiff. In the alternative, if any duty is owed, that duty was not breached by RBCI.

16.

Plaintiff did not use any products sold, distributed or supplied by RBCI, nor was plaintiff ever in proximity to products sold, distributed or supplied by RBCI. If in fact such products were used, their use was insufficient to cause any damage to plaintiff.

17.

Further, and in the alternative, even if plaintiff was exposed to any asbestos-containing product sold, distributed or supplied by RBCI, which is denied, then the asbestos in said product or products was encapsulated and not capable of producing friable asbestos or asbestos-related

3

diseases, and further, the amount of asbestos incorporated into any product to which plaintiff was exposed, which is denied, was *de minimis.*

18.

The products sold, distributed or supplied by RBCI were not defective. Alternatively, if it is determined that said products were defective, RBCI had no knowledge regarding the defects of products that it sold, distributed, or supplied because the manufacturer of said products failed to provide RBCI with information regarding the defects of its products.

19.

The products sold, distributed or supplied by RBCI were not unreasonably dangerous nor unreasonably dangerous per se. Alternatively, if it is determined that said products were unreasonably dangerous or unreasonably dangerous per se, RBCI had no knowledge regarding the potential dangers of the products that it sold, distributed, or supplied because the manufacturer of said products failed to provide RBCI with information regarding the potential dangers of its products.

20.

RBCI specifically invokes all state-of-the-art defenses applicable to the industry in general, medicine and medical science, and all others, alleging that RBCI discharged, according to law and due care, each and every duty which it may have owed.

21.

The products sold, distributed or supplied by RBCI were not unreasonably dangerous in construction or composition. Alternatively, if it is determined that said products were unreasonably dangerous in construction or composition, RBCI had no knowledge regarding the danger in construction or composition of the products that it sold, distributed, or supplied because the manufacturer of said products failed to provide RBCI with information regarding the potential dangers of its products.

22.

The products sold, distributed or supplied by RBCI were not unreasonably dangerous in design. Alternatively, if it is determined that said products were unreasonably dangerous in design, RBCI had no knowledge regarding the danger in design of the products that it sold, distributed, or supplied because the manufacturer of said products failed to provide RBCI with information regarding the potential dangers of its products.

23.

The products sold, distributed or supplied by RBCI were not unreasonably dangerous because of an inadequate warning. Alternatively, if it is determined that said products were unreasonably dangerous because of an inadequate warning, RBCI had no knowledge regarding the danger of the products that it sold, distributed, or supplied because the manufacturer of said products failed to provide RBCI with warnings regarding the potential dangers of its products. RBCI acted solely as a distributor of products manufactured by other companies and thus had no duty to warn.

24.

Alternatively, the products sold, distributed or supplied by RBCI were not being used for their normal, foreseeable or intended use. Furthermore, plaintiff or other persons for whom RBCI is not responsible, materially altered or modified the products sold, distributed, or supplied by RBCI.

25.

Alternatively, the products sold, distributed or supplied by RBCI were not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the products.

26.

RBCI provided adequate safety instructions and/or warnings for the intended use of the products that it sold, distributed or supplied.

27.

RBCI had no knowledge of any characteristic of the products that it sold, distributed or supplied, that may cause damage.

28.

The user or handler of any of the products sold, distributed or supplied by RBCI knew or reasonably should be expected to have known of the characteristics of the products and the danger of any such characteristics, which is denied.

29.

RBCI fulfilled each and every duty that it owed to any person, including all parties to this action.

30.

RBCI denies any liability of any sort or nature to any party to this litigation.

31.

RBCI pleads the contributory and/or comparative negligence or fault and assumption of the risk of plaintiff, said negligence or assumption of the risk acting as a complete bar to or, alternatively, in mitigation to recovery.

32.

Any losses sustained by plaintiff or by any other party to this action were caused solely and exclusively through their own fault or the fault of other persons for whom RBCI is not responsible.

33.

Plaintiffs' claims are prescribed or otherwise barred by the passage of time, res judicata, estoppel, laches and/or waiver.

34.

If any injuries or damages were sustained by plaintiff or any other party to this action, which is specifically and categorically denied, those injuries and damages are the result of negligence or fault on the part of plaintiff or other persons for whom RBCI is not responsible. If it is determined that plaintiff is entitled to recover against RBCI, which is denied, that recovery should be reduced in proportion to the degree or percentage of negligence or fault, or exposure to products, or virile share of negligence, fault or exposure to products, attributable to any co-defendant or any other person or entity, including those entities presently immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant or non-parties with whom plaintiffs have settled or may settle in the future.

35.

RBCI is entitled to a reduction in any damages that may be assessed against it equal to the virile portions of each and every other person whose fault contributed, even in the slightest degree, to the damages, if any, sustained by plaintiff or any other party to this action.

36.

RBCI avers that its alleged liability, which is denied, is purely passive and/or technical, and the liability of other parties herein is active and actual, thus entitling RBCI to full indemnification and contribution from those parties that are actively negligent or at fault, and from each and every other person whose fault contributed, even in the slightest degree, to the damages, if any, sustained by plaintiff or any other party to this action.

37.

Plaintiffs' employers and/or the owners of the premises wherein plaintiff worked jointly and severally owed plaintiff the duty to provide a safe place to work, and the breach of that duty was the sole proximate cause of any damages or injuries sustained by plaintiff if, in fact, any were sustained.

38.

The alleged incidents in question were brought about or caused by transitory conditions arising in the course of the work in which plaintiff was engaged and ordinarily incident thereto, using the employers' own manner, method and means of doing work for which RBCI owes no duty.

