CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-4662                                                    DIVISION "F"

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., *et al.*

FILED:_____        _____
                                                    DEPUTY CLERK

## THE TRAVELERS INDEMNITY COMPANY'S
## EXCEPTION OF IMPROPER VENUE

**NOW INTO COURT**, through undersigned counsel, comes The Travelers Indemnity Company (improperly named in the Petition for Damages as "The Travelers Insurance Company") ("Travelers"), as an alleged insurer of the "Executive Officers of Avondale Industries, Inc.,"[1] who files this venue exception with respect to its alleged liability for the following persons: James O'Donnell, George Kelmell, J. D. Roberts, Ollie Gatlin, James T. Cole, Steven Kennedy, J. Melton Garrett, Earl Spooner, Albert Bossier, Jr., Burnette "Frenchy" Bordelon, Edward A. Blanchard, John Chantry and Peter Territo (hereinafter collectively referred to as the "Non-Orleans Parish Domiciliaries").

The Louisiana Direct Action Statute, La. R.S. 22:1269, dictates that venue in Orleans Parish is improper with respect to Plaintiff's claims against Travelers, in its capacity as an alleged insurer of several of the Non-Orleans Parish Domiciliaries, because Plaintiff cannot carry his burden to establish that (1) he sustained any injury (*i.e.*, exposure to asbestos) in Orleans Parish; or that (2) the alleged insureds of Travelers, the

---

[1] Plaintiff's Petition for Damages asserts that Travelers insures the following so-called "Executive Officers of Avondale Industries, Inc.": Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon.  (Exhibit "A," Plaintiff's Petition for Damages at ¶ 2(21), p. 1.)

Non-Orleans Parish Domiciliaries, are (or were at their time of death) domiciled in Orleans Parish.

WHEREFORE, Travelers respectfully requests that this Court sustain its Exception of Improper Venue, and either dismiss Plaintiff's claims against Travelers in its capacity as an alleged insurer of the Non-Orleans Parish Domiciliaries, or transfer these claims against Travelers to a parish where venue is proper.

Respectfully Submitted:

_____

**Kristopher T. Wilson, La. Bar No. 23978**
**Katherine O. Hannan, La. Bar No. 29503**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: kwilson@lawla.com
          khannan@lawla.com
**Attorneys for The Travelers Indemnity Company (improperly named "The Travelers Insurance Company"), as an alleged insurer of the following purported "Executive Officers of Avondale Industries, Inc.":  Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2017, a copy of this pleading has been served upon all counsel to this action by email, facsimile and/or by depositing same in the United States mail, properly addressed and first class postage prepaid.

_____

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-4662                                                DIVISION "F"

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., *et al.*

.

FILED:_____        _____
                                                      DEPUTY CLERK

THE TRAVELERS INDEMNITY COMPANY'S
MEMORANDUM IN SUPPORT OF
EXCEPTION OF IMPROPER VENUE

MAY IT PLEASE THE COURT:

Robert J. Templet, Sr. ("Plaintiff") asserts a claim under the Louisiana Direct

Action Statute against The Travelers Indemnity Company (improperly named "The

Travelers Insurance Company") ("Travelers"), as an alleged insurer of certain alleged

executive officers of Avondale Industries, Inc.,[1] the following of whom are not (or were

not at their time of death) Orleans Parish domiciliaries: John David Roberts, Steven

Kennedy, John Chantrey, Ollie Gatlin, James Melton Garrett, Earl Spooner, Albert

Bossier, Jr., Burnette "Frenchy" Bordelon, James T. Cole, Eddie Blanchard, James

O'Donnell, George Kelmell, Ewing Moore, Pete Territo and J.D. Roberts (collectively,

"Non-Orleans Parish Domiciliaries"). Plaintiff, however, cannot carry his burden to

establish that (1) he sustained any injury (*i.e.*, exposure to asbestos) in Orleans Parish; or

that (2) Travelers alleged insureds, the Non-Orleans Parish Domiciliaries are (or were at

their time of death) domiciled in Orleans Parish. Accordingly, the Louisiana Direct

---

[1] Plaintiff's Petition for Damages asserts that Travelers insures the following so called "Executive Officers of Avondale Industries, Inc.": *Henry "Zac" Carter, C. Edwin Hartzman,* Albert Bossier, Jr., *Hettie Margaret Dawes-Eaves,* James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, *John McQue,* James T. Cole and Burnette "Frenchy" Bordelon. (Exhibit "A," Plaintiff's Petition for Damages at ¶ 2(21), p. 1.) Note that Travelers does not bring this venue exception with respect to the four "Executive Officers of Avondale Industries, Inc." whose name appears in italics.

Action Statute's venue provision, La. R.S. 22:1269(B), does not allow Plaintiff to pursue his claims against Travelers, as an alleged insurer of the Non-Orleans Parish Domiciliaries, in Orleans Parish.   Therefore, Plaintiff's claims against Travelers as an alleged insurer of the Non-Orleans Parish Domiciliaries should be dismissed, or alternatively this litigation should be transferred to a proper forum.

## I.   FACTS AND ALLEGATIONS RELATED TO VENUE

The Direct Action Statute limits venue against an insurer to the parish where the injury occurred, the parish where the insured resides, or the location of the insurer's registered agent:

> Such action may be brought . . . in the parish in which the accident or injury occurred or the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed in Code of Civil Procedure Article 42 only.[2]

With the Direct Action Statute's venue provision in mind, the determination of whether venue in Orleans Parish is proper against Travelers is controlled by the following facts/allegations:

1. The Petition for Damages does not allege that Plaintiff, Robert J. Templet, Sr., sustained asbestos exposures in Orleans Parish.   Rather, the Petition for Damages alleges that Plaintiff sustained asbestos exposures while working for Avondale Industries, Inc., which was located in Jefferson Parish.[3]

2. Plaintiff does not allege that the Non-Orleans Parish Domiciliaries are (or were at their time of death) domiciled in Orleans Parish.[4]

3. La. C.C.P. article 42 venue for Travelers is located in East Baton Rouge Parish -- where Travelers may be served via the Louisiana Secretary of State's office.

## II.   LAW AND ARGUMENT

### A. The Louisiana Direct Action Statute's Venue Precludes Plaintiff From Maintaining His Claims Against Travelers in Orleans Parish

The Louisiana Direct Action Statute, La. R.S. 22:1269, establishes very limited parishes of proper venue for a direct action claim against an insurer, such as Plaintiff's claims against Travelers as an alleged insurer of the Non-Orleans Parish Domiciliaries.

---

[2] La. R.S. 22:1269(B).

[3] Exhibit "A," Plaintiff's Petition for Damages at ¶ 10.

[4] Although Plaintiff bears the burden of proof to establish that venue is proper in Orleans Parish, for the convenience of the Court, Travelers attaches death certificates and deposition testimony showing that the Non-Orleans Parish Domiciliaries were not domiciled in Orleans Parish at the time of their deaths. (See, Exhibit "B".)

Specifically, the Direct Action Statute limits venue to the parish where the injury occurred, the parish where the insured resides, or the location of the insurer's registered agent – East Baton Rouge Parish. *See*, La. R.S. 22:1269(B)(1), *supra*.

Moreover, in order to defeat an exception of improper venue, it is *Plaintiff's burden* to establish that venue is properly lodged in Orleans Parish. *See, Person v. T L. James & Company,* 97-24746 (La. App. 4 Cir. 05/20/98); 712 So.2d 1050 and *Crawford v. Blue Cross and Blue Shield of Louisiana,* 2000-2026 (La. App. 4 Cir. 12/05/01); 814 So.2d 574.  In both *Person* and *Crawford*, the court reversed the trial court's overruling of exceptions of improper venue, because, as in this case, the plaintiffs were not able to present evidence that venue was proper.

In *Blow v. OneBeacon Am. Ins. Co.*, No. 2016-C-0301 (La. App. 4 Cir. 04/20/16) 193 So.3d 244, the Louisiana Fourth Circuit, in an *En Banc* decision, recently reaffirmed that Orleans Parish is not a proper venue against a direct action insurer unless the claimant can establish either: (1) the alleged insured is domiciled in Orleans Parish, or (2) the claim results from asbestos exposures occurring in Orleans Parish. *Id.* at 251- 252. *See also, Trascher v. Northrop Grumman Ship Sys., Inc.*, 2010-1287 (La. 9/17/10), 43 So. 3d 961, 962 (where the claimants cannot establish facts showing asbestos exposures occurred in Orleans Parish, Orleans Parish is not a proper venue for suit against the insurers of Avondale's executive officers who reside outside of Orleans Parish.)

The same result applies here.  The Petition for Damages does not allege that Plaintiff sustained asbestos exposures in Orleans Parish.  Likewise, there is no evidence that any of the Non-Orleans Parish Domiciliaries are (or were at their time of death) domiciled in Orleans Parish.  Accordingly, Plaintiff cannot meet his burden of proof for establishing that venue is proper in Orleans Parish against Travelers for the Non-Orleans Parish Domiciliaries' alleged liability, and Plaintiff's claims against Travelers for their alleged liability should be dismissed, or this case should be transferred to a proper forum.

**B. Plaintiff's Allegations Related to Venue Under La. Code Civ. P. Articles 73 and 74 are Inapplicable**

The Petition for Damages declares that venue is proper in Orleans Parish pursuant

to:

- La. Code Civ. P art. 73 against *all* defendants because *certain* of the defendants are allegedly domiciled in Orleans Parish;[5]

- La. Code Civ. P. art 74 against *all* defendants because *certain* of the defendants committed wrongful conduct in Orleans Parish.[6]

This is an incorrect statement of law with respect to the claims against Travelers as the alleged insurer of the Non-Orleans Parish Domiciliaries. The other defendant's domicile being in Orleans Parish, as well as the location of the other defendants' alleged wrongful acts, are not legally sufficient to maintain a Direct Action claim against Travelers in Orleans Parish for the Non-Orleans Parish Domiciliaries' alleged liability.

"[I]t is well-settled that when two statutes apply to the same situation, the specific statute prevails over the general one." *Silver Dollar Liquor, Inc. v. Red River Parish Police Jury*, 10–2776, p. 10 (La. 9/7/11), 74 So.3d 641, 648. In this instance, the Direct Action Statute contains a venue provision that specifically directs where a plaintiff can bring a claim under the Direct Action Statute.

In *Trascher, supra,* the Louisiana Supreme Court addressed this issue under nearly identical circumstances and sustained the insurer's exception of improper venue. *Id.* at 962. In that case, none of the alleged insureds were domiciled in Orleans Parish. *Id.* at 961. The *Trascher* plaintiffs opposed the exception, asserting that, because some of the other defendants were domiciled in Orleans Parish, venue was proper in Orleans Parish as to all solidary defendants by operation of La. C.C.P. art. 73. *Id.* The Supreme Court rejected that assertion, holding that the use of the term "Article 42 only" in La. R.S. 22:1269 excluded reference to the venue exceptions, including La. C.C.P. art. 73. *See also, Green v. Auto Club Group Ins. Co.*, 08–2868 at p. 4, n. 4 (La.10/28/09), 24 So.3d 182, 184 ("The addition of the word "only" in the Direct Action Statute was intended to make clear that the venue exceptions in La. Code Civ. P. arts. 71–85 did not apply."); *Blow v. OneBeacon Am. Ins. Co.*, No. 2016-C-0301 (La. App. 4 Cir. 04/20/16) 193 So.3d 244, 252 ("And plaintiffs bringing suit in accordance with the Direct Action Statute

---

[5] Exhibit "A," Plaintiff's Petition for Damages at ¶ 9.
[6] Exhibit "A," Plaintiff's Petition for Damages at ¶ 8.

cannot take advantage of the exceptions to La. C.C.P. art. 42's general venue provisions, including La. C.C.P. art. 73.")

Because the Direct Action Statute provides a specific venue provision for claims brought under the statute, the Direct Action Statute's venue provision controls the determination of whether Plaintiff's claims against Travelers are properly venued in Orleans Parish. Accordingly, venue under La. Code Civ. P. articles 73 and 74 cannot be considered when determining whether Orleans Parish is a proper venue for Plaintiff's claims against Travelers as the alleged insurer of the Non-Orleans Parish Domiciliaries.

