CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-4662                                                                DIVISION "F-7"

ROBERT J. TEMPLET, SR.

versus

AVONDALE INDUSTRIES, INC., ET AL

FILED: _____       DEPUTY CLERK: _____

## ZURICH AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Zurich American Insurance Company as successor by merger to Maryland Casualty Company (hereinafter referred to as "Maryland") (and incorrectly sued by Plaintiff as Maryland Casualty Company), as an alleged insurer of Marquette Insulations, Inc. ("Marquette"), who responds to Plaintiff's Petition for Damages as follows:

I.

Maryland denies the allegations contained in paragraph 1 for lack of information sufficient to justify a belief therein.

II.

To the extent the allegations of paragraph 2, including each and every subpart, pertain to Maryland, Maryland denies any and all such allegations. To the extent the allegations of paragraph 2, including each and every subpart, pertain to other defendants, those allegations are denied for lack of information sufficient to justify a belief therein.

III.

Maryland denies the allegations contained in paragraph 3 for lack of information sufficient to justify a belief therein.

IV.

The allegations contained in paragraph 4 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 4 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of

information sufficient to justify a belief therein.

V.

Maryland denies the allegations contained in paragraph 5.

VI.

Maryland denies the allegations contained in paragraph 6 for lack of information sufficient to justify a belief therein.

VII.

Maryland denies the allegations contained in paragraph 7 for lack of information sufficient to justify a belief therein.

VIII.

Maryland denies the allegations contained in paragraph 8.

IX.

Maryland denies the allegations contained in paragraph 9.

X.

Maryland denies the allegations contained in paragraph 10.

XI.

Maryland denies the allegations contained in paragraph 11.

XII.

Maryland denies the allegations contained in paragraph 12.

XIII.

Maryland denies the allegations contained in paragraph 13.

XIV.

Maryland denies the allegations contained in paragraph 14.

XV.

Plaintiff's Petition does not contain a numbered paragraph 15.

XVI.

Maryland denies the allegations contained in paragraph 16.

XVII.

Maryland denies the allegations contained in paragraph 17.

XVIII.

Maryland denies the allegations contained in paragraph 18.

### XIX.

To the extent the allegations of paragraph 19 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

### XX.

To the extent the allegations of paragraph 20, including each and every subpart, pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

### XXI.

To the extent the allegations of paragraph 21 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

### XXII.

To the extent the allegations contained in paragraph 22 pertain to Maryland, any and all such allegations are denied. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

### XXIII.

To the extent the allegations of paragraph 23 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

### XIV.

To the extent the allegations of paragraph 24 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XV.

To the extent the allegations of paragraph 25, including each and every subpart, pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XVI.

To the extent the allegations of paragraph 26 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XVII.

To the extent the allegations of paragraph 27 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

XVIII.

Maryland denies the allegations contained in paragraph 28.

XIX.

Maryland denies the allegations contained in paragraph 29.

XXX.

Maryland denies the allegations contained in paragraph 30.

XXXI.

Maryland denies the allegations contained in paragraph 31.

XXXII.

Maryland denies the allegations contained in paragraph 32.

XXXIII.

Maryland denies the allegations contained in paragraph 33.

XXXIV.

Maryland denies the allegations contained in paragraph 34.

XXXV.

Maryland denies the allegations contained in paragraph 35.

XXXVI.

Maryland denies the allegations contained in paragraph 36.

XXXVII.

To the extent the allegations of paragraph 37 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XXXVIII.

Maryland denies the allegations contained in paragraph 38.

XXXIX.

To the extent the allegations of paragraph 39, including each and every subpart, pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, they are denied for lack of information sufficient to justify a belief therein.

XL.

To the extent the allegations of paragraph 40 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XLI.

To the extent the allegations of paragraph 41 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XLII.

To the extent the allegations of paragraph 42 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants and to the extent a response from Maryland is required, those allegations are denied for lack of information sufficient to justify a belief therein.

XLIII.

The allegations contained in paragraph 43 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 43 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

### XLIV.

The allegations contained in paragraph 44 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 44 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

### XLV.

The allegations contained in paragraph 45 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 45 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

### XLVI.

The allegations contained in paragraph 46 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 46 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

### XLVII.

The allegations contained in paragraph 47 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 47 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

### XLVIII.

The allegations contained in paragraph 48 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 48 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

XLIX.

The allegations contained in paragraph 49 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 49 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

L.