39.

If RBCI supplied asbestos-containing products, which it denies, such products so conformed to the specifications of each of plaintiffs' employers. Furthermore, said employers were knowledgeable and sophisticated as to the use and risks so that Defendant had no duty to warn.

40.

Defendant avers that any product liability claims against it are governed by the negligence standard existing prior to Weber v. Fidelity & Casualty Ins. Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971).

41.

Alternatively, RBCI pleads any and all other defenses that may be available to it under Louisiana law including, but not limited to, Louisiana Products Liability Act LSA-R.S. 9:2800.51 *et seq.*

42.

An award of punitive damages against any of the defendants in this case is proscribed under Louisiana law. An award of punitive damages would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States. Also, plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

43.

If plaintiff has heretofore settled or should hereafter settle for any of the alleged injuries and damages with any persons or entities, then Defendant is entitled to a credit for any such settlement. Defendant further pleads all defenses entitled to it based on any past or future settlement with plaintiff including, but not limited to, accord and satisfaction.

44.

RBCI avers that the injuries allegedly sustained, which are denied, occurred as a result of pre-existing medical conditions, causes or injuries which are completely unrelated to the incidents alleged, and the existence of those pre-existing or other medical conditions caused the injuries and bars and/or mitigates recovery.

45.

To the extent that any damages claimed by plaintiff for loss of consortium arose or accrued prior to the effective date for amendments to Louisiana Code Article 2315 which created a cause of action for recovery for loss of consortium damages, then said claims should be dismissed.

46.

To the extent plaintiff was allegedly exposed to products sold, supplied or distributed by RBCI for a government contract, the government had a contractual right to specify how the contract would be complied with, the government exercised that right and Defendant complied with those specifications; and therefore, RBCI specifically asserts the "government contractor defense".

47.

Plaintiffs' claims are pre-empted by the federal regulations of the Occupational Safety and Health Administration and other applicable Federal laws and regulations.

48.

RBCI realleges and reaffirms all of the defenses and affirmative defenses, if any, not specifically set out in the answer but asserted by any other defendant, as if copied herein *in extenso*. RBCI further realleges and reaffirms all exceptions which have been filed by other parties as if copied herein *in extenso* and re-urges and reserves the right to argue those exceptions and affirmative defenses at the appellate level. Further, RBCI respectfully pleads any and all

other defenses and/or affirmative defenses available to it under applicable law and respectfully reserves the right to supplement and/or amend its answer as may hereafter be appropriate.

49.

If another party has obtained an order for a trial by jury, Defendant reserves its right to request a trial by jury should that party waive the jury or not fulfill any procedural requirement to have this case tried by a jury.

50.

RBCI denies all paragraphs wherein it is alleged or implied that RBCI ever manufactured any asbestos containing products.

51.

RBCI denies all paragraphs wherein it is alleged or implied that RBCI ever packaged the products of other companies and/or held them out as its own.

52.

RBCI pleads that Louisiana Workers Compensation Law provides the exclusive remedy for any injury and/or damages claimed by Plaintiff during any time period when Plaintiff was a direct employee of RBCI, if applicable; Claims made on behalf of Plaintiff for claims and/or injuries during the course and scope of her work as a direct employee of RBCI are barred by the Worker's Compensation Act.

**WHEREFORE**, Defendant Reilly-Benton Company, Inc. prays that this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment rendered in favor of RBCI and against plaintiff, dismissing the petitions with prejudice, taxing all costs of these proceedings against plaintiff, awarding reasonable attorney's fees to RBCI and awarding any and all other relief that law, justice, and equity require.

Respectfully submitted,

WILLINGHAM, FULTZ & COUGILL, LLP

_____
THOMAS L. COUGILL (LSBA No. 31112)
JAMIE M. ZANOVEC (LSBA No. 29995)
JENNIFER D. ZAJAC (LSBA No. 28564)
JENNIFER H. McLAUGHLIN (LSBA No. 31768)
Wells Fargo Bank Building
5625 Cypress Creek Pkwy, 6th Floor
Houston, Texas 77069
Telephone: (713) 333-7600
Facsimile: (713) 333-7601

**ATTORNEYS FOR DEFENDANT,
REILLY-BENTON COMPANY, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon Plaintiff's counsel of record, by depositing same in the United States Postal Service, properly addressed and postage prepaid, and upon all defense counsel of record via electronic transmission this 7th day of June, 2017.

Thomas L. Cougill

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

**DOCKET NO. 2017-4662**          **SECTION 7**          **DIVISON "F"**

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC.,
f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED:_____          DEPUTY CLERK: _____

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, the undersigned hereby requests written notice of the date set for trial of the above-numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten days before any trial date.

The undersigned also requests notice of signing of any final judgment or the rendition of any interlocutory order or judgment in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

WILLINGHAM, FULTZ & COUGILL, LLP

_____
THOMAS L. COUGILL (LSBA No. 31112)
JAMIE M. ZANOVEC (LSBA No. 29995)
JENNIFER D. ZAJAC (LSBA No. 28564)
JENNIFER H. McLAUGHLIN (LSBA No. 31768)
Wells Fargo Bank Building
5625 Cypress Creek Pkwy, 6th Floor
Houston, Texas 77069
Telephone: (713) 333-7600
Facsimile: (713) 333-7601
**ATTORNEYS FOR DEFENDANT,
REILLY-BENTON COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all interested parties pursuant to the Louisiana Code of Civil Procedure on this the 7th day of June, 2017.

_____
Thomas L. Cougill

1