### III.   CONCLUSION

Travelers prays that this Honorable Court grant its Exception of Improper Venue, and that all claims against Travelers as an insurer of the Non-Orleans Parish Domiciliaries be dismissed, or, alternatively, transfer this entire lawsuit to a proper forum. Travelers also prays for all other relief to which it may be entitled by law or equity.

Respectfully Submitted:

**Kristopher T. Wilson, La. Bar No. 23978**
**Katherine O. Hannan, La. Bar No. 29503**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: kwilson@lawla.com
        khannan@lawla.com
**Attorneys for The Travelers Indemnity Company (improperly named "The Travelers Insurance Company"), as an alleged insurer of the following purported "Executive Officers of Avondale Industries, Inc.":   Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2017, a copy of this pleading has been served upon all counsel to this action by email, facsimile and/or by depositing same in the United States mail, properly addressed and first class postage prepaid.

_____

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-4662                                                  DIVISION "F"

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC., *et al.*

FILED:_____        _____
                                        DEPUTY CLERK

<u>RULE TO SHOW CAUSE</u>

**CONSIDERING THE FOREGOING** Exception of Improper Venue filed by The Travelers Indemnity Company (improperly named "The Travelers Insurance Company");

**IT IS HEREBY ORDERED** that Plaintiff, Robert J. Templet, Sr., show cause on the ____ day of _____, 2017, at __ o'clock __.m. why The Travelers Indemnity Company's Exception of Improper Venue should not be granted.

**NEW ORLEANS, LOUISIANA,** this ____ day of _____, 2017.

_____
**J U D G E**

**PLEASE SERVE:**
**ROBERT J. TEMPLET, SR.**
**THROUGH HIS ATTORNEY OF RECORD:**

Mickey P. Landry
Philip C. Hoffman
Landry & Swarr, LLC
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Tel: (504) 299-1214

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS 2017 MAY 15 P 1:02

STATE OF LOUISIANA

NO. 17-4662

SECTION 7

DIVISION "E"

ROBERT J. TEMPLET, SR.

VERSUS

AVONDALE INDUSTRIES, INC.,
f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____          _____
                                                    DEPUTY CLERK

PETITION FOR DAMAGES

COMES NOW Petitioner, Robert J. Templet, Sr., by and through undersigned counsel, who respectfully represents as follows:

1.      Petitioner Robert J. Templet, Sr. is an adult resident citizen of the State of Louisiana.

2.      Made Defendants herein are the following, either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner (also referred to as Plaintiff herein), for the claims asserted herein:

**ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

1.    CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION);
2.    EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;
3.    FIRST STATE INSURANCE COMPANY, as the insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;
4.    GEORGIA-PACIFIC LLC, individually and as successor-in-interest to Georgia-Pacific Corporation;
5.    GOULDS PUMPS LLC
6.    HOPEMAN BROTHERS, INC.;
7.    INTERNATIONAL PAPER COMPANY (*individually and as successor by merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by merger with* UNITED STATES PLYWOOD CORPORATION);
8.    LIBERTY MUTUAL INSURANCE COMPANY as the insurer of WAYNE MANUFACTURING COMPANY;
9.    McCARTY CORPORATION;
10.   MARYLAND CASUALTY COMPANY as the insurer of MARQUETTE INSULATION, INC.;
11.   METROPOLITAN LIFE INSURANCE COMPANY;
12.   REILLY-BENTON COMPANY, INC.;
13.   TAYLOR-SEIDENBACH, INC.;
14.   UNION CARBIDE CORPORATION;
15.   UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), as the insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;

1



EXHIBIT
A

**EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICERS**

16. AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED;

17. ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.;

18. J.D. ROBERTS, As an Executive Officer of Avondale Industries, Inc.;

19. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the liability insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via service of process by the Direct Action Statute L. R. S. 22:655), which may be served through the Louisiana Secretary of State Tom Schedler at Twelve United Plaza, 8585 Archives Avenue, Baton Rouge, LA 70809;

20. ONEBEACON INSURANCE COMPANY, f/k/a Commercial Union Insurance Company, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655);

21. THE TRAVELERS INSURANCE COMPANY, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, J. Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655);

3. Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42 because this action is brought in a parish of proper venue as to the Defendants, deceased Executive Officers Henry "Zac" Carter, Hettie Margaret Dawes-Eaves and Edwin Hartzman, who at the time of their deaths were domiciled in Orleans Parish, which is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42; and pursuant to *Dempster v. A.P. Green Industries, Inc.*, 753 So.2d 330 (La. App. 4th 2000) is the domicile of the insurer.

4. Defendants Travelers, OneBeacon and Certain Underwriters at Lloyds are insurance companies authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurers of Deceased Avondale Executive Officers Hartzman, Carter and Dawes-Eaves, all of who were domiciled in Orleans Parish at their respective time of death, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

5. Defendant Maryland Casualty Company as the insurer of Marquette Insulation, Inc. is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times

2

pertinent herein was the liability insurer of Marquette Insulation, Inc., and Marquette Insulation, Inc. was domiciled in in Orleans Parish at its respective time of dissolution, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

6.     Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

7.     Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Eagle, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish (2431 Clio Street, New Orleans, Louisiana 70113).

8.     This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 74 because wrongful conduct occurred and resultant damages were sustained within Orleans Parish.

9.     This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Plaintiff's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioner with each of its co-defendants, and defendants Eagle, Inc., Taylor-Seidenbach, Inc., Maryland Casualty Company as the insurer of Marquette Insulation, Inc. and OneBeacon, Travelers and Certain Underwriters at Lloyds as the insurers of the Avondale executive officers named in Paragraph 4, are domiciled in Orleans Parish.

## BACKGROUND

10.     Petitioner Robert J. Templet, Sr. suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants, which exposure ultimately resulted in his contraction of malignant mesothelioma. Petitioner Robert J. Templet, Sr. was employed by Avondale Industries, Inc. from 1968 to 2002. While working in Louisiana from 1968 to 2002, Petitioner's work sites, trades and years of exposure to asbestos include, but are not limited to, those identified in Exhibit "A". During the course and scope of his employment as set forth in Exhibit "A", during certain years, Petitioner used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein dangerously high levels of asbestos fibers escaped into the ambient air of the work place, resulting in Petitioner breathing those fibers, subsequently causing the development of diffuse malignant pleural mesothelioma.

3

11.     Before and during Robert J. Templet, Sr.'s exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed in Paragraph 10, where Petitioner was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

12.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

13.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

14.     As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 10, Petitioner Robert J. Templet, Sr. contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Robert J. Templet, Sr.'s malignant mesothelioma was diagnosed in or around February 2017.

16.     Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, Petitioner has only recently discovered his injuries and not more than one year preceding this filing of this Petition for Damages.

17.     Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

18.     Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, including but not limited to the Outer Continental Shelf. Specifically, Petitioner does not allege nor will he claim that any asbestos exposure occurred on or arose from activities related to the Outer Continental Shelf.

### NEGLIGENCE ALLEGATIONS AGAINST
### MANUFACTURING AND CONTRACTOR DEFENDANTS

19.     The Defendants, CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION), HOPEMAN

4

BROTHERS, INC. and LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Co. were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Exhibit "A", from which Petitioner Robert J. Templet, Sr.was exposed.

20.     The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Petitioner Robert J. Templet, Sr. in the following manner:

a.     lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d.     lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.     failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.     failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g.     failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

j.     failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.     failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l.     failure to inform Petitioner Robert J. Templet, Sr. of the need for adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Petitioner Robert J. Templet, Sr.'s clothing; and

5

m.    failure to inform or warn Petitioner Robert J. Templet, Sr. of the hazards of asbestos exposure; and,

21.    The use of defendants' products and asbestos-containing equipment, negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

22.    Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

### STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS

23.    The Defendants GEORGIA-PACIFIC LLC, individually and as successor-in-interest to Georgia-Pacific Corporation and GOULDS PUMPS LLC were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Exhibit "A", from which Petitioner Robert J. Templet, Sr. was exposed.

24.    The Defendant GOULDS PUMPS LLC manufactured, rebranded, distributed, sold and otherwise placed into the stream of commerce various asbestos-containing products, including, but not limited to, asbestos-containing pumps, asbestos-containing valves, asbestos-containing turbines, asbestos-containing boilers and furnaces, asbestos-containing compressors, asbestos-containing braking systems for vehicles, asbestos-containing brake assemblies, asbestos-containing brake linings, asbestos-containing clutch assemblies and other asbestos-containing materials. Defendants asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, brake assemblies and clutch assemblies and other equipment contained, among other things, asbestos-containing gaskets, asbestos-containing packing, asbestos-containing brakes, asbestos-containing clutches, asbestos-containing cloth, asbestos-containing block, asbestos-containing pipe insulation, asbestos-containing refractory, asbestos-containing blankets and/or asbestos-containing board when sold, which were designed, expected and intended to wear out and be replaced on a regular basis during the lifetime of the equipment. Furthermore, Defendants knew, expected and intended that the asbestos-containing components of its pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment were designed, expected and

6

intended to wear out and be replaced during the useful lifetime of these pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment and would be replaced with additional asbestos-containing replacement parts and that the hazards attendant with working with or around the asbestos-containing replacement parts would be identical to those of working with the original parts. Finally, Defendants profited from selling asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment that were designed to outlive the first asbestos-containing gaskets, packing, blankets, cloth, thermal insulation, refractory, boards, brake and clutch linings that were provided with them. That is, by designing and manufacturing a piece of equipment whose body, engine and braking systems (and other components) were designed and constructed to outlive the first set of asbestos-containing gaskets, packing, blankets, cloth, thermal insulation, refractory, boards, brake and clutch linings supplied with the piece of equipment, the defendants were able to sell their asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, braking systems and other equipment for far more money and profit than they would have been able to sell a pump, valve, turbine, boilers, furnaces, compressors, vehicles, braking system or other equipment that only lasted as long as the first set of asbestos-containing gaskets, packing, blankets, cloth, boards, brake and clutch linings. Additionally, the Defendants' insured against the dangers of the expected and intended uses of their asbestos-containing pumps, valves, turbines, boilers, furnaces, compressors, vehicles, brake assemblies, clutch assemblies and other equipment, including but not limited to the dangers at issue in this case.