The allegations contained in paragraph 50 do not appear to pertain to Maryland and therefore do not require a response from Maryland. However, out of an abundance of caution and to the extent the allegations of paragraph 50 pertain to Maryland, Maryland denies those allegations. To the extent the allegations pertain to other defendants, they are denied for lack of information sufficient to justify a belief therein.

LI.

Maryland denies the allegations contained in paragraph 51.

LII.

Maryland further denies any and all other numbered, unnumbered, or misnumbered paragraphs and the Prayers of the Petition.

**AND NOW**, further answering, Maryland asserts the following Affirmative Defenses:

### Affirmative Defenses

A.

Maryland states that the plaintiff's claims are barred in whole or in part by the applicable statutes of limitations or prescription in that the claims were not commenced within one year after the date on which the alleged acts or practices complained of occurred, or within one year after plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the occurrence of the alleged act or injuries.

B.

Maryland states plaintiff's claims are barred in whole or in part by peremption.

C.

Plaintiff's injuries and damages, if any, were unavoidable, were the result of pre-existing injuries or subsequently occurring conditions for which Maryland cannot be held responsible, resulted from natural and ordinary diseases of life and/or were caused in whole or in part by "acts of God," environmental and/or other factors that were not within Maryland's control.

D.

Since the occurrences and injuries made the basis of this suit were not the result of any negligence on the part of Maryland or its alleged insured, such occurrences and the alleged resulting damages were unavoidable.

E.

The acts and omissions of parties over whom Maryland and/or its alleged insured had no control or right of control were the proximate and/or sole proximate, and/or producing and/or sole producing, and/or new and independent cause of any injuries or damages to plaintiff.

F.

Marquette did not exercise control over the work site(s) where or from which plaintiff was alleged to have been exposed to asbestos and therefore Maryland cannot be held liable for any unsafe conditions that existed during the alleged period of exposure.

G.

Neither Maryland nor its alleged insured managed, operated, maintained, leased, owned or assumed responsibility for the premises where or from which plaintiff was allegedly exposed to asbestos and therefore cannot be held liable for any unsafe conditions that may have existed there during the time of the alleged exposure.

H.

At all relevant times, Marquette acted within the standard of care, complied with the applicable federal and state health and safety regulations, and its products conformed to industry standards for products of the type described in the petition, including but not limited to any and all regulatory requirements set forth in the Occupational Safety and Health Act of 1970 and/or National Institute for Occupational Safety and Health (NIOSH) regulations.

I.

Maryland denies that plaintiff used any product sold or supplied by Marquette; however, if plaintiff used a product sold or supplied by Marquette at any time during his alleged exposure, then Maryland alleges that any such product was designed, manufactured, inspected, packaged, labeled and sold in full compliance and conformity with all applicable industry and governmental standards and therefore was reasonably safe and fit for its intended use, and it was accompanied by proper warnings, information and instructions, all pursuant to generally recognized prevailing industry standards and the "state-of-the-art" in existence at the time of such design, manufacture, inspection, packaging, labeling and sale, and therefore, any such product was not defective or unreasonably dangerous as alleged by plaintiff.

J.

Maryland avers that at all relevant times, Marquette did not know, and in light of then-existing and reasonably available scientific and technical knowledge, could not have known of (1) the alleged design characteristics, if any, that allegedly caused the injuries and damages complained of in plaintiff's petition; (2) the alleged danger of any such design characteristic; and, (3) any scientifically and technologically feasible and economically practical alternative design. Maryland further avers that the injuries and damages complained of in the suit, if any, were not proximately caused by the fact that Marquette did not implement any alleged alternative design.

K.

Maryland asserts that any product supplied by its alleged insured(s), if any, was substantially altered and/or misused by plaintiff and/or other third parties which in turn is the sole proximate cause of Plaintiff's alleged injuries. Such conduct constitutes an intervening cause which effectively relieves Maryland of any and all liability for Plaintiff's alleged harm.

L.

Any and all alleged damages Plaintiff may have sustained, if any, are solely the direct and proximate result of the negligence and/or fault of the Plaintiff in failing to exercise due care or taking reasonable precautions to protect the plaintiff against the adverse effects associated with exposure to hazardous materials.

M.

Maryland asserts that Plaintiff's recovery against Maryland must be barred and/or substantially reduced to the extent that the negligence of the plaintiff or that of any co-defendants and/or third parties whose identities may not yet be known but which may be discovered during the course of discovery, and in ways which are not presently known, proximately caused, contributed to or exacerbated the injuries of which plaintiff now complains.