25.     The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner who was an intended and foreseeable user and bystander who was exposed to these asbestos products or asbestos-containing equipment. These defects include, without limitation, the following:

      a.     the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

      b.     the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

      c.     lack of warning or of sufficient warning of the hazards these products would present in

7

the course of their normal foreseeable use or intended use;

d.     lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.     failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.     failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g.     failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h.     failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i.     defects in the composition and construction of these products;

j.     failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.     failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

n.     overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants; and

o.     liability to Petitioner in strict liability for things in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

26.     The defective conditions of defendants' products and asbestos-containing equipment and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

27.     Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

**STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER, AND CONTRACTOR DEFENDANTS**

28.     As to INTERNATIONAL PAPER COMPANY (*individually and as successor by merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by merger with* UNITED STATES PLYWOOD CORPORATION), MARYLAND CASUALTY COMPANY as the insurer of

8

MARQUETTE INSULATION, INC., McCARTY CORPORATION, REILLY-BENTON COMPANY, INC., TAYLOR-SEIDENBACH, INC. and UNION CARBIDE CORPORATION, Petitioner asserts causes of action in strict liability for the manufacture and sale of unreasonably dangerous asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

29.   As to the Defendants listed in Paragraph 28, Petitioner asserts causes of action in negligence for the sale and supply of asbestos and asbestos-containing products and failure to warn, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

30.   As to the Defendants listed in Paragraph 28, Petitioner asserts causes of action in strict products liability as the commercial supplier of asbestos and asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

31.   As to the Defendants listed in Paragraph 28, Petitioner asserts causes of action in negligence for the lack of reasonable care in the handling, use, installation and removal of asbestos-containing products in the vicinity of Petitioner and failure to warn, and strict *garde* liability for damages caused by products within their care, custody, and control, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

32.   The Defendants listed in Paragraph 28 sold asbestos-containing insulation and building products to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the plaintiff's exposure period from the late 1960s through at least the late 1970's. They knew or should have known they were selling unreasonably dangerous products and failed to warn about those dangers. In addition, these Defendants were and are liable as a "professional vendor" of asbestos-containing products. In addition, these Defendants are liable for "manufacturing" asbestos containing products, including pipe insulation, cement, gaskets, blankets and fittings, marinite/micarta "sandwich" boards, which they sold to, or used during insulation or other contract work performed at, Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from the late 1960s through at least the late 1970s. Petitioner was exposed to said products. Said products were unreasonably dangerous *per se*, unreasonably dangerous in normal use, and dangerous in design or composition. In addition, said products were unreasonably dangerous because these Defendants failed to properly warn workers, including Petitioner, of those dangers. In addition, the owners and operators of Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the exposure period from the late 1960s through at least the late 1970s contracted with one or more of these Defendants to perform insulation or other contracting work, involving the installation, removal, handling and/or manipulation of

9

asbestos-containing material.  Said insulation work had the direct result of releasing into the workplace atmosphere, within Petitioner's breathing zone, dangerous levels of asbestos dust and fibers. Consequently, Petitioner was exposed to, and inhaled, said asbestos dust and fibers, sustaining injury to his lungs, culminating in development of mesothelioma.  These Defendants were negligent in failing to isolate their work activities involving asbestos, not warning bystanders regarding the dangers of inhaling asbestos dust, and not using proper administrative and engineering controls, such as proper ventilation and wet-down techniques, to minimize and/or eliminate asbestos exposure suffered by bystander employees, including Petitioner.  In addition, these Defendants held out to the public, by their representations and packaging, including the use of boxes, cartons or bags bearing the name or logo of their company, that they were the manufacturers of the asbestos-containing products which they sold to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from the late 1960s through at least the late 1970s.  Consequently, under Louisiana law, these Defendants are deemed to be "manufacturers" of the asbestos-containing products they sold, and are strictly liable for the injury they caused to Petitioner.

33.    The asbestos-containing products manufactured, distributed, and/or sold by these Defendants were unreasonably dangerous in normal use, were defective in design or composition, were dangerous *per se* and/or were dangerous because of a lack of a proper warning regarding their dangers.  In addition, these Defendants made various representations and warranties regarding the safety, efficacy or desirability of using their asbestos-containing products.  These Defendants are liable for breaching these warranties because, in fact, their asbestos-containing products are extremely dangerous and are not particularly useful due to the availability of asbestos-free substitute products.  Further, these Defendants failed to properly warn the Petitioner of the dangers associated with the use of such products, including the risk of developing mesothelioma, cancer and other lung diseases.

34.    These Defendants are strictly liable for manufacturing and selling dangerous and defective products.  Alternatively, they are liable for their negligence in manufacturing and selling dangerous and defective asbestos-containing products and for failing to properly warn regarding their dangers.

35.    As a result of the defective and unreasonably dangerous condition, design and composition of the asbestos-containing product manufactured, distributed and/or sold by these Defendants, the Petitioner, was exposed to and caused to inhale, during the Petitioner's exposure period from the late 1960s through at least the late 1970s dangerous amounts of asbestos dust and fibers.  As a direct result, he developed mesothelioma from which he currently suffers.

36.   The aforementioned acts and omissions of the defendants, for which they are solidarily and jointly liable, under a strict liability or negligence standard, proximately caused the Petitioner's injuries, damages and losses.

**NEGLIGENCE ACTION AGAINST AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, AND ITS EXECUTIVE OFFICERS**

37.   Plaintiff was exposed to asbestos-containing products directly from AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, from approximately 1968 through at least 1979.  Plaintiff's exposure to asbestos products occurred without fault on his part.  Petitioner hereby alleges that AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers, John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr.,   C. Edwin Hartzman, John Mcque, Burnette, "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves,  James O'Donnell, George Kelmell, and Pete Territo are liable for injuries, as alleged, arising out of the negligent conduct of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its corporate executive officers as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

38.   As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos from Avondale Shipyards, Inc., Petitioner has received injuries, both physically and mentally, including, without limitation, all of the ramifications of malignant mesothelioma.

39.   AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Plaintiff in the following:

   a.     failed to provide the Petitioner with a safe work environment;

   b.     failed to provide the Petitioner with safety equipment;

   c.     failed to provide the Petitioner with correct, adequate, or proper safety equipment;

   d.     recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and

11

with regard to those specific hazards at the work site;

e.  recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

f.  failed to timely remove asbestos hazards from the work place;

g.  failed to properly supervise or monitor the work areas for compliance with safety regulations;

h.  failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

i.  failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of Petitioner.

40.     The above-described negligence, fault, and willful misconduct of these defendants were a proximate cause of the Petitioner's injuries.

41.     At all times throughout Robert J. Templet, Sr.'s exposure to asbestos present and used within AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED's facilities, AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

42.     At all material times herein, John David Roberts, Steve Kennedy,  John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr.,  C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo were executive officers of Huntington Ingalls, Inc. f/k/a Northrop Grumman Shipbuilding, Inc. (formerly Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc. and formerly Avondale Shipyards, Inc.) (hereinafter sometimes "Avondale" or "Avondale Industries, Inc.") with the specific responsibility for the

12

health and safety of Mr. Robert J. Templet, Sr. and his fellow employees during the time they were exposed to substances which resulted in Plaintiff's mesothelioma and other ill effects related thereto. Pursuant to Louisiana Revised Statute 22:655, plaintiff herein asserts a direct action against Travelers, One Beacon America Insurance Company (as successor to Commercial Union Insurance Company) and/or Lloyd's, who, at all times material herein, were the insurance carriers covering **John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr., C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo. John David Roberts, Steve Kennedy, John Chantrey, Ollie Gatlin, Melton Garret, Earl Spooner, Albert Bossier, Jr., C. Edwin Hartzman, John Mcque, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Edward A. Blanchard, Hettie Margaret Dawes-Eaves, James O'Donnell, George Kelmell, and Pete Territo** and Avondale were also insured by American Motorists Insurance Company (hereinafter referred to as "AMICO") for the liability asserted herein.

      43.    Under a "buy-back" contract and agreement between Northrop Grumman Shipbuilding, Inc. (Formerly, Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc., formerly Avondale Shipyards, Inc.) and American Motorists Insurance Company (currently in receivership) ("AMICO"), the Petitioner asserts an action against Avondale pursuant to La. Civil Code articles 1821-1823 because Avondale "bought-back" from AMICO the liability for successful claims against the Avondale executive officers named in this Petition, and Petitioner asserts a claim against Avondale for this liability pursuant to a buy-back contract and agreement.

      44.    On or about October 2004, Avondale Shipyards and AMICO entered into a written agreement that purported to fully and finally release AMICO from its obligation to pay third-party claims under certain liability insurance policies. These insurance policies had been in effect during the relevant time of tortious exposure to asbestos at Avondale Shipyards, as described supra. In exchange for the full and final release, Avondale Shipyards accepted policy proceeds sufficient to exhaust the policies and prevent Plaintiffs, including Robert J. Templet, Sr., from making a claim against the policies. Petitioner was a third party beneficiary to these liability insurance policies, which were issued by AMICO to Avondale and its executive officers and other employees to provide coverage for the types of claims at issue in this lawsuit. The agreement described herein unconstitutionally divested Petitioner of his substantive property right to pursue the liability insurers of his tortfeasor, after his asbestos exposure claims had accrued. AMICO is now in receivership and unavailable to Petitioner. Based on these

13

allegations, Petitioner alleges a claim against Avondale Shipyards under Articles 1821, et. seq. of the Louisiana Civil Code.

## INSURANCE ALLEGATIONS

45.     Defendant LIBERTY MUTUAL INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Wayne Manufacturing Company, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant LIBERTY MUTUAL INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

46.     Defendant FIRST STATE INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Eagle, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant FIRST STATE INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

47.     Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G), on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Eagle, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G) is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

48.     Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

49.     Defendant ONEBEACON AMERICA INSURANCE COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such,

14

Defendant ONEBEACON AMERICA INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

50.     Defendant TRAVELERS CASUALTY AND SURETY COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant TRAVELERS CASUALTY AND SURETY COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269)

51.     Defendant MARYLAND CASUALTY COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Marquette Insulation, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant MARYLAND CASUALTY COMPANY is directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 51, Petitioner requests that defendants be served with this petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioner for the following:

a.     all past, present and future medical costs or expenses related thereto;

b.     all past, present and future lost earnings;

c.     all past, present and future mental suffering, anguish, pain and suffering;

d.     all past, present and future physical pain and suffering;

e.     loss of quality of life; and

f.     Past, present, and future disability.

WHEREFORE Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

Respectfully submitted,

LANDRY & SWARR, LLC

FRANK J. SWARR, Bar No. 23322
MICKEY P. LANDRY, Bar No. 22817
PHILIP HOFFMAN, Bar No. 32277
MATTHEW CLARK, Bar No. 31102
AMANDA BALLAY, Bar No. 28630
1010 Common Street, Suite 2050

15

New Orleans, Louisiana 70112
Telephone:  (504) 299-1214
Facsimile:   (504) 299-1215

and

**THE NEMEROFF LAW FIRM**
*A Professional Corporation*

JEFFREY A. O'CONNELL, Bar No. 30282
RYAN P. PHILLIPS, Bar No. 36924
2626 Cole Avenue, Suite 450
Dallas, Texas 75204
Telephone:  (214) 774-2258
Facsimile:   (214) 393-7897

COUNSEL FOR PLAINTIFF

**PLEASE SERVE THE FOLLOWING:**

1.   CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION
     f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
     A Delaware Corporation
     Through its registered agent:
     Corporation Service Company
     320 Somerulos St.
     Baton Rouge, LA 70802

2.   CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION
     f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
     Through the Louisiana Long Arm Statute:
     CBS Headquarters
     51 W. 52nd Street
     New York, NY 10019-6188

3.   EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
     Through its agent for service of process:
     Susan B. Kohn
     1100 Poydras Street
     30th Floor
     New Orleans, LA 70163

4.   FIRST STATE INSURANCE COMPANY, as the insurer of EAGLE, INC., f/k/a Eagle Asbestos
     & Packing Co., Inc.
     Through the Louisiana Secretary of State
     8585 Archives Avenue
     Baton Rouge, LA 70809

5.   GEORGIA-PACIFIC LLC, individually and as successor-in-interest to Georgia-Pacific
     Corporation
     Through its agent for service of process:
     C.T. Corporation System
     3867 Plaza Tower Drive
     Baton Rouge, LA 70816

6.   GOULDS PUMPS LLC
     Through its agent for service of process:
     C.T. Corporation System
     3867 Plaza Tower Drive
     Baton Rouge, LA 70816

16

7.    HOPEMAN BROTHERS, INC.
      A Delaware Corporation
      Through the Secretary of State:
      C.T. Corporation System
      4701 Cox Road, Suite 285
      Glen Allen, VA 23060

8.    HOPEMAN BROTHERS, INC.
      A Delaware Corporation
      Through the Louisiana Long Arm Statute:
      435 Essex Ave.
      Waynesboro, VA 22980

9.    INTERNATIONAL PAPER CO. F/K/A CHAMPION INTERNATIONAL F/K/A US
      PLYWOOD, A non-Louisiana company
      Through its registered agent:
      CT Corporation System
      3867 Plaza Tower Drive
      Baton Rouge LA 70816

10.   LIBERTY MUTUAL INSURANCE COMPANY, As the insurer of Wayne Manufacturing
      Company
      Through the Louisiana Secretary of State
      8585 Archives Avenue
      Baton Rouge, LA 70809