N.

Plaintiff's claims are barred, in whole or in part, because of the plaintiff's own contributory negligence, in that the plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, any injuries. Plaintiff should be barred from recovery, or Plaintiff's recovery should be reduced in proportion to the percentage of responsibility attributable to Plaintiff.

O.

Maryland asserts that in the event that it is held to be liable to Plaintiff, which liability is specifically denied, then Maryland is entitled to a reduction for the negligence or other liability for damages which are attributable to any other party to this lawsuit.

P.

Maryland asserts that its alleged insured was entitled to rely upon the special knowledge and expertise of those handling asbestos-containing materials because such persons were experienced members of a class of skilled individuals. Maryland further asserts that the health risks, if any, of asbestos was common knowledge within the trade or profession of those who may have been responsible for plaintiff's alleged exposure; therefore, neither Maryland nor its alleged insured had any duty to warn plaintiff of the hazards of exposure to asbestos.

Q.

The learned intermediary and/or sophisticated user doctrines bar Plaintiff's recovery of any damages. Any duty to warn plaintiff of the potential risks and hazards associated with the use of any product sold or supplied by Marquette were fully discharged by providing adequate warnings to sophisticated intermediaries and/or users.

R.

Maryland asserts the defense of sporadic use.

S.

In the event that the Court or jury determines that Maryland bears any responsibility and/or liability to Plaintiff, which is specifically denied, then said Maryland is entitled to a credit, either by percentage reduction or by heads, for any and all sums paid by parties or non-parties to Plaintiff or on his behalf in connection with any injuries and damages sued upon herein.

T.

Maryland avers that to the extent that Plaintiff makes any recovery over and against Maryland, entitlement to which is denied, that said recovery must be reduced to the extent that Plaintiff has failed to mitigate his damages or has otherwise engaged in conduct or treatment which has led to the exacerbation or permanent nature of his injuries.

U.

The occurrences and injuries made the basis of Plaintiff's suit were solely, or at least in part, proximately caused by acts or omissions constituting negligence or strict liability of parties for whom Maryland is not responsible such that Plaintiff should be barred from recovery, or at least that Plaintiff's recovery should be reduced in proportion to the percentage of responsibility attributable to those parties.

V.

Maryland asserts that Plaintiff's claims are barred in whole or in part by the fellow-servant doctrine.

W.

Maryland denies that it or any alleged insured received any demand or notice from Plaintiff regarding any alleged warranty claims, and further denies that it was given any opportunity to cure any alleged breach of warranty. Further, defendant Maryland nor any alleged insured made any representation or warranties to Plaintiff as part of a consumer transaction or otherwise.

X.

Maryland asserts that to the extent that there is a policy(s) of insurance in force and effect that provides coverage for the incident(s) described in the petition, that said policy(s) is in writing and therefore the best evidence of its content. All terms, conditions, limitations and exclusions of said policy(s) are pleaded as if specifically copied herein *in extenso*.

Y.

Maryland hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert any such defenses.

Z.

Maryland asserts that at the time of the events complained of in the petition, there was no reasonably feasible safer alternative design available for the products which Plaintiff alleges were responsible for his alleged asbestos related disease.

AA.

Maryland would show that during the period of time for which Plaintiff has asserted a claim for injuries and damages, Marquette was not in existence, either because it was not yet formed or because it had been voluntarily dissolved.

BB.

Any and all claims against Maryland are barred perpetually and peremptorily because they were not brought within three years of Marquette's dissolution.

CC.

Maryland and its alleged insured were not the origin or source of any harmful substances to which plaintiff was allegedly exposed.

DD.

The alleged insured of Maryland provided plaintiff with warnings and instructions sufficient to satisfy any duty owed to plaintiff.

EE.

Maryland avers that during the period in which Plaintiff was allegedly exposed to unsafe materials, Marquette did not know, reasonably could not have discovered and did not exercise control over the materials to which plaintiff was allegedly exposed.

FF.

Marquette did not manufacture, supply, produce, provide, market, sell, distribute, install or otherwise exercise control over the harmful materials to which plaintiff was allegedly exposed, and it cannot be held liable for injuries resulting there from.

GG.