11.   MARYLAND CASUALTY COMPANY
      As the insurer of MARQUETTE INSULATION, INC.
      Through the Louisiana Secretary of State
      8585 Archives Avenue
      Baton Rouge, LA 70809

12.   McCARTY CORPORATION
      A Louisiana Corporation
      Through its registered agent:
      Paul H. Spaht
      445 North Blvd., Suite 300
      Baton Rouge, LA 70802

13.   METROPOLITAN LIFE INSURANCE COMPANY
      Through the Louisiana Secretary of State
      8585 Archives Avenue
      Baton Rouge, LA 70809

14.   REILLY-BENTON COMPANY, INC.
      A Louisiana Corporation
      Through its registered agent:
      Thomas Cougill
      Willingham, Fultz & Cougill
      8550 United Plaza Blvd., Suite 702
      Baton Rouge, LA 70809

15.   TAYLOR-SEIDENBACH, INC.
      A corporation duly organized, created and existing under and by virtue of the laws of the state of
      Louisiana, with its principal place of business in New Orleans, Louisiana
      Through its registered agent:
      Robert I. Shepard
      731 South Scott Street
      New Orleans, Louisiana 70119

17

16.    UNION CARBIDE CORPORATION
Through its registered agent:
C.T. Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

17.    UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), as the insurer of
EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

18.    HUNTINGTON INGALLS INCORPORATED f/k/a NORTHROP GRUMMAN SHIP
SYSTEMS, INC. f/k/a AVONDALE INDUSTRIES, INC.
Through its registered agent:
C.T. Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

19.    ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.
Through Brian C. Bossier
Blue Williams LLP
3421 N. Causeway Boulevard, Ninth Floor
Metairie, LA 70002

20.    J.D ROBERTS, As an Executive Officer of Avondale Industries, Inc.
Through R. Dean Church
Law Offices of R. Dean Church
14236 Highway 90
Boutte, LA 70039

21.    CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer
registered to do or doing business in the State of Louisiana, as the liability insurers of the
Following Executive Officers of Avondale Industries, Inc.:  James Bull, Henry "Zac" Carter, C.
Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve
Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie
Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy"
Bordelon (via service of process by the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

22.    ONEBEACON INSURANCE COMPANY, f/k/a Commercial Union Insurance Company, As the
Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.:  Henry "Zac"
Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell,
Steve Kennedy, John Chantry, Pete Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard,
Ollie Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy"
Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

23.    THE TRAVELERS INSURANCE COMPANY, As the Liability Insurers of the Following
Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert
Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete
Territo, George Kelmell, J. D. Roberts, Edward A. Blanchard, Ollie Gatlin, Melton Garrett, Earl
Spooner, John McQue, James T. Cole  and Burnette "Frenchy" Bordelon (via Service of press via
the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

18

**PLAINTIFF'S ORIGINAL PETITION**
**EXHIBIT "A"**

Plaintiff:              Robert J. Templet, Sr.

Address:                5728 Fourth Street
                        Marrero, Louisiana 70072

Plaintiff's SSN:        xxx-xx-1383

Disease:                Asbestos-related malignant mesothelioma

Work History:           Jobsites and employers are not all inclusive, and Petitioner reserves the right to amend
                        this Exhibit after further discovery is completed.  Dates are best approximations:

| EMPLOYER | SITE | CRAFT | YEARS |
|---|---|---|---|
| Avondale Shipyards, Inc. | Avondale Shipyard – Bridge City, LA | Laborer | 1968 - 2002 |

```
 1              CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
                           STATE OF LOUISIANA
 2                            DIVISION "K"
                            DOCKET NO. 4
 3

 4     ROSE HOUSTON                    ) (
                                       ) (
                                       ) (
 5     VS.                             ) (     NO. 82-0515
                                       ) (
 6     AVONDALE SHIPYARDS, INC.,       ) (
       ET AL                           ) (
 7                                     ) (

 8

 9          DISCOVERY DEPOSITION OF STEVEN J. KENNEDY

10                      December 7, 1985

11     A P P E A R A N C E S:

12               MR. JOSEPH B. BRUNO
13               Attorney At Law
                 825 Baronne Street
14               New Orleans, Louisiana 70113

15                    COUNSEL FOR PLAINTIFF

16               MS. CAROLYN P. ROUSSELL
                 Camp, Carmouche, Barsh, Hunter, Gray,
17               Hoffman, & Gill
                 Suite 3100 - Poydras Center
18               650 Poydras Street
                 New Orleans, Louisiana 70139-6121
19
                      COUNSEL FOR DEFENDANT
20               MINE SAFETY APPLIANCES COMPANY

21               MR. SAMUEL ROSAMOND
                 Attorney At Law
22               600 Carondelet Street, Suite 706
                 New Orleans, Louisiana 70130

23                    ATTORNEY FOR DEFENDANT
24               COMMERCIAL UNION INSURANCE COMPANY

25
```

EXHIBIT
B

STEVEN J. KENNEDY,

having been first duly cautioned, examined and sworn

upon his oath to tell the truth, the whole truth,

and nothing but the truth, testified as follows:

E X A M I N A T I O N

BY MS. ROUSSELL:

Q   Mr. Kennedy, state your full name for the record.

A   Stephen James Kennedy.

Q   When were you born?

A   August 1, 1919.

Q   What is your address?

A   58 Sawyer Street, Orange Grove, Texas.

Q   And the zip code?

A   78372.

Q   And what is your social security number?

A   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.

Q   Home telephone number?

A   512/384-9752.

Q   What is your educational background?

A   Professionally as an electrical engineer and --

Q   Do you have a degree in electrical engineering?

A   Yes, ma'am.

Q   Where did you get that degree?

11

THE STATE OF TEXAS

COUNTY OF NUECES

I, RONNIE VERNON, a Certified Shorthand Reporter in and for The State of Texas, do hereby certify that the facts stated by me in the caption hereto are true; that the foregoing deposition of STEVEN J. KENNEDY, the witness hereinbefore named, was at the time named, taken by me in stenograph, the witness having been by me first duly cautioned and sworn upon his oath to tell the truth, the whole truth, and nothing but the truth, and later transcribed from stenograph to typewritten form.

I FURTHER CERTIFY that the above and foregoing deposition, as set forth in typewriting, is a full, true and correct transcription of the proceedings had.

I FURTHER CERTIFY that I am neither attorney or counsel for, nor related to or employed by any of the parties to the action in which this deposition is taken, and further that I am not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in the action.

CERTIFIED TO on this, the 23rd day of December, 1985.

*Ronnie Vernon*

RONNIE VERNON
Notary Public, The State of Texas
Cert. No. 894; Expires 12/31/86
Associated Reporters, Inc., 610
Lower N. Bdwy, Corpus Christi, Tx.

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

6425699

569186   STATE OF LOUISIANA
CERTIFICATE OF DEATH   File No. 117.

97 06 513

2013 JUN -6
CIVIL
DISTRICT COURT

Chantrey, Sr.   John   Alan   February 18, 1997

6720 2 nd   Male   White   Latrenc Cnandalla

February 16, 1940   57   Sharon, Pennsylvania   39

President & Owner   Schubert Marine   NO   0

No   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

1-72   Memorial Medical Center - Mid city   Yes
New Orleans   Orleans
361   10013 Idlewood Place   Jefferson   Louisiana
River Ridge   70123
26X   Chantrey   Frank   Pennsylvania   39
Walsh   Elsie   Sharon   Pennsylvania   39

Latrenc C. Chantrey   10013 Idlewood Plaza   Feb. 18, 1997
River Ridge, LA 70123   2/21/97

Leitz-Eagan Funeral Home
4747 Veterans Blvd.   W. James Eaken   West Lawn Cemetery   Gretna, LA   R-3190
Metairie, LA 70006   2285

031587   Jefferson   2/20/97

10/25/96   3/10/97   M. Smith M.D.   2/21/97
M. W. SEILER, M.D.   3100 Napoleon Ave., New Orleans

IN ACCORDANCE WITH LSA-R.S. 40:50 (C)
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY: Jennifer Logan

EXHIBIT
3 in globo

OCT 1 2 2010

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

Darlene W. Smith
STATE REGISTRAR

1

```
              CIVIL DISTRICT COURT
              PARISH OF ORLEANS
              STATE OF LOUISIANA


MILDRED ALBARADO,          *      NO. 86-4227
ET AL                      *
                           *
VERSUS                     *      DIVISION "I"
                           *
AVONDALE SHIPYARDS,        *      DOCKET NO. 4
INC., ET AL                *
                           *
*   *   *   *   *   *   *   *   *
```

COPY

              Deposition of JOHN A. CHANTREY,
10013 Idlewood Place, River Ridge, Louisiana
70123, taken in the law offices of Gertler,
Gertler & Vincent, 127-129 Carondelet Street,
New Orleans, Louisiana 70130, on Tuesday, the
4th day of June, 1991.

APPEARANCES:


        GERTLER, GERTLER & VINCENT
        (By:  Gerolyn P. Roussel, Esquire)
        127-129 Carondelet Street
        New Orleans, Louisiana  70130
                (Attorneys for the Plaintiffs)


        FARIS, ELLIS, CUTRONE & GILMORE
        (By:  Gary A. Lee, Esquire)
        1207 Whitney Bank Building
        New Orleans, Louisiana  70130-2657
                (Attorneys for Underwriters at
                        Lloyd's)


        BOGGS, LOEHN & RODRIGUE
        (By:  Samuel M. Rosamond III, Esquire)
        1800 Lykes Center
        300 Poydras Street
        New Orleans, Louisiana  70130
                (Attorneys for Commercial Union
                        Insurance Company)

4.

<u>JOHN A. CHANTREY,</u>

1

2   after having been first duly sworn by the

3   above-mentioned Certified Shorthand Reporter,

4   was examined and testified as follows:

5   EXAMINATION BY MS. ROUSSEL:

6        Q.     Mr. Chantrey, state your full name

7   for the record.

8        A.     John H. Chantrey.

9        Q.     What's your Social Security

10  number?

11       A.     I have to check my driver's

12  license.  It is 16332906.

13       Q.     And your current address?

14       A.     10013 Idlawood Place, River Ridge,

15  70123.

16       Q.     How long have you lived at that

17  address?

18       A.     About 17 or 18 years.

19       Q.     Was your father also named John

20  Chantrey?

21       A.     No.

22       Q.     Are you aware of another John

23  Chantrey?

24       A.     I have a son that's a John

25  Chantrey, Jr.

3200 Ridgelake Drive
Suite 303
Metairie, Louisiana 70002

Paul W. Williams, Inc.
Certified Shorthand Reporters

(504) 832-0937

73

1

2          <u>REPORTER'S CERTIFICATE</u>

3

4

5          I, CATHERINE C. HOF, Certified

6   Shorthand Reporter, do hereby certify that the

7   above-mentioned witness, after having been

8   first duly sworn to testify to the truth, did

9   testify as hereinabove set forth;

10          That the testimony was reported by me

11   in shorthand and transcribed under my personal

12   direction and supervision, and is a true and

13   correct transcript, to the best of my ability

14   and understanding;

15          That I am not of counsel, not related

16   to counsel or the parties hereto, and not in

17   any way interested in the outcome of this

18   matter.