In the event that the Court or jury determines that Maryland bears any responsibility

and/or liability to Plaintiff, which is specifically denied, then Plaintiff's damages, if any, should be reduced to the extent that plaintiff subsequently assumed the risk of an exposure related injury by continuing to work in an area where asbestos was present after he knew or should have known of the potential health risks associated with exposure to the hazardous materials identified herein.

### HH.

To the extent punitive damages are alleged, an award of punitive damages against any of the defendants in this case not permitted under Louisiana law. An award of punitive damages would be unconstitutional and in violation of the Constitution of the United States.

### II.

To the extent Maryland is found liable, which is specifically denied, Plaintiff's claims are barred or shall be reduced to the extent that any such liability exceeds any applicable per person, per occurrence or aggregate limits of liability.

### JJ.

Maryland hereby adopts and incorporates by reference as if pleaded herein *in extenso* any and all applicable affirmative defenses raised by any other party hereto.

### KK.

Maryland hereby adopts and incorporates any and all exceptions pled by any and all other defendants.

### **Jury Demand**

Maryland prays for Trial by Jury.

**WHEREFORE**, Defendant, Zurich American Insurance Company as successor by merger to Maryland Casualty Company (hereinafter referred to as "Maryland") (and incorrectly sued by Plaintiff as Maryland Casualty Company), as an alleged insurer of Marquette Insulations, Inc. ("Marquette"), prays that its Answer and Affirmative Defenses be deemed good and sufficient, and after due proceedings are had that there be judgment issued in favor of Defendant, Zurich American Insurance Company as successor by merger to Maryland Casualty Company, at Plaintiff's costs.

Respectfully submitted,

13

_____
EDWARD T. HAYES (#25700)
MARC E. DEVENPORT (#23712)
ADAM D. WHITWORTH (#34149)
Leake & Andersson, L.L.P.
1100 Poydras Street
Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
***Counsel for Zurich American Insurance Company as successor by merger to Maryland Casualty Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record herein by depositing a copy of same in the United States mail, postage prepaid and properly addressed or by facsimile or electronic mail, this ____ day of June, 2017.

_____

14

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-4662                                                        DIVISION "F-7"

ROBERT J. TEMPLET, SR.

versus

AVONDALE INDUSTRIES, INC., ET AL

FILED: _____     DEPUTY CLERK: _____

## ORDER FOR TRIAL BY JURY

Considering the timely demand for trial by jury of Defendant, Zurich American Insurance Company as successor by merger to Maryland Casualty Company (hereinafter referred to as "Maryland") (and incorrectly sued by Plaintiff as Maryland Casualty Company) as an alleged insurer of Marquette Insulations, Inc. ("Marquette"):

**IT IS ORDERED** that the captioned matter be tried before a jury on its merits, upon the defendant, Maryland posting a Bond for Costs in an amount to be fixed by the Court in a separate order, after this case is set for trial pursuant to the applicable provisions of the Louisiana Code of Civil Procedure.

New Orleans, Louisiana, this _____ day of _____, 2017.

_____
JUDGE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-4662                                      DIVISION "F-7"

ROBERT J. TEMPLET, SR.

versus

AVONDALE INDUSTRIES, INC., ET AL

FILED: _____      DEPUTY CLERK: _____

## REQUEST FOR NOTICE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Zurich American Insurance Company as successor by merger to Maryland Casualty Company (hereinafter referred to as "Maryland") (and incorrectly sued by Plaintiff as Maryland Casualty Company), as an alleged insurer of Marquette Insulations, Inc. ("Marquette"), and reserves all of its rights to file dilatory and declinatory exceptions, and without waiving any such rights, hereby moves for written notice of judgment, orders or other action of the trial court, and the setting or the date fixing for any conference, trial or hearing on any exception, motion, rule, or trial on the merits, pursuant to Articles 1572, 1913, and 1914 of the Louisiana Code of Civil Procedure, including immediate notice or interlocutory and final orders and judgments on any exceptions, motions, rules or trial, in the above captioned matter.

Respectfully submitted,

_____
EDWARD T. HAYES (#25700)
MARC E. DEVENPORT (#23712)
ADAM D. WHITWORTH (#34149)
Leake & Andersson, L.L.P.
1100 Poydras Street
Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
***Counsel for Zurich American Insurance Company as successor by merger to Maryland Casualty Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record herein by depositing a copy of same in the United States mail, postage prepaid and properly addressed or by facsimile or electronic mail, this ____ day of June, 2017.

_____