19

20

21

22   CATHERINE C. HOF
     Certified Shorthand Reporter

23

24

25

3200 Ridgelake Drive
Suite 302
Metairie, Louisiana 70002          Paul W. Williams, Inc.
                                   Certified Shorthand Reporters          (504) 832-0937

Roberts, J.D. 5-19-2012.txt

0001
1
2                    CIVIL DISTRICT COURT
3                 FOR THE PARISH OF ORLEANS
4                    STATE OF LOUISIANA
5    FREDERICK R. SCHULTE
6
7            VERSUS              NO. 2011-12718
8                                DIVISION "N"
9    CBS CORPORATION (f/k/a
10   VIACOM, INC., SUCCESSOR
11   BY MERGER WITH CBS
12   CORPORATION f/k/a
13   WESTINGHOUSE ELECTRIC
14   CORPORATION), ET AL
15
16
17
18
19           VIDEOTAPED DEPOSITION OF JOHN DAVID
20   ROBERTS, 1706 GREENBRIAR WAY, SLIDELL, LOUISIANA
21   70460, taken at PREIS & ROY, PLC, PAN AMERICAN
22   LIFE CENTER, 601 POYDRAS STREET, SUITE 1700, NEW
23   ORLEANS, LOUISIANA 70130, in the above-entitled
24   cause on the 9th day of May, 2012.
25
·0002
1    APPEARANCES:
2
3        NEMEROFF LAW FIRM
4        BY:  JEFFREY A. O'CONNELL, ESQ.
5        2626 COLE AVENUE
6        SUITE 450
7        DALLAS, TEXAS 75204
8        (214) 774-2258
9        jeffreyoconnell@nemerofflaw.com
10                   ATTORNEY REPRESENTING PLAINTIFF
11
12
13       PREIS & ROY, PLC
14       BY:  C.J. HEBERT, ESQ.
15       PAN AMERICAN LIFE CENTER
16       601 POYDRAS STREET, SUITE 1700
17       NEW ORLEANS, LOUISIANA 70130
18       (504) 581-6062
19       cjh@preisroy.com
20                   ATTORNEY REPRESENTING DEFENDANT,
21                              JOHN DAVID ROBERTS
22
23
24
25
0003
1    APPEARANCES:  (Continued)
2
3        CRAWFORD LEWIS, PLLC
4        BY:  SAMUEL M. ROSAMOND, III, ESQ.
5        400 POYDRAS STREET
6        SUITE 2100
7        NEW ORLEANS, LOUISIANA 70130
8        (504) 568-1933
9        srosamond@crawford-lewis.com
10                   ATTORNEY REPRESENTING DEFENDANT,
                               Page 1

Roberts, J.D. 5-19-2012.txt

3          IT IS HEREBY STIPULATED AND AGREED by and
4    between counsel for the parties hereto that the
5    videotaped deposition of the aforementioned
6    witness is hereby being taken under the Louisiana
7    Code of Civil Procedure, Article 1421, et seq.,
8    for all purposes, in accordance with law;
9          That the formalities of reading and signing
10   are specifically not waived;
11         That the formalities of sealing,
12   certification and filing are specifically waived;
13         That all objections, save those as to form
14   of the question and the responsiveness of the
15   answer, are hereby reserved until such time as
16   this deposition, or any part thereof, may be used
17   or sought to be used in evidence.
18                      *    *    *    *
19         ANNA M. ROTH, Certified Court Reporter, in
20   and for the Parish of St. Tammany, State of
21   Louisiana, officiated in administering the oath
22   to the witness.
23
24
25
0014
1    THE VIDEOGRAPHER:
2          We're on the video record now.
3    Today is May 9th, 2012.  The time is
4    approximately 2:38 a. -- p.m.  The
5    location is 601 Poydras Street, Suite
6    1700, New Orleans, Louisiana 70130.  My
7    name is Dillon Turner.  I'm the video
8    specialist representing H.G. Litigation
9    Services.  The civil action number is
10   2011-12718, in the matter of Frederick R.
11   Schulte versus CBS Corporation.  The
12   deponent is J.D. Roberts.  The deposition
13   is represented by the plaintiff's counsel,
14   Nemeroff Law Firm.  Would counsel please
15   identify yourselves for the record.
16   MR. O'CONNELL:
17         Jeffrey O'Connell for plaintiff,
18   Frederick R. Schulte.
19   MR. HEBERT:
20         C.J. Hebert for the deponent, J.D.
21   Roberts, and alleged executive officer,
22   Avondale, at all material times.
23   THE VIDEOGRAPHER:
24         The deponent may be sworn in.
25         JOHN DAVID ROBERTS,
0015
1    1706 GREENBRIAR WAY, SLIDELL, LOUISIANA 70460,
2    after having first been duly sworn by the
3    above-mentioned Court Reporter, did testify as
4    follows:
5    EXAMINATION BY MR. O'CONNELL:
6       Q.    Good afternoon.
7       A.    Hello, sir.
8       Q.    Could you state your name for the
9    record, please?
10      A.    John David Roberts.
11      Q.    What is your date of birth,
12   Mr. Roberts?
13      A.    June the 4th, 1948.
                              Page 6

STATE OF LOUISIANA

THIS RECORD IS VALID FOR DEATH ONLY

STATE OF LOUISIANA
CERTIFICATE OF DEATH

99 01 725

584770

BIRTH No.

Catlin | Ollie | Howard | January 18, 1999

3:12 PM | Male | White | Married | Verna Basso | Franklinton, LA | 19

November 7, 1921 | 77 | Franklinton, LA

Engineer | U S Military | No 0

Yes | 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 | 12

Highway 40 | No

Folsom | St. Tammany

11261 Hwy. 1078 | St. Tammany | LA

Folsom | 70437 | No

Catlin | Ollie | Porter | J.M. Olive | MS | 25

Peterson | Akala | Howard | Columbia | MS | 25

Verna B. Catlin | 11261 Hwy. 1078, Folsom, LA 70437 | 01/20/1999

Crain Funeral Home, Inc. | Robert W Crain | Ellis Cemetery, Franklinton, LA | 591 | E-1587

1109 Knox Street,
Franklinton, LA 70438

.611936 | Washington | 1-19-99

January 18, 1999 | 12:15 PM | No | Multi-Vehicle Accident-Driver

Highway | LA 40, Milepost 027.9, Folsom, LA

Coroner | 01/27/1999

T.R. Brunswig, M.D.-Coroner-St. Tammany Parish | 5001 Fairway Ct., B-3, Covington, LA 70433

Laceration of the Heart

Motor Vehicle Accident

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF A
CERTIFICATE OR DOCUMENT
REGISTERED WITH THE VITAL
RECORDS REGISTRY OF THE STATE
OF LOUISIANA, PURSUANT TO LSA
—R.S. 40:32, ET SEQ.

William H Barlow
STATE REGISTRAR

JAN 1 1 2000



# STATE OF LOUISIANA

**STATE OF LOUISIANA**
**CERTIFICATE OF DEATH**
**THIS RECORD IS VALID FOR DEATH ONLY**

1309832    2008 32 192

6425954

Territo, Sr.    Peter    Raymond    December 30, 2008

1352    Male    White    Married    Betty Jean Anderson

August 03, 1931    77    Harvey, Louisiana

Safety Director    Shipyard    No

Yes    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

West Jefferson Medical Center    No

Harvey    Jefferson

620 Fos Avenue    Jefferson    Louisiana

Harvey    70058    No

Territo    Charles    Vincent    Naples    Italy

Grulli    Corsenina    Cecile    Alta    Sicily

Betty A. Territo    620 Fos Avenue, Harvey, Louisiana 70058    Dec. 21, 2008

Mothe Funeral Homes, L.L.C.    Westlawn Memorial Park Cemetery
2100 Westbank Expressway    Gretna, Louisiana
Harvey, Louisiana 70058    457    E 1903

Noah Strati

Jefferson    Dec. 22, 2008    12

Robert Cummins, M.D.    10/23/08

SEPSIS

ANASTOMOTIC LEAK WITH CLUE RESECTION

IN ACCORDANCE WITH LSA-R.S. 40:50 (C)
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY: Jennifer Hogan

OCT 2 6 2010

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

Darlene W. Smith
STATE REGISTRAR

1      CIVIL DISTRICT COURT
      FOR THE PARISH OF ORLEANS
2       STATE OF LOUISIANA

3
RUDY WALKER, SR. and  *  NO. 2003-3384
4 JOAN WALKER     *
          *  DIVISION "H"
5 VERSUS      *
          *  SECTION "12"
6 AVONDALE INDUSTRIES, *
INC., et al.     *
7
 * * * * *  *
8

9

10        Deposition of PETER R. TERRITO,
620 Fos Avenue, Harvey, Louisiana 70058, taken in
11 the law offices of Blue Williams, L.L.P., 3421
North Causeway Boulevard, Ninth Floor, Metairie,
12 Louisiana 70002, on Wednesday, the 10th day of
December, 2003.
13

14

15 APPEARANCES:

16

17 ROUSSEL & ROUSSEL
  (By: Albert J. Campani, II, Esquire
18     - and via telephone -
    Gerolyn P. Roussel, Esquire)
19  1710 Cannes Drive
  LaPlace, Louisiana 70068
20    (Attorneys for the Plaintiffs,
    Rudy Walker, Sr. and Joan Walker)

21

22 LEE, FUTRELL & PERLES, L.L.P.
  (By: Gary A. Lee, Esquire)
23 201 St. Charles Avenue
  Suite 2409
24 New Orleans, Louisiana 70170
    (Attorneys for the Defendants,
25    Peter Territo, Albert Bossier, Sr.,
    Albert Bossier, Jr., and Eddie Blanchard)

7

1              PETER R. TERRITO,

2   after having been first duly sworn by the

3   above-mentioned Certified Court Reporter, was

4   examined and testified as follows:

5   EXAMINATION BY MR. CAMPANI:

6      Q.    I'm just going to jump right in, Mr.

7   Territo. I'm sure that you know how these things

8   go.

9      A.    Yeah.  I had a few.

10    MS. BAXTER:

11        Depos, that is.

12   EXAMINATION BY MR. CAMPANI:

13      Q.    For the record, can you state your full

14   name?

15      A.    Pete R. Territo.

16      Q.    And your current address?

17      A.    620 Fos Avenue, Harvey, Louisiana

18   70058.

19      Q.    And your Social Security number,

20   please?

21    MR. LEE:

22        Do we have to do that?

23    MR. CAMPANI:

24        If you're uncomfortable with it, you

25   don't have to.

108

## REPORTER'S CERTIFICATE

1

2

3

4     I, SAMANTHA E. SHWARTZ, CCR, RPR,

5 Certified Court Reporter, in and for the State of

6 Louisiana, as the officer before whom this

7 testimony was taken, do hereby certify that PETER

8 R. TERRITO, after having been first duly sworn by

9 me upon authority of R.S. 37:2554, did testify as

10 hereinbefore set forth in the foregoing 106 pages;

11 that the testimony was reported by me in shorthand

12 and transcribed under my personal direction and

13 supervision, and is a true and correct transcript,

14 to the best of my ability and understanding; that

15 I am not related to counsel or to the parties

16 herein, nor am I otherwise interested in the

17 outcome of the matter.

18

19

20

21     _____

22 SAMANTHA E. SHWARTZ, CCR, RPR
   Certified Court Reporter (No. 91012)
23 Huffman & Robinson, Inc.
   One Shell Square, Suite 250 Annex
24 New Orleans, Louisiana 70139
   (504) 525-1753     (800) 749-1753

25

OFFICIAL SEAL
SAMANTHA SHWARTZ
Certified Court Reporter
In and for the State of Louisiana
Certificate Number 91012
Expiration Dated 12-31

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

400677

**STATE OF LOUISIANA**
**CERTIFICATE OF DEATH**

FILE No. 117

93  04  219

Kelmell, Jr.    George    Lawrence    Date of Death: January 19, 1993

Male    White    Married    Elsie A. Grosz

June 23, 1920    72    New Orleans, Louisiana

Safety Engineer/Hygienist    Industrial    Shipyard    No

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

East Jefferson Hospital    Yes

Metairie    Jefferson

1155 Bornabel Blvd.    Jefferson    Louisiana

Metairie    70005    Yes

Kelmell, Sr.    George    L.    Selma    Alabama

Rath    Lillian    New Orleans    Louisiana

Mrs. Elsie G. Kelmell    1155 Bornable Blvd.
Metairie, LA. 70005    1/22/93

J. Schoen & Son, Inc.    Lakelawn Mausoleum, New Orleans, LA.
3827 Canal St.
New Orleans, LA    1173    U-1249

358779    Jefferson    1/21/93

1-19-93

2/15/93

Frank H. Harris Jr. M.D.    4224 Houma Blvd Suite 530    Metairie,
Louisiana

Respiratory Failure

Asbestosis

Louisiana Heart Failure

Coroner Notified

PUBLIC HEALTH - VITAL RECORDS REGISTRY

JAN 11 2009

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF A
CERTIFICATE OR DOCUMENT
REGISTERED WITH THE VITAL
RECORDS REGISTRY OF THE STATE
OF LOUISIANA, PURSUANT TO LSA
— R.S. 40:32, ET SEQ.

William H Barlow
STATE REGISTRAR

1

```
                  CIVIL DISTRICT COURT
                   PARISH OF ORLEANS
                   STATE OF LOUISIANA


MILDRED ALBARADO,          *    NO. 86-4227
ET AL                      *
                           *
VERSUS                     *    DIVISION "I"
                           *
AVONDALE SHIPYARDS,        *    DOCKET NO. 4
INC., ET AL                *
                           *
*  *  *  *  *  *  *  *  *  *
```

COPY

```
              Deposition of GEORGE LAWRENCE
KELMELL, JR., 1155 Bonnabel Boulevard,
Metairie, Louisiana 70005, taken in the law
offices of Gertler, Gertler & Vincent, 127-129
Carondelet Street, New Orleans, Louisiana
70130, on Tuesday, the 4th day of June, 1991.
```

APPEARANCES:

```
          GERTLER, GERTLER & VINCENT
          (By:  Gerolyn P. Roussel, Esquire)
          127-129 Carondelet Street
          New Orleans, Louisiana  70130
                    (Attorneys for the Plaintiffs)


          FARIS, ELLIS, CUTRONE & GILMORE
          (By:  Gary A. Lee, Esquire)
          1207 Whitney Bank Building
          New Orleans, Louisiana  70130-2657
                    (Attorneys for Underwriters at
                     Lloyd's)


          BOGGS, LOEHN & RODRIGUE
          (By:  Samuel M. Rosamond III, Esquire)
          1800 Lykes Center
          300 Poydras Street
          New Orleans, Louisiana  70130
                    (Attorneys for Commercial Union
                     Insurance Company)
```

4

1          GEORGE LAWRENCE KELMELL, JR.,

2     after having been first duly sworn by the

3     above-mentioned Certified Shorthand Reporter,

4     was examined and testified as follows:

5     EXAMINATION BY MS. ROUSSEL:

6          Q.     State your full name for the

7     record, please.

8          A.     George Lawrence Kelmell, Jr.

9          Q.     You have the right to read and

10    sign your deposition, or you can waive that

11    right.  Which do you prefer?

12         A.     I'd like to read it.

13         Q.     Would you state your full address?

14         A.     1155 Bonnabel Boulevard.

15         Q.     Where is that?

16         A.     Metairie, Louisiana 70005.

17         Q.     How long have you lived at that

18    address?

19         A.     About 30 years, I guess, somewhere

20    in that area.

21         Q.     Are you currently employed?

22         A.     No.

23         Q.     What was your last employment?

24         A.     Jefferson Vo-tech.

25         Q.     What were you doing at Jefferson

3200 Ridgelake Drive
Suite 302
Metairie, Louisiana 70002

Paul W. Williams, Inc.
Certified Shorthand Reporters

(504) 832-0937

86

## REPORTER'S CERTIFICATE

I, CATHERINE C. HOF, Certified Shorthand Reporter, do hereby certify that the above-mentioned witness, after having been first duly sworn to testify to the truth, did testify as hereinabove set forth;

That the testimony was reported by me in shorthand and transcribed under my personal direction and supervision, and is a true and correct transcript, to the best of my ability and understanding;

That I am not of counsel, not related to counsel or the parties hereto, and not in any way interested in the outcome of this matter.

CATHERINE C. HOF
Certified Shorthand Reporter

3200 Ridgelake Drive
Suite 302
Metairie, Louisiana 70002

Paul W. Williams, Inc.
Certified Shorthand Reporters

(504) 832-0937

JAMES MELTON GARRETT

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) ) ) ) | Consolidated Under MDL DOCKET NO. 875 |
| ) | |
| RONALD ECKERLE ) | |
| ) | E.D. Pa. Case No.: |
| Plaintiff ) | 10-82905 |
| ) | |
| Versus ). | |
| ) | Transferred from the |
| NORTHROP GRUMMAN SHIP ) | Eastern District of |
| SYSTEMS, INC., ET AL ) | Louisiana |
| ) | (Case No. 10-1460) |
| Defendants ). | |

*****************************************
ORAL DEPOSITION OF
JAMES MELTON GARRETT
JUNE 14, 2011
VOLUME 1
*****************************************

ORAL DEPOSITION OF JAMES MELTON GARRETT, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and numbered cause on the 14th day of June, 2011, from 11:12 a.m. to 12:13 p.m., before Dana Taylor, CSR in and for the State of Texas, reported by machine shorthand, at the offices of HG Litigation Services, 2501 Oak Lawn Avenue, Suite 600, Dallas, Texas 75219, pursuant to the Rules and the provisions stated on the record or attached hereto.

Electronically signed by Dana Taylor (401-213-826-2798)          918853b0-5b10-4103-9526-3671392d0c89

JAMES MELTON GARRETT

Page 7

1                    P R O C E E D I N G S
2                   JAMES MELTON GARRETT,
3   having been first duly sworn, testified as follows:
4                        EXAMINATION
5   BY MR. HOFFMAN:
6        Q.  Good morning, Mr. Garrett.  My name is Phil
7   Hoffman.  I'm one of the attorneys who represents the
8   Plaintiffs in this matter.
9            We noticed your deposition today because of an
10  affidavit that was signed, and that's the only reason I
11  noticed your deposition.  I had no interest in taking
12  your deposition until I saw an affidavit signed by you.
13  So I just want to be clear that that's the only reason
14  why we're here today.
15           That being said, I guess we'll just go forward.
16           Could you state your name for the record?
17       A.  James M. Garrett; James Melton Garrett.
18       Q.  And where do you live, Mr. Garrett?
19       A.  7909 Enclave Way, Dallas.
20       Q.  In Dallas?
21           And how long have you been in Dallas?
22       A.  Since '05.
23       Q.  Since '05?  Okay.
24       A.  Fall of '05.
25       Q.  All right.  In preparation for this deposition,

Electronically signed by Dana Taylor (401-213-826-2798)          918853b0-5bf0-4103-9526-3571392c0a89

JAMES MELTON GARRETT

Page 62

```
 1    FOR THE DEFENDANTS, McCARTY CORPORATION AND EAGLE INC.:

 2         MR. DANIEL J. CARUSO      (By Telephone)
           SIMON, PERAGINE, SMITH & REDFEARN, LLP
 3         1100 Poydras Street
           30th Floor
 4         New Orleans, Louisiana 70163
           Taxable Cost:  $_____
 5
 6    FOR THE DEFENDANTS, HUNTINGTON INGALLS INCORPORATED
      F/K/A NORTHROP GRUMMAN SHIPBUILDING, INC. AND AMERICAN
 7    MOTORISTS INSURANCE COMPANY:

 8         MR. EDWIN A. ELLINGHAUSEN, III    (By Telephone)
           BLUE WILLIAMS, L.L.P.
 9         3421 North Causeway Boulevard
           Suite 900
10         Metairie, Louisiana 70002
           Taxable Cost:  $_____
11
12         I further certify that I am neither counsel for,
13    related to, nor employed by any of the parties or
14    attorneys in the action in which this proceeding was
15    taken, and further that I am not financially or
16    otherwise interested in the outcome of the action.
17         Further certification requirements pursuant to Rule
18    203 of TRCP will be certified to after they have
19    occurred.
20         Certified to me by this ____ day of Ju___

21
22
           Dana Taylor
           DANA TAYLOR, Texas CSR 6048
23         Expiration Date: 12/31/12
           Firm No. Dallas: 69 Houston: 373
24         HG Litigation Services
           (888)656-DEPO
25
```

HG LITIGATION SERVICES
HGLITIGATION.COM

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

6425999

STATE OF LOUISIANA

### CERTIFICATE OF DEATH

STATE FILE NO. 117

8625989



IN ACCORDANCE WITH LSA-R.S. 40:50 (C)
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY: *Jennifer Logan*

OCT 0 7 2010

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

*Darlene W. Smith*
STATE REGISTRAR

Williams & Jankowski, L.L.C. (504) 832-0937-FAX (504) 834-6629  1 (1-2)

```
 1                 CIVIL DISTRICT COURT
 2                 PARISH OF ORLEANS
 3                 STATE OF LOUISIANA
 4
 5    ANITA BABIN ADAMS &   NO. 99-19012
 6    HUBERT EDGAR ADAMS
 7    VERSUS                DIV. "L"
 8    AVONDALE INDUSTRIES, INC., ET AL
 9                 AND
10    CHRISANDRA MEREDITH NEX 86-12312
11    VERSUS                DIV. "K"
12    ASBESTOS CORPORATION, LTD., ET AL
13                 AND
14    JOHNNIE L. JOHNSON    NO: 97-14469
15    VERSUS                DIV. "K"
16    ASBESTOS CORPORATION LIMITED, ET AL
17
18    Deposition of ALBERT BOSSIER, taken at the
19    offices of Williams and Jankowski, L.L.C., 3850
20    N. Causeway Blvd., Lakeway II, Suite 1465,
21    Metairie, Louisiana 70002, on May 18, 2000.
22
23    REPORTED BY:  LOUIS JANKOWSKI
24               CERTIFIED COURT REPORTER
25               STATE OF LOUISIANA
```

```
 1                 APPEARANCES
 2
 3    FOR THE PLAINTIFF:
 4    LANDRY & SWARR
 5    330 Camp Street, Suite 200
 6    New Orleans, Louisiana 70170
 7    BY:  FRANK J. SWARR, ESQ.
 8
 9    FOR AVONDALE INDUSTRIES, INC., AND AMERICAN
10    MOTORISTS INSURANCE COMPANY:
11    PLAUCHE', MASELLI, LANDRY & PARKERSON
12    201 St. Charles Avenue
13    First NBC Center, Suite 4240
14    New Orleans, Louisiana 70170-4240
15    BY:  ROBERT E. CARAWAY, III, ESQ.
16
17    FOR EAGLE, INC.:
18    MONTGOMERY, BARNETT, BROWN, READ, HAMMOND AND
19    MINTZ
20    1100 Poydras Street
21    Energy Centre, Suite 3200
22    New Orleans, Louisiana 70163-3200
23    BY:  LAWRENCE G. PUGH, III, ESQ.
24
25
```

TWO LAKEWAY CENTER – SUITE 1465 – METAIRIE, LOUISIANA 70002

Williams & Jankowski, L.L.C. (504) 832-0937-FAX (504) 834-6629  6 (11-12)

```
                                        11
1    responsiveness of the question.
2        MR. SWARR:
3            I agree with that.
4    EXAMINATION BY MR. SWARR:
5        Q.  Mr. Bossier, could you give me your
6    full name.
7        A.   It's Albert Louis Bossier, Jr.
8        Q.  What is your address, sir?
9        A.   17 Chateau Palmer Drive, Kenner,
10   Louisiana 70065.
11       Q.  Sitting here today, Mr. Caraway is
12   your attorney?
13       A.   That's correct.
14       Q.  Does Mr. Caraway represent you in any
15   other matters pending?
16       MR. CARAWAY:
17           Any other current lawsuits in which
18   Mr. Bossier is a defendant?
19       MR. SWARR:
20           Yes.  Well, he's not a defendant in
21   Adams.
22       MR. CARAWAY:
23           He's not a defendant in Adams, but he
24   is a defendant and has been made a defendant in
25   our asbestos lawsuits, and I can't tell you,
```

```
                                        11
1    sitting here today, which ones they are, but
2    there are some pending.
3        MR. SWARR:
4            To the extent that you've been made
5    a defendant in other asbestos-pending lawsuits,
6    Mr. Caraway or some of the other lawyers who
7    typically represent Avondale --
8        MR. CARAWAY:
9            Right, either me or Gary Lee.
10   Certainly for the purposes of all of this
11   litigation, Mr. Bossier is my client.
12   EXAMINATION BY MR. SWARR:
13       Q.  Do you pay Mr. Caraway to represent
14   you, or is that handled through the insurance
15   policies that were issued to Avondale back in
16   the relevant time period, like this time when a
17   lot of this stuff was alleged to have happened?
18       MR. CARAWAY:
19           I can answer that.  Mr. Bossier does
20   not pay me.
21   EXAMINATION BY MR. SWARR:
22       Q.  Mr. Bossier, where were you born?
23       A.   Gramercy, Louisiana.
24       Q.  And when?
25       A.   November 29, 1932.
```

TWO LAKEWAY CENTER - SUITE 1465 - METAIRIE, LOUISIANA 70002

Williams & Jankowski, L.L.C. (504) 832-0937-FAX (504) 834-6629  2 (97-98)

1
2 **REPORTER'S CERTIFICATE**
3      I, Louis Jankowski, Certified Court
4 Reporter, in and for the State of Louisiana, do
5 hereby certify that the within witness, after
6 being first duly sworn to testify to the truth,
7 the whole truth, and nothing but the truth, did
8 testify as hereinbefore set forth, in the
9 foregoing pages;
10      That the testimony was reported by me
11 in shorthand and transcribed under my personal
12 direction and supervision, and is a true and
13 correct transcript, to the best of my ability
14 and understanding;
15      That I am not of counsel, not related
16 to counsel, and in no way interested in the
17 outcome of this event.
18
19
20
21
22
23      LOUIS JANKOWSKI, C.C.R.
24
25



OFFICIAL SEAL
LOUIS JANKOWSKI
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 78910
Certificate expires 12-31-00

1 **WITNESS' VERIFICATION**
2
3
4
5      I do hereby verify that I have
6 read or have had read to me the above and
7 foregoing transcript, and that it is true and
8 correct, to the best of my ability and
9 understanding, subject to the attached
10 corrigendum, if any.
11
12
13
14
15
16
17
18
19      _____
20           (WITNESS' SIGNATURE)
21
22
23
24
25

TWO LAKEWAY CENTER - SUITE 1465 - METAIRIE, LOUISIANA 70002

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

6425602

STATE OF LOUISIANA
CERTIFICATE OF DEATH

06 34 057

STATE FILE NO. 117



Bordelon, Sr.    Barnette    Lynn    December 31, 1986

5:35 P.M.    Male    White    Catherine Scholl

Dec. 28, 1915    71    Bordelonville, Louisiana, U.S.A.    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

Superintendent    Avondale Shipyard    Jefferson

Metairie

Doctor's Hospital

Metairie    Jefferson    Louisiana

3806 Cypress Street

Bordelon    Horace    Bordelonville    Louisiana

Roy    Eva

Mrs. Catherine A. Bordelon, DIR, D/P    3806 Cypress St., Metairie, LA.    1 Jan 87

METASTIC CARCINOMA OF LUNG

Cone A. Martin, MD    4300 Houma Blvd., Metairie, La.

2 Jan 87    St. Patrick #1 Cemetery; New Orleans, Louisiana

Leitz-Eagan F.H. 4747 Vets. Blvd., Metairie, La.    Charles J. Eagan    P/1915

121/232    C. Benoit    5 Jan 87

IN ACCORDANCE WITH LSA-R.S. 40:50 (C)
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY: Jennifer Logan

OCT 0 7 2010

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

Darlene W. Smith
STATE REGISTRAR

**NORTHROP GRUMMAN**

Northrop Grumman Corporation
Shipbuilding

Gulf Coast
P.O. Box 97550
New Orleans, LA 70190-1200

## Certificate of Records

I, Stephen M. Robinson, Custodian of Records of Northrop Grumman Shipbuilding, Inc., certify that the attached employment records of ___James T. Cole___ are true and correct copies of all records maintained by this office and that such records were kept in the course and scope of business of this office.

Custodian of Record
Northrop Grumman
Shipbuilding Inc.

___2/2/2010___
Date

| 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 | Cole, James T. | | | | R-19 | 1/19/06 |
| SOCIAL SECURITY NUMBER | NAME — LAST, FIRST, MIDDLE | | | | | HIRE DATE |
| CREDIT | ADDRESS | | | | PHONE | SPOUSE |
| 7/1/41 | 3702 H Lodge Dr., Birmingham, AL 35216 | | | | 883-7353 | |
| 3/19/68 | VP of Prod | | Hartzman | 35802 | | |
| 4-1-72 | RECL/CONSULTANT | | | | | |
| 7-1-72 | RETIRED | | | | | |
| | MMGTC (Early) | 749.73 | | | | |
| | Supplemental | | | | | |
| Pension & Incentive | | 230.25 | | | | |
| | TOTAL BENEFIT | 979.98 | | | | |

| DATE | OCCUPATION | RATE | SUPERVISOR+SHIFT | DATE | OCCUPATION | RATE | SUPERVISOR+SH |
|------|-----------|------|-----------------|------|-----------|------|---------------|
| | | | | | | | |

| DATE | TERMINATION INFORMATION | DATE | TERMINATION INFORMATION |
|------|------------------------|------|------------------------|
| | 1dy 6-30-72 | | |

| CLOCK NUMBER | | NAME | | PR 2 | PR |
|--------------|--|------|--|------|----|
| B-500 R-19 | | James T. Cole | | | |

EMPLOYMENT SINCE TERMINATION - REHIRE

| FROM | TO | NAME OF COMPANY | CITY & STATE | SUPERVISOR & POSITION |
|------|-----|------|------|------|
| | | | | |

| TITLE & NATURE OF WORK | WAGE | REASON FOR LEAVING |
|------|------|------|
| | | |

REMARKS

CLOCK | NAME   JAMES T. COLE   FILL

NEW ADDRESS - PHONE

NEW ADDRESS - PHONE

TERMINATED

| DATE | OCCUPATION | RATE | FOREMAN | DATE | REASONS - COMMENTS |
|------|------|------|------|------|------|
| 2-6-42 | Asst. Supt. | 90.00 | | | |
| 2-23-42 | Ave. | 10.00 | | | |
| 7-15-42 | Ave. | 0.00 mo | | | |
| 1-1-43 | Ave. | 600.00 | | | |
| 1944 | | 1350.00 | | | |
| 2-1-54 | Ave. | 1448.00 | | | |
| 2-1-55 | | 1470.00 | | | |
| 1-1-56 | | 1600.00 | | | |
| 3-1-56 | | 1630.00 | | | |
| 2-1-57 | | 1830.00 | | | |
| 7-16-58 | Supt. | 1648.00 | | | |
| 10-1-58 | Ave. | 2000.00 | | | |
| 12-15-58 | | 2400.00 | | | |
| 8-1-61 | | 2333.00 | | | |
| 4-1-62 | | 2600 | | | |
| 8-1-66 | | | | | |
| 1-19-50 | Sec. VP of Production | | | | |

## AVONDALE MARINE WAYS, INC.
### APPLICATION AND EMPLOYMENT RECORD

FOR WORK AS . ?

FULL NAME .James .Tillman .Cole              ..DATE . .8-28-44 .

.Soc.Sec. 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 .

ADDRESS 644 Jeff. St. Jeff. Parishhv            . . STATE .La. . PHONE CE 3564 J

CLOSEST RELATIVE Nora (wife)         ......ADDRESS  Same

DATE OF BIRTH .1-13-06     .HEIGHT. Med.        .WEIGHT.         EYES gray  HAIR black-grey

SINGLE ☐  DIVORCED ☐        OWN HOME ☐  RENT ☐        NO MINOR DEP . .1
MARRIED ☐  SEPARATED ☐      LIVE WITH PARENTS ☐       OTHER DEP . . .1
WIDOWED ☐
                    Roy Holt

RELATIVE EMPLOYED HERE .                       .         RELATIONSHIP .

EDUCATION - GRAMMAR ☐   HIGH SCHOOL ☐   COLLEGE ☐   BUSINESS SCHOOL ☐   SPECIAL ☐

NAME OF COLLEGE, UNIVERSITY OR SPECIAL SCHOOL AND DEGREES, IF ANY . .2 Yrs. I.C.S.
Mechanical Drafting

SPECIAL SKILLS, KNOWLEDGE OR ABILITIES .

#### PREVIOUS EXPERIENCE — BEGIN WITH YOUR LAST JOB

| DATE FROM | TO | NAME OF COMPANY | CITY - STATE | SUPERVISOR & POSITION |
|---|---|---|---|---|
| 1937 | 1941 | Ingalls Iron Works | Alabama | |
| | | | | |
| | | | | |

| | TYPE & NATURE OF WORK | WAGE | REASON FOR LEAVING |
|---|---|---|---|
| | | | |
| | | | |

CHARACTER REFERENCES DO NOT REFER TO PREVIOUS EMPLOYERS OR RELATIVES

| NAME | OCCUPATION | ADDRESS |
|---|---|---|
| Logan Richarae | | 644 Jeff. St. |
| Carl Henden | | Church St. Decatur, Ala. |
| S.G. Baker | | Columbia Circle, Decatur |

IF IS UNDERSTOOD AND AGREED THAT ANY MISREPRESENTATION BY ME IN THIS APPLICATION WILL BE SUFFICIENT
CAUSE FOR CANCELLATION OF THIS APPLICATION, AND/OR SEPARATION FROM THE COMPANY'S SERVICE IF I HAVE
BEEN EMPLOYED. IF EMPLOYED, I AGREE TO ABIDE BY ALL THE GENERAL AND SAFETY RULES OF THIS COMPANY.

Signed

SIGNATURE

# STATE OF LOUISIANA

**THIS RECORD IS VALID FOR DEATH ONLY**

6520403

IMPORTANT: 1110198

STATE OF LOUISIANA
CERTIFICATE OF DEATH

FILE NO. 117

2005 29 759



| BLANCHARD | EDWARD | A | SEPTEMBER 8, 2005 |

MALE | WHITE | WIDOWED

FEBRUARY 28, 1923 | 82 | ADDIS, LA

VICE PRESIDENT | SHIP BUILDING | NO

YES | 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

515 AVENUE B | No. 489

MARRERO | JEFFERSON

515 AVENUE B | JEFFERSON | LA

MARRERO | 70072 | 489

BLANCHARD | JOSEPH | H | TROSLY | LA

LEVERT | BEATRICE | HARR | LA

ANN H. KIMBERGER | 4621 TOLSE DR, METAIRIE, LA 70006 | 09/10/05

LSU HEALTH SCIENCES CENTER, ANATOMY DEPARTMENT
P.O. BOX 33932
SHREVEPORT, LA 71130 | LSUUSC; SHREVEPORT, LA 71130 | E-2339

09-0000050 | Caddo | 10-19-05 | Shirley Buthie /76

Coroner's Case

Susan M. Garcia, M.D. Asst. Coroner | 2018 8th Street; Harvey, LA 70058 | 10/30/05

a. Acute Coronary Insufficiency

b. Atherosclerotic Cardiovascular Disease.

OCT 2 6 2010

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S. 40:32, ET SEQ.

*Darlene W. Smith*
STATE REGISTRAR

1             24TH JUDICIAL DISTRICT COURT

2                PARISH OF JEFFERSON

3

4  * * * * * * * * * * * *

5  GERTIE B. GOODMAN, ET AL  *   NO. 365-627

6      -VS-         *   DIVISION "J"

7  AVONDALE INDUSTRIES, INC., *
  ET AL
  * * * * * * * * * * * *

8

9                               COPY

10

11  Deposition of EDWARD A. BLANCHARD, taken by

12  DEFENDANTS, pursuant to notice, at the law

13  offices of Blue, Williams and Buckley, 3421

14  North Causeway Boulevard, Metairie, Louisiana

15  70002, on August 28, 1991.

16

17

18

19

20

21  REPORTED BY:
      Paul W. Williams, C.S.R.

22       PAUL W. WILLIAMS, INCORPORATED
      Certified Shorthand Reporters

23       3200 Ridgelake Drive, Suite 302
      Metairie, Louisiana 70002

24       Telephone:  (504) 832-0937

25

9

```
 1              No, we weren't. While we are on
 2         the record, if we could, I am asking
 3         on behalf of Eagle that we get a copy
 4         of that deposition.
 5    MR. CARAWAY:
 6              Sure; okay.
 7    MR. ROTH:
 8              So would we.
 9
10         (Discussion off the record)
11
12  BY MR. ROTH:
13  Q.   Good afternoon, Mr. Blanchard.  My name is
14         Gary Roth and I represent some of the
15         defendants in this action.   Could you
16         please, for the record, state your
17         name and address.
18  A.   Edward A. Blanchard, 515 Avenue H,
19         Marrero, Louisiana 70072.
20  Q.   Based upon the comments of Mr. Caraway
21         just a few moments ago, your
22         educational background has been
23         covered in a prior deposition.  If I
24         could, I would like to just get a
25         brief sketch of your educational
```

190

## C E R T I F I C A T E

1
2
3
4      I, PAUL W. WILLIAMS, Certified
5  Shorthand Reporter in and for the State of
6  Louisiana, do hereby certify the above and
7  foregoing is true and correct as taken by me on
8  August 28, 1991.
9
10
11
12          _____
13              PAUL W. WILLIAMS
14
15
16
17
18
19
20
21
22
23
24
25

# STATE OF LOUISIANA

### THIS RECORD IS VALID FOR DEATH ONLY

6425960



**STATE OF LOUISIANA**
**CERTIFICATE OF DEATH** — STATE FILE 119 — 09 349

**PERSONAL DATA OF DECEASED**

O'DONNELL — JAMES — R — April 23, 1980 — 7:20 PM

Male — White — Married — Anna

Oct. 24, 1900 — 79 — New Orleans, La. — U.S.A.

Safety Director Retired — Avondale

**PLACE OF DEATH**

Metairie — Jefferson

DOA-East Jefferson Hospital

Jefferson — Jefferson — Louisiana

**USUAL RESIDENCE OF DECEASED**

.552 Feins St.

Jefferson — Jefferson — Louisiana

**PARENTS**

O'Donnell, Sr. — James — R — Reeves — Mary Elizabeth

**INFORMANT'S CERTIFICATION**

Frank J. O'Donnell, Special — April 24, 1980

**CAUSE OF DEATH**

Congestive Heart Failure — years

Cardiac Cachexia

**PHYSICIANS CERTIFICATION**

1972 — 4-20-80 — 4-23-80 — E1325

**FUNERAL DIRECTORS CERTIFICATION**

April 26 1980 St. Joseph #1, N.O.La.

**BURIAL TRANSIT PERMIT**

96-49140 — 4-25-80

PHS 16: DHH, OFFICE OF HEALTH SERVICES AND ENVIRONMENTAL QUALITY, VITAL RECORDS REGISTRY OF VITAL DIRECTORY

IN ACCORDANCE WITH LSA-R.S. 40:50 (C)
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY:

OCT 2 6 2010

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

**STATE REGISTRAR**



### UNITED STATES OF AMERICA
### State of Louisiana

## Jay Dardenne
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

The annexed and following is a True and Correct copy of the Certificate of Authority as shown by
comparison with document filed and recorded in this Office on May 24, 2002.

In testimony whereof, I have hereunto set my
hand and caused the Seal of my Office to be
affixed at the City of Baton Rouge on,

October 18, 2010



*Secretary of State*

AG 35275242F

Certificate ID: 10109460#63F63

To validate this certificate, visit the following web site,
go to Commercial Division, Certificate Validation,
then follow the instructions displayed.
www.sos.louisiana.gov

**EXHIBIT**
**1**

Page 1 of 1 on 10/18/2010 11:02:56 AM

Jay Dardenne
SECRETARY OF STATE

10/18/2010

**State of Louisiana**
**Secretary of State**



COMMERCIAL DIVISION
225.925.4704

Administrative Services
225.932.5317 Fax
Corporations
225.932.5314 Fax
Uniform Commercial Code
225.932.5318 Fax

CRAWFORD LEWIS
ATTN: SAMUEL M. ROSAMOND, III
400 POYDRAS STREET, SUITE 2100
NEW ORLEANS, LA 70130

DEAR SIR/MADAM:

NORTHROP GRUMMAN SHIPBUILDING, INC. and 3 other entities

It has been a pleasure to provide you with four certificates for the above referenced.

Payment of the fee is acknowledged by this letter.

If we can be of further service at any time, please let us know.

Sincerely,

AG

Rev 01/09

Mailing Address: P. O. Box 94125, Baton Rouge, LA 70804-9125
Office Location: 8585 Archives Ave., Baton Rouge, LA 70809
Web Site Address: www.sos.louisiana.gov



## UNITED STATES OF AMERICA
## State of Louisiana

### Jay Dardenne
#### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

the annexed and following is a True and Correct copy of the Certificate of Incorporation as shown by comparison with document filed and recorded in this Office on March 20, 1990.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

October 18, 2010



*Secretary of State*

AG34351727D

Certificate ID: 10109481/GGG62

To validate this certificate, visit the following web site, go to Commercial Division, Certificate Validation, then follow the instructions displayed.
www.sos.louisiana.gov

Page 1 of 1 on 10/18/2010 11:02:54 AM



**UNITED STATES OF AMERICA**

**State of Louisiana**

### Fox McKeithen
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana, I do hereby Certify that*
a copy of the Articles of Incorporation and Initial Report
of

AVONDALE INDUSTRIES, INC.

Domiciled at Avondale, Louisiana, Parish of Jefferson,

A corporation organized under the provisions of R.S. 1950,
Title 12, Chapter 1, as amended,

By Act executed on March 16, 1990, and acknowledged on March
16, 1990, the date when corporate existence began,

Was filed and recorded in this office on March 20, 1990, in
the Record of Charters Book 349,

And all fees having been paid as required by law, the
corporation is authorized to transact business in this
State, subject to the restrictions imposed by law, including
the provisions of R. S. 1950, Title 12, Chapter 1, as
amended.

*In testimony whereof, I have hereunto set
my hand and caused the Seal of my Office
to be affixed at the City of Baton Rouge on,*
March 20, 1990

BB

*Secretary of State*



# UNITED STATES OF AMERICA
## State of Louisiana

### Fox McKeithen
#### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that* the Application Form for Certificate of Authority of

NORTHROP GRUMMAN SHIP SYSTEMS, INC.

Domiciled at WILMINGTON, DELAWARE.

Was filed and recorded in this Office on May 24, 2002.

Thus authorizing the corporation to exercise the same powers, rights and privileges accorded similar domestic corporations, subject to the provisions of R. S. 1950, Title 12, Chapter 3, and other applicable laws.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,*

May 24, 2002

MBE 35275242F

*Secretary of State*

CERTIFICATE SS 100 PRINTED SEAL (04/01)



**UNITED STATES OF AMERICA**

**State of Louisiana**

## Jay Dardenne
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana, I do hereby Certify that*

the annexed and following is a True and Correct copy of the Certificate of Authority as shown by comparison with document filed and recorded in this Office on December 17, 2008.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

October 18, 2010

*Secretary of State*

AG 36920543F



Certificate ID: 101D9459#93P83

To validate this certificate, visit the following web site, go to **Commercial Division, Certificate Validation,** then follow the instructions displayed.
www.sos.louisiana.gov

Page 1 of 1 on 10/18/2010 11:02:57 AM



# UNITED STATES OF AMERICA
## State of Louisiana

### Jay Dardenne
SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

the Application Form for Certificate of Authority of

**NORTHROP GRUMMAN SHIPBUILDING, INC.**

Domiciled at NEWPORT NEWS, VIRGINIA,

Was filed and recorded in this Office on December 17, 2008.

Thus authorizing the corporation to exercise the same powers, rights and privileges accorded similar domestic corporations, subject to the provisions of R. S. 1950, Title 12, Chapter 3, and other applicable laws.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,*

December 17, 2008



HLE 36920543F

*Secretary of State*

CERTIFICATE 35 1 (C) PRINTED SEAL (Rev. 1 1/05)



## UNITED STATES OF AMERICA
## State of Louisiana

### Jay Dardenne
#### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that:*

In response to your request we are pleased to provide the information on the subject Business Corporation which filed articles of incorporation in this office on March 31, 1959.

**Name:**            AVONDALE SHIPYARDS, INC..

**Type:**            Business Corporation

**City:**            AVONDALE

**Status:**          INACTIVE

**Previous Names:**
        BAYOU SHIPYARDS, INC. (Changed: 6/28/1960)

**Business:**            AVONDALE SHIPYARDS, INC.

**Charter Number:**      24514500 D

**Registration Date:**   3/31/1959

**Domicile Address**
        5100 RIVER ROAD
        AVONDALE, LA 70094

**Mailing Address**
        5100 RIVER ROAD
        AVONDALE, LA 70094

**Status:**            INACTIVE

**Inactive Reason:**   MERGED

**File Date:**         3/31/1959

**Last Report Filed:** 7/30/1985

**Type:**              Business Corporation

**Registered Agent(s)**
        **Agent:**              C T CORPORATION SYSTEM
        **Address:**            5615 CORPORATE BLVD., STE. 400B
        **City, State, Zip:**   BATON ROUGE, LA 70808
        **Appointment Date:**   7/19/1976

**Officer(s)**

Additional Officers: Yes

| | |
|---|---|
| Officer: | A. L. BOSSIER, JR. |
| Title: | President |
| Address: | 5100 RIVER ROAD |
| City, State, Zip: | AVONDALE, LA 70094 |

| | |
|---|---|
| Officer: | R. F. BRUNNER |
| Title: | Vice-President |
| Address: | 5100 RIVER ROAD |
| City, State, Zip: | AVONDALE, LA 70094 |

| | |
|---|---|
| Officer: | J. W. OBERFELL |
| Title: | Vice-President |
| Address: | 5100 RIVER ROAD |
| City, State, Zip: | AVONDALE, LA 70094 |

**Merger(s)**

| | |
|---|---|
| Filed Date: | 12/18/1978 |
| Effective Date | 12/18/1978 |
| Type: | MERGE |
| Charter #: | 245145000 |
| Charter Name: | AVONDALE SHIPYARDS, INC. |
| Role: | SURVIVOR |

| | |
|---|---|
| Filed Date: | |
| Effective Date | |
| Type: | MERGE |
| Charter #: | 22604320D |
| Charter Name: | AVONCRAFT CONSTRUCTION CO. INC. |
| Role: | NON-SURVIVOR |

| | |
|---|---|
| Filed Date: | 1/16/1981 |
| Effective Date | 1/16/1981 |
| Type: | MERGE |
| Charter #: | 245145000 |
| Charter Name: | AVONDALE SHIPYARDS, INC. |
| Role: | SURVIVOR |

| | |
|---|---|
| Filed Date: | |
| Effective Date | |
| Type: | MERGE |
| Charter #: | 27605480D |
| Charter Name: | RIVER ROAD INC. |
| Role: | NON-SURVIVOR |

| | |
|---|---|
| Filed Date: | |
| Effective Date | |
| Type: | MERGE |
| Charter #: | 31111190F |
| Charter Name: | GENDON, INC. |
| Role: | NON-SURVIVOR |

| | |
|---|---|
| Filed Date: | 8/29/1985 |
| Effective Date | 8/29/1985 |
| Type: | MERGE |
| Charter #: | 34193162F |
| Charter Name: | AVONDALE INDUSTRIES, INC. |
| Role: | SURVIVOR |

| | |
|---|---|
| Filed Date: | |
| Effective Date | |
| Type: | MERGE |
| Charter #: | 245145000 |

Charter Name:
Role:

AVONDALE SHIPYARDS, INC.
NON-SURVIVOR

In testimony whereof, I have hereunto set my
hand and caused the Seal of my Office to be
affixed at the City of Baton Rouge on,

October 18, 2010

*Secretary of State*

AG 2451490DD



Certificate ID:  10109457#RWM73

To validate this certificate, visit the following web site,
go to Commercial Division, Certificate Validation,
then follow the instructions displayed.
www.sos.louisiana.gov

Page 3 of 3 on 10/18/2010 11:01:08 AM