# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ROBERT TEMPLET, SR.                                    CIVIL ACTION

VERSUS                                                 CASE NO. 17-5935

AVONDALE INDUSTRIES, INC., et al.                      SECTION: "G"(1)

## ORDER

In this litigation, Plaintiff Robert Templet, Sr. ("Plaintiff") alleges that he suffered exposure to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Plaintiff was employed by Defendant Avondale Industries, Inc. ("Avondale").[1] Pending before the Court is Plaintiff's "Motion to Remand."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[1] Rec. Doc. 1-2 at 3. In particular, the Defendants in this action include Albert Bossier, Huntington Ingalls Inc., Lamorak Insurance Co., CBS Corporation, Eagle, Inc., First State Insurance Company, Georgia-Pacific LLC, Goulds Pumps LLC, Hopeman Brothers, Inc., International Paper Co., Liberty Mutual Insurance Company, Maryland Casualty Company, McCarty Corporation, Metropolitan Life Insurance Company, Reilly-Benton Company, Inc., Taylor-Seidenbach, Inc., Union Carbide Corporation, United States Fidelity and Guaranty Company, J.D. Roberts, Certain Underwriters at Llyod's, London, Travelers Insurance Company, OneBeacon Insurance Company, Travelers Indemnity Company, and Zurich American Insurance Company. *Id.* at 1–2.

[2] Rec. Doc. 5.

1

# I. Background

## A.    *Factual Background*

In this litigation, Plaintiff alleges that he was employed by Avondale from 1968 to 2002.[3] During that time, Plaintiff avers that he handled asbestos and asbestos-containing products in various locations and work sites, resulting in Plaintiff breathing in asbestos fibers and later developing diffuse malignant pleural mesothelioma.[4] Plaintiff asserts that each of the named Defendants "designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold [the] asbestos-containing products" to which Plaintiff was exposed.[5] Plaintiff brings Louisiana state law claims for negligence and strict liability.[6]

## B.    *Procedural Background*

Plaintiff filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on May 15, 2017.[7] Defendants Avondale, Albert Bossier, Jr., who is an executive officer at Avondale, and Lamorak Insurance Company removed the case to this Court on June 19, 2017.[8] Defendants allege that removal is proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[9]

---

[3] Rec. Doc. 1-2 at 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4–15.

[7] *Id.* at 1.

[8] Rec. Doc. 1 at 2.

[9] *Id.*

On July 5, 2017, Plaintiff filed the instant motion to remand.[10] On July 5, 2017, Plaintiff also filed a request for oral argument,[11] which the Court denied.[12] On July 25, 2017, Avondale filed a timely opposition, which was subsequently marked as deficient by the Clerk of Court for exceeding 25 pages.[13] On July 26, 2017, Avondale filed a motion for leave to file a 33 page opposition,[14] which the Court granted.[15] On July 27, 2017, Avondale filed a motion for leave to file certain exhibits under seal,[16] which the Court granted.[17] On August 1, 2017, Plaintiff filed a reply with leave of Court.[18]

## II. Parties' Arguments

### A. Avondale's Notice of Removal

In Avondale's Notice of Removal, Avondale asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), as this action is allegedly for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers.[19] In particular, Avondale contends that Plaintiff stated during his deposition on June 8, 2017, that he remembered working on Navy Destroyer Escorts and Coast Guard Cutters

---

[10] Rec. Doc. 5.

[11] Rec. Doc. 6.

[12] Rec. Doc. 21.

[13] Rec. Doc. 11.

[14] Rec. Doc. 12.

[15] Rec. Doc. 14.

[16] Rec. Doc. 13.

[17] Rec. Doc. 19.

[18] Rec. Doc. 22.

[19] Rec. Doc. 1 at 2.

while the vessels were afloat in the Mississippi River and while Plaintiff was employed at Avondale.[20] According to Avondale, Plaintiff testified in his deposition that he worked near insulators while installing asbestos-containing products on those vessels, and that he breathed in asbestos fibers generated during the work.[21] Moreover, Avondale points out that Plaintiff testified that he worked in close proximity to employees of Defendant Hopeman Brothers while aboard the Coast Guard Cutters and while they were sawing asbestos-containing wallboards, which also created asbestos dust that Plaintiff allegedly breathed.[22]

Avondale argues that it is a corporation and therefore a "person" within the meaning of 28 U.S.C. § 1442(a)(1), and that its former executive officers are "persons" within the meaning of the statute as well.[23] Avondale further asserts that Plaintiff worked on the Coast Guard Cutters and Navy Destroyer Escorts pursuant to contracts between Avondale and the United States government.[24] Moreover, Avondale avers that the use of asbestos-containing materials from which Plaintiff's causes of action arise was required by the contractual provisions and design specifications mandated by the federal government, and that the federal government oversaw the construction process to ensure compliance.[25] Therefore, Avondale contends that it was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of Section

---

[20] *Id.* at 2–3.

[21] *Id.* at 3.

[22] *Id.*

[23] *Id.* (citing *Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016); *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 57 (5th Cir. 1975)).

[24] *Id.* at 4.

[25] *Id.*

1442(a)(1), as it was performing a task that the federal government would otherwise have had to perform, *i.e.* building ships "used to help conduct a war" and "to further other national interests."[26]

Additionally, Avondale asserts "two colorable federal defenses" in its Notice of Removal to Plaintiff's claims: (1) Plaintiff's claims are barred under the doctrine of government contractor immunity established by the Supreme Court in *Boyle v. United Technologies Corporation*; and (2) Plaintiff's claims are preempted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA").[27]

### B. *Plaintiff's Motion to Remand*

In his motion, Plaintiff argues that remand of this case involving only state law negligence claims is proper, as: (1) Avondale was not "acting under" the direction of a federal officer and cannot show a "causal nexus" between a federal officer's "direct and detailed control" over Avondale's operations, safety activities, or handling of asbestos and Avondale's ability to comply with its state law obligations to warn and protect Plaintiff; and (2) Avondale's LHWCA defense does not provide an independent basis for removal, and, regardless, the LHWCA supplements state law remedies rather than supplanting them.[28]

### 1. Federal Officer Removal Statute

First, Plaintiff asserts that Avondale's "federal officer removal" argument fails, as 28 U.S.C. § 1442(a)(1) requires Avondale to show that: (1) it is a "person" as defined in Section 1442; (2) it acted pursuant to a federal officer's directions and a causal nexus exists between those actions

---

[26] *Id.* (citing *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153–54 (2007); *Savoie,* 817 F.3d at 461–62).

[27] *Id.* at 5 (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988); 33 U.S.C. § 901).

[28] Rec. Doc. 5 at 1.

and Plaintiff's claims; and (3) it has a "colorable federal defense" to the claims asserted.[29] Plaintiff asserts that Avondale has no support for the claim that the federal government compelled Avondale to not warn or protect Plaintiff from the dangers of asbestos.[30] Plaintiff points out that he only asserted a negligence state law claim against Avondale for failing to warn or protect him from the hazards of asbestos, and not a strict liability claim which is premised on the mere use of asbestos.[31] Thus, Plaintiff argues that it is insufficient for Avondale to claim that it was acting under Department of Defense officials generally or that the government ordered Avondale to install asbestos products, as Avondale must also show that it was under substantial control of the federal government with regard to warning others of the presence of asbestos.[32] According to Plaintiff, the fact that the federal government specified that Avondale should use asbestos as one of the thousands of raw materials used in the project is insufficient by itself to create "federal officer" jurisdiction, just as the federal government's specification that Avondale should use steel does not create jurisdiction over a state law negligence action if a piece of steel dropped on a worker due to Avondale's negligence.[33]

Plaintiff further points to an affidavit of Felix Albert, a former federal ship inspector for the United States Navy during the same time that Plaintiff worked for Avondale, in which Albert states that Avondale employees did not work under the direction of an officer of the United

---

[29] Rec. Doc. 5-1 at 7 (citing *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998)).

[30] *Id.* at 2.

[31] *Id.* at 1, 4–5, 16–17.

[32] *Id.* at 7–8.

[33] *Id.* at 2 n.1.

States.[34] According to Plaintiff, Albert also testified that the United States government inspectors did not monitor or enforce safety regulations, as that was the responsibility of Avondale.[35] Likewise, Plaintiff avers that Peter Territo, a former Avondale Safety Director, testified in a 1996 deposition that federal officers did not control the safety department at Avondale and did not prevent Avondale from meeting its duty to warn.[36] Plaintiff asserts that Eddie Blanchard, a Superintendent of Outfitting at Avondale, also testified in a previous deposition that federal officers did not control the safety department at Avondale.[37] Thus, Plaintiff avers that the evidence demonstrates that asbestos safety measures at Avondale were never under federal control.[38]

Furthermore, Plaintiff contends that there is a long line of cases in the Fifth Circuit and the Eastern District of Louisiana where courts have remanded cases with nearly identical facts and arguments.[39] Plaintiff asserts that these cases support his argument that Avondale cannot satisfy the causal nexus requirement for Plaintiff's negligence claims in this matter.[40] For example, Plaintiff argues that in *Bartel v. Alcoa Steamship*, the Fifth Circuit determined that allegations of failure to warn and to take safety precautions did not constitute actions taken under color of federal

---

[34] *Id.* at 8. Rec. Doc. 5-26.

[35] Rec. Doc. 5-1 at 8.

[36] *Id.* at 8–9. Rec. Doc. 5-27.

[37] Rec. Doc. 5-1 at 9–10.

[38] *Id.* at 13.

[39] *Id.* at 9–10. (citing *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016); *Bartel v. Alcoa Steamship*, 805 F.3d 169, 174 (5th Cir. 2015); *Blouin v. Huntington Ingalls, Inc.*, No. 17-2636, 2017 WL 2628103 (E.D. La. Jun. 19, 2017); *Legendre v. Huntington Ingalls, Inc.*, No. 17-2162, 2017 WL 1458209 (E.D. La. Apr. 25, 2017); *Francis v. Union Carbide Corp.*, No. 11-2695, 2011 WL 6180061, at *1 (E.D. La. Dec. 13, 2011); *Landry v. Northrop Grumman Inds., Inc.*, No. 06-9889 (E.D. La. Dec. 4, 2006); *Griffin v. Northrop Grumman Inds., Inc.*, No. 06-9439 (E.D. La. Dec. 4, 2006)).

[40] *Id.* at 3.

authority.[41] According to Plaintiff, the Fifth Circuit held that "although the federal government had installed asbestos in the ships, it had not prevented the operators from warning plaintiffs about the dangers of asbestos or from adopting safety procedures to minimize workers' asbestos exposure."[42]

Similarly, Plaintiff avers that in *Savoie v. Huntington Ingalls, Inc.*, the Fifth Circuit determined that Avondale failed to show that the federal government's mandate to use asbestos insulation caused Avondale to engage in the allegedly negligent conduct of failing to warn of the hazards of asbestos.[43] Plaintiff points out that, unlike here, the plaintiff in *Savoie* brought a strict liability claim, which the Fifth Circuit recognized "rest[s] on the mere use of asbestos," whereas claims for negligence turn on "discretionary decisions made by the shipyard."[44] Likewise, Plaintiff points to several district court cases outside of the Fifth Circuit that Plaintiff asserts involved remands on similar facts.[45] For example, Plaintiff argues that in *Overly v. Raybestos-Manhattan*, a court in the Northern District of California found that, although the defendant cited "abundant evidence" that federal government regulations controlled the design and manufacture of U.S. Navy vessels, "*none* of these guidelines addresses Avondale's responsibility to warn its employees of their exposure to products containing asbestos."[46] According to Avondale, the court held that

---

[41] *Id.* at 17 (quoting *Bartel*, 805 F.3d at 174).

[42] *Id.* (quoting *Bartel*, 805 F.3d at 173–74).

[43] *Id.* at 15–16 (citing *Savoie*, 817 F.3d at 462).

[44] *Id.* at 16 (citing *Savoie*, 817 F.3d at 465).

[45] *Id.* at 10–11.

[46] *Id.* (quoting *Overly v. Raybestos-Manhattan*, No. 96-2853, 1996 WL 532150, at *4 (N.D. Cal. Sept. 9, 1996) (emphasis in original)).

remand was proper because "there is no causal connection between the control exercised by the United States over Avondale and the legal theory under which plaintiffs seek to hold Avondale liable."[47] Similarly, Plaintiff argues that there is no such nexus between Plaintiff's claims and the directives to Avondale by the federal government at issue here.[48]

Plaintiff contends that although Section 1442(a)(1) was amended in 2011, it did not bring negligence-based claims within the ambit of the federal officer removal statute.[49] Rather, Plaintiff avers that the 2011 amendment removed the word "sued" from the statute and was intended to make clear that pre-suit discovery proceedings under state law can be removed to federal court.[50] Moreover, Plaintiff argues that Avondale's citation to the Fifth Circuit case *Zeringue v. Crane Company* is distinguishable, as it involved claims for strict liability and negligence against a product manufacturer who removed the case, whereas here, Avondale is a premises owner and employer facing only negligence claims.[51]

Additionally, Plaintiff asserts that the third prong of the federal officer removal statute is not met either, as Avondale does not have a colorable federal government contractor defense.[52] Plaintiff argues that such a defense is not recognized here, as Plaintiff does not assert a claim against Avondale based on a design defect or a manufacturing defect.[53] Plaintiff further contends

---

[47] *Id.* at 11 (quoting *Overly*, 1996 WL 532150, at *4).

[48] *Id.* at 11–12.

[49] *Id.* at 18.

[50] *Id.*

[51] *Id.* at 18–19 (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 788 (5th Cir. 2017)).

[52] *Id.* at 13, 21.

[53] *Id.* at 21.

that a government contractor's defense does not apply because his mesothelioma was caused by asbestos-containing products manufactured by other Defendants, and not by Avondale, and that asbestos-containing products are not military equipment.[54]

## 2. Removal Pursuant to the LHWCA

Second, Plaintiff argues that the LHWCA cannot serve as an independent basis for removal, as a case may not be removed merely on the basis of a preemption defense.[55] Regardless, Plaintiff contends that the LHWCA does not preempt state law, but rather supplements the remedies that an injured worker may pursue.[56] Plaintiff asserts that, because his exposure to asbestos began in 1968 before Louisiana's workers' compensation scheme began covering mesothelioma, he is free to pursue state law tort claims against Avondale in state court.[57] Moreover, Plaintiff points out that he has not filed a claim for LHWCA benefits.[58]

## C. *Avondale's Opposition to Plaintiff's Motion to Remand*

In its opposition memorandum, Avondale asserts that it built thirty-nine Coast Guard Cutters and Navy Destroyer Escorts pursuant to contracts between Avondale and the United States government from 1967 to 1974.[59] According to Avondale, these contracts included mandatory specifications in the construction of the vessels, including detailed requirements that Avondale use

---

[54] *Id.* (citing *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 812 (9th Cir. 1992); *Hansen v. Johns-Manville Prod. Corp.*, 734 F.2d 1036 (5th Cir. 1984)).

[55] *Id.* at 4, 23 (citing *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012); *Aaron v. National Union Fire Insurance Co.*, 876 F.2d 1157 (5th Cir. 1989)).

[56] *Id.* at 4 (citing *Sheppard v. Northrup Grumman, Sys. Corp.*, No. 07-2208, 2007 WL 1550992 at *2, 3, 6–7 (E.D. La. May 24, 2007); *Gauthe v. Asbestos Corp.*, No. 96-2454, 1997 WL 3255 at *3–5 (E.D. La. Jan. 2, 1997)).

[57] *Id.* at 25.

[58] *Id.*

[59] Rec. Doc. 11 at 9.

asbestos-containing materials. [60] Avondale contends that federal inspectors oversaw the handling of construction materials and the care of those products until they were installed on the vessels, and that the federal inspectors monitored the day-to-day construction of the vessels.[61] Avondale argues that this included the use and application of asbestos-containing materials.[62]

As such, Avondale asserts that this case was properly removed under the federal officer removal statute, which extends to contractors performing tasks on behalf of the federal government.[63] According to Avondale, Section 1442's purpose is to prevent persons, including corporations, acting under the direction of federal officers "from being tried in state courts for acts done within the scope of their federal employment."[64] Avondale asserts that Congress intended for Section 1442 to be interpreted broadly in favor of removal.[65]

Avondale argues that all requirements for removal under 28 U.S.C. § 1442 are met here.[66] First, Avondale represents that, as a corporation, it is a "person" within the meaning of Section 1442(a)(1).[67] Second, Avondale avers that it acted under color of federal officer when it was

---

[60] *Id.* at 10.

[61] *Id.*

[62] *Id.*

[63] *Id.* at 11.

[64] *Id.* at 11–12 (quoting *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975)).

[65] *Id.* (citing *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 460 (5th Cir. 2016); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Loupe v. Pennsylvania Gen. Ins. Co.*, No. 16-6075, 2016 WL 6803531, at *2 (E.D. La. Nov. 17, 2016)).

[66] *Id.* at 12–13. In particular, Avondale asserts that it must show: "(1) that it is a person within the meaning of the statute, (2) that it acted under color of federal office, (3) that a causal nexus exists between [its] actions under color of federal office and at least one of the plaintiff's claims, and (4) that it has a colorable federal defense." *Id.* (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398-400 (5th Cir. 1998)).

[67] *Id.* at 13.

contracted by the federal government to construct the Navy Destroyer Escorts and Coast Guard Cutters.[68]

Third, Avondale argues that Plaintiff's negligence claims satisfy the causal nexus element, particularly in light of the 2011 amendment to Section 1442.[69] According to Avondale, before its amendment in 2011, the federal officer removal statute allowed removal only when the removing defendant had been sued "*for* [an] act under color of [federal] office."[70] Avondale represents that the causal nexus text under the pre-2011 version of Section 1442 required removing defendants to satisfy a "but for" inquiry and show that the "precise wrongful act or omission alleged by the plaintiffs was itself specifically directed or compelled by federal officers."[71] Now, Avondale avers, the removal statute provides for broader removal of suits "*relating to . . .* act[s] under color of [federal] office," which Avondale contends establishes a broader "associated" or "in connection with" standard.[72] Here, Avondale argues that the duties of care it owed Plaintiff resulted directly from the government's directive to use asbestos, and therefore Plaintiff's negligence claims are "related to" or were "associated with" the government directives.[73] Avondale points out that in *In re Commonwealth's Motion to Appoint Counsel*, the Third Circuit held that removal of a lawsuit against federal public defenders seeking to prevent them from appearing in state court was proper,

---

[68] *Id.* (citing *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153–54 (2007); *Wilde v. Huntington Ingalls Incorporated*, 2015 WL 3796444, at *2 (5th Cir. June 19, 2015)).

[69] *Id.* at 13–14.

[70] *Id.* at 14 (emphasis in original).

[71] *Id.*

[72] *Id.* at 14–15 (emphasis in original).

[73] *Id.* at 16.

as appearing in state court post-conviction hearings was associated or connected with their federal habeas mandate.[74] Likewise, Avondale represents that in *Savoie*, the Fifth Circuit noted that, although the defendant had failed to fully brief its argument that the 2011 amendment allows removal of similar negligence claim, the defendants "make a colorable argument that, in regard to the negligence claims, this action is removable because of the 2011 statutory amendment adding the words 'or relating to' to § 1442(a)(1)."[75] Thus, Avondale contends that it has satisfied the third factor under Section 1442 by showing that there is a causal connection between Plaintiff's claims and the government's directives.[76]

Fourth, Avondale argues that it has asserted two "colorable" federal defenses, as Avondale avers that it is only required to show at this stage that the defense is "plausible."[77] Avondale contends that one or more of Plaintiff's claims is barred by its government contractor immunity defense, which provides immunity for conduct that complies with the specifications of a federal contract.[78] According to Avondale, to prevail on the merits of its defense, it must establish: "(1) that the government approved reasonably precise specifications for the construction of the ships; (2) that the ships conformed to those specifications; and (3) that the contractor warned the government of any hazards presented by the asbestos-containing components the government required that were known to the contractor but unknown to the government."[79]

---

[74] *Id.* at 16–17.

[75] *Id.* at 17 (citing *Savoie*, 824 F.3d at 469–70).

[76] *Id.* at 17–18.

[77] *Id.* at 18.

[78] *Id.* at 19.

[79] *Id.* at 20 (citing *Boyle*, 487 U.S. at 511).

Avondale avers that the first factor is met, as the federal vessels at issue here were built pursuant to contracts with the United States government that imposed mandatory specifications on Avondale to use asbestos-containing materials.[80] Avondale represents that every aspect of the shipbuilding process, including the use and application of the asbestos-containing materials, was monitored for compliance by federal inspectors.[81] Likewise, Avondale avers that the second factor requiring compliance with the government's specifications is easily met and not disputed by Plaintiff.[82] Finally, Avondale argues that the third factor is met, as the Fifth Circuit has held that a government contractor only has a duty to warn the government of dangers "that were known to the contractor but not to the United States."[83]  In support, Avondale points to the affidavits of Thomas McCafferty, a maritime historian, which states that the government knew "as much or more than Avondale did about the hazards of asbestos exposure."[84] Avondale further represents that the affidavit of Danny Joyce, a representative of Avondale, states that Avondale never had any information regarding the health hazards of asbestos that was not known by the federal government.[85]

Avondale further argues that one or more of Plaintiff's claims is preempted or barred by the exclusive remedy provisions of the LHWCA.[86] Avondale concedes that it does not assert that

---

[80] *Id.* at 20–21.

[81] *Id.* at 21–22.

[82] *Id.* at 22–23.

[83] *Id.* at 23 (citing *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1487 (5th Cir. 1989)).

[84] *Id.*

[85] *Id.* at 23–24.

[86] *Id.* at 24–25.

its preemption defense establishes subject matter jurisdiction, but rather it is one of two colorable federal defenses Avondale points to in order to show that removal under Section 1442 is proper.[87] Avondale asserts that Plaintiff worked on the Navy Destroyer Escorts and Coast Guard Cutters while they were in the Mississippi River, and therefore he is covered by the LHWCA.[88] Avondale argues that the applicable law is determined at the time the disease manifests itself, and here Plaintiff was not diagnosed with mesothelioma until February of 2017.[89] Under the current version of the LHWCA, Avondale contends, Plaintiff's state law tort action is barred.[90] Avondale therefore concludes that Plaintiff may only choose between the LHWCA benefits and state workers' compensation benefits, and may not bring state tort law actions for damages.[91] Moreover, Avondale argues that Plaintiff is not covered by the Louisiana workers' compensation act because it does not cover exposures to asbestos that occurred before 1975.[92] Thus, Avondale asserts that the LHWCA governs by default and thereby preempts Plaintiff's tort actions.[93]

### D.     *Plaintiff's Arguments in Further Support of the Motion to Remand*

In reply, Plaintiff asserts that Avondale's arguments regarding the causal nexus requirement are the same ones that were recently rejected by two other courts in the Eastern District

---

[87] *Id.* at 24.

[88] *Id.* at 25.

[89] *Id.* at 25–26.

[90] *Id.* at 26.

[91] *Id.*

[92] *Id.*

[93] *Id.* at 27 (citing *Cobb v. Sipco Servs. & Marine, Inc.*, 1997 WL 159491 (E.D. La. Mar. 27, 1997) (Vance, J.)).

of Louisiana involving nearly identical facts and causes of action.[94] Plaintiff also points out that the Fifth Circuit has recently considered two cases involving similar negligence claims that were removed pursuant to the federal officer removal statute, in which the Fifth Circuit held that both did not meet the causal nexus requirement even under the post-2011 amended version of Section 1442.[95] According to Plaintiff, the Fifth Circuit determined in both cases that claims regarding Avondale's failure to properly handle asbestos or failure to warn, train, or implement safety procedures do not give rise to federal officer jurisdiction.[96] Plaintiff avers that Avondale is urging the Court to find that removal is warranted in every case involving a government vessel.[97] Plaintiff argues, however, that his claims do not arise simply because Avondale built ships for the government, but rather because Avondale failed to warn of the hazards of asbestos or to take industrial hygiene measures.[98] Plaintiff contends that Avondale has not provided evidence of any government directives mandating that Avondale not protect its employees.[99]

Moreover, Plaintiff argues that the 2011 amendment sought to ensure that federal officers could remove pre-suit discovery proceedings, and that it "was not designed to gut the causal nexus requirement."[100] According to Plaintiff, the House Report on the 2011 amendment states that there

---

[94] Rec. Doc. 22 1–2 (citing *Blouin v. Huntington Ingalls Inc.*, No. 17-2636, 2017 WL 2628103, at *5 (E.D. La. June 19, 2017) (Zainey, J.); *Legendre v. Huntington Ingalls Inc.*, No. 17-2162, 2017 WL 1458209, at *5 (E.D. La. Apr. 25, 2017) (Africk, J.)).

[95] *Id.* at 3–4 (citing *Savoie*, 817 F.3d at 460; *Bartel*, 805 F.3d at 172),

[96] *Id.* at 4.

[97] *Id.*

[98] *Id.*

[99] *Id.* at 5.

[100] *Id.* at 6.

must still be a causal connection "between the charged conduct and asserted authority" and that removal is allowed "only when the acts of Federal defendants are essentially ordered or demanded by Federal authority."[101]

Additionally, Plaintiff asserts that Avondale cannot establish a colorable federal defense, *i.e.* the third prong of the federal officer removal statute.[102] First, Plaintiff contends that Avondale cannot claim a federal contractor defense, as it cannot show that the federal government specified that Avondale could not warn Plaintiff or implement industrial hygiene measures.[103] Plaintiff argues that there is no conflict here between the government's specifications and Avondale's state law duties, and thus the government contractor defense does not apply.[104] Second, Plaintiff avers that, because his injuries did not occur on a "vessel" as defined in the LHWCA, his claims are not preempted by the LHWCA.[105] Plaintiff points out that the Fifth Circuit has held that a ship that was 80% to 85% constructed but still incomplete did not constitute a "vessel" under the LHWCA.[106] Here, Plaintiff argues that it is undisputed that the vessels he worked on were still under construction.[107] Moreover, Plaintiff asserts that the LHWCA provides a minimum level of

---

[101] *Id.*

[102] *Id.*

[103] *Id.* at 6–7.

[104] *Id.* at 7.

[105] *Id.*

[106] *Id.* (citing *Rosetti v. Avondale Shipyards, Inc.*, 821 F.2d 1083, (5th Cir. 1987)).

[107] *Id.* at 8.

compensation to injured workers, and it does not limit Plaintiff's option of pursuing other remedies under state or federal law.[108]

### III. Law and Analysis

#### A. *Legal Standard*

Pursuant to the current text of 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. The purpose of the federal officer removal statute is to protect the federal government from undue state interference of its lawful activities.[109] Before Section 1442(a)(1) was amended in 2011, a person acting under a federal officer could only remove a case to federal court if the state lawsuit was "for any act under color of such office;" after the 2011 amendment, Section 1442 allows removal of a state suit "for *or relating to* any act under color of such office."[110] According to the Fifth Circuit, "[t]he plain meaning of the added language broadens the scope of the statute as the ordinary meaning of [relating to] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"[111]

---

[108] *Id.* at 9.

[109] *See Mesa v. California*, 489 U.S. 121, 126 (1989); *Bartel v. Alcoa Steamship Co.*, 64 F. Supp. 3d 843, 852–53 (M.D. La. 2014), *aff'd sub nom. Bartel v. Alcoa S.S. Co.*, 805 F.3d 169 (5th Cir. 2015); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011) (Vance, J.).

[110] 28 U.S.C. § 1442(a)(1) (emphasis added); *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017) (discussing the 2011 amendment).

[111] *Zeringue*, 846 F.3d at 793 (quotation marks omitted).

Unlike the general removal statute, which must be "strictly construed in favor of remand," the federal officer removal statute's language must be liberally interpreted.[112] Nonetheless, its "broad language is not limitless."[113] It is the removing party's burden to establish the existence of federal jurisdiction over the controversy.[114] Orders remanding a case to state court that was removed pursuant to the federal officer removal statue are appealable under 28 U.S.C. § 1447(d) and are reviewed *de novo* by the Fifth Circuit, "without a thumb on the remand side of the scale."[115]

The Fifth Circuit has adopted a three-part inquiry to determine whether a government contractor qualifies as a "person acting under [a federal] officer" who is sued "in an official or individual capacity for any act under color of such office."[116] The contractor must prove that: (1) it is a "person" within the meaning of the statute; (2) it acted pursuant to a federal officer's directions, and a causal nexus exists between its actions under color of federal office and the plaintiff's claims; and (3) it has a colorable federal defense to the plaintiff's claims.[117]

### B.    *Analysis*

As stated *supra*, in order to show that removal under the federal officer removal statute is proper, Avondale must show that: (1) it is a "person" within the meaning of the statute; (2) it acted

---

[112] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute."); *Bartel*, 64 F. Supp. 3d at 852–53; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[113] *Watson*, 551 U.S. at 147; *Winters*, 149 F.3d at 397.

[114] *Winters*, 149 F.3d at 397; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[115] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 460 (5th Cir. 2016).

[116] *Id.*; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[117] *Winters*, 149 F.3d at 397; *Savoie*, 817 F.3d at 460; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

pursuant to a federal officer's directions, and a causal nexus exists between its actions under color of federal office and the plaintiff's claims; and (3) it has a colorable federal defense to the plaintiff's claims.[118] With regard to the first factor, Plaintiff does not dispute that Avondale as a corporation qualifies as a "person" within the meaning of Section 1442. Both the Supreme Court and the Fifth Circuit have recognized that the removal statute applies to both private persons and corporate entities "'who lawfully assist' the federal officer 'in the performance of his official duty.'"[119] Therefore, the Court finds that Avondale has sufficiently shown that it is a "person" within the meaning of the federal officer removal statute.

With regard to the second factor, Plaintiff argues that Avondale cannot show that it acted pursuant to a federal officer's directions when it allegedly failed to warn and protect Plaintiff from the dangers of asbestos, or that there is a causal nexus between Avondale's actions under color of federal office and Plaintiff's negligence claims.[120] In opposition, Avondale asserts that, under the current "for or relating to" language of Section 1442(a)(1), it has demonstrated that the duties of care it owed Plaintiff resulted directly from the government's specifications to use asbestos-containing materials in constructing the federal vessels, and therefore Plaintiff's negligence claims are "related to" its actions pursuant to the federal government's directions.[121]

---

[118] 28 U.S.C. § 1442(a)(1); *Winters*, 149 F.3d at 397; *Savoie*, 817 F.3d at 460; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529; *see also Blouin v. Huntington Ingalls Inc.*, No. 17-2636, 2017 WL 2628103, at *5 (E.D. La. June 19, 2017) (Zainey, J.).

[119] *Savoie*, 817 F.3d at 461 (quoting *Watson*, 551 U.S. at 151 (quoting *Davis v. South Carolina*, 107 U.S. 597, 600 (1883))).

[120] Rec. Doc. 5-1 at 1, 4–5, 16–17.

[121] Rec. Doc. 15 at 16.

In *Bartel v. Alcoa S.S. Company*, a 2015 case decided after Section 1442(a) was amended in 2011, the Fifth Circuit explained that it is "necessary *but not sufficient* for a defendant to show it 'acted pursuant to a federal officer's directions,'" as the removing party must also show that a causal nexus exists.[122] In *Bartel*, the Fifth Circuit instructed that, when considering whether a causal nexus exists for removal, it is "important to understand the nature of the plaintiffs' allegations . . . [for] failure to warn, failure to train, and failure to adopt procedures for the safe installation and removal of asbestos."[123] Thus, the *Bartel* court opined that the proper approach for such negligence claims is to consider whether the federal government exercised control over safety requirements such that a failure to warn was caused by the government's instructions.[124] Because the defendants "[could] do no better than to show that the federal government owned the vessels in question" and did not produce evidence that the government issued orders relating to safety procedures or asbestos, the Fifth Circuit held that remand was proper.[125] "What little evidence there is suggests the Federal Officer Defendants operated the vessels in a largely independent fashion and, at a minimum, were free to adopt the safety measures the plaintiffs now allege would have prevented their injuries."[126]

A year later in *Savoie v. Huntington Ingalls, Inc.*, the Fifth Circuit again held that, "with respect to the [plaintiff's] negligence claims, we agree with the district court that the federal

---

[122] *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 (5th Cir. 2015) (emphasis added) (quoting *Winters*, 149 F.3d at 398).

[123] *Id.* at 173.

[124] *Id.* (citing *Lalonde v. Delta Field Erection*, No. 96-3244, 1998 WL 34301466, at *1 (M.D. La. Aug. 6, 1998)).

[125] *Id.* at 174.

[126] *Id.*

government's mandate of asbestos insulation did not cause the shipyard to engage in the challenged conduct."[127] In other words, the Fifth Circuit concluded that negligence claims for failing to warn of the dangers of asbestos or to take safety precautions against asbestos exposure "did not challenge actions taken under color of federal authority even though the government was responsible for the existence of the asbestos."[128] The Fifth Circuit noted that the shipyard failed to demonstrate that its government contracts "prevented it from taking any of these protective measures identified by Plaintiffs," as an affidavit stating that the Navy inspected and oversaw the vessels for safety was insufficient to trigger Section 1442(a)(1) jurisdiction.[129] The Fifth Circuit further pointed out that the other evidence presented made clear that the government had no control over the shipyard's safety procedures or safety department.[130] In sum, the Fifth Circuit concluded that because the plaintiff's negligence claims "challenge[d] discretionary acts of the shipyard free of federal interference" and "the government's directions to the shipyard via the contract specifications did not cause the alleged negligence," removal on those grounds were not proper.[131] The Fifth Circuit further determined, however, that the plaintiff's strict liability claims against the shipyard, which were premised on the "mere use of asbestos" and "do not turn on discretionary decisions made by the shipyard," supported federal officer removal.[132]

---

[127] 817 F.3d 457, 462 (5th Cir. 2016).

[128] *Id.*

[129] *Id.* at 463.

[130] *Id.*

[131] *Id.*

[132] *Id.* at 465.

This litigation was removed to this Court by Defendants Avondale, Albert Bossier, Jr., and Lamorak Insurance Company.[133] In Plaintiff's Petition for Damages, Plaintiff alleges that he was exposed to asbestos-containing products by the negligence conduct of Avondale and its corporate officers.[134] In particular, Plaintiff alleges that Avondale and its executive officers failed to properly discharge their duties to Plaintiff by failing to: (1) provide Plaintiff with a safe work environment or adequate safety equipment; (2) warn Plaintiff about the hazards of asbestos or reveal critical information regarding the risks associated with asbestos; (3) timely remove asbestos hazards from the workplace; (4) properly ensure compliance with safety regulations; (5) provide a safe means of eliminating asbestos dust in the air; and (6) provide necessary protections to lessen or eliminate the transfer of asbestos from the workplace to Plaintiff's home.[135] Plaintiff further alleges that Lamorak Insurance Company is liable to Plaintiff as Avondale's insurer.[136] Plaintiff does not assert any strict liability claims against Defendants Avondale, Albert Bossier, Jr., and Lamorak Insurance Company.[137]

Based on the foregoing and in light of the Fifth Circuit's holdings in *Bartel* and *Savoie*, the Court finds that Avondale has not shown the second prong of the federal officer removal statute is met, *i.e.* that a causal nexus exists between its actions under color of federal office and the plaintiff's claims.[138] Plaintiff has only brought negligent claims against Avondale for its alleged

---

[133] Rec. Doc. 1.

[134] Rec. Doc. 1-2 at 11.

[135] *Id.* at 11–12.

[136] *Id.* at 14–15. Plaintiff erroneously refers to Lamorak Insurance Company as OneBeacon Insurance Company in the Petition. *Id.*

[137] *Id.*

[138] *Winters*, 149 F.3d at 397; *Savoie*, 817 F.3d at 460; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F.

failure to take certain safety precautions and warn Plaintiff about the dangers of asbestos.[139] In response, Avondale points to the existence of the government contract as the basis for Plaintiff's work and the federal government's specifications that asbestos-containing products were to be used in constructing the federal vessels.[140] Avondale further argues that the 2011 amendment to the text of Section 1442(a)(1) widens the scope of the federal officer removal statute.[141] However, as the Fifth Circuit has made clear in two cases decided under the current version of 28 U.S.C. § 1442(a)(1), removal is not proper when the "federal government's mandate of asbestos insulation did not cause the shipyard to engage in the challenged conduct."[142] In *Zeringue v. Crane Company*, a recent case decided in 2017, the Fifth Circuit directly addressed the effect of the 2011 amendment on Section 1442.[143] In *Zeringue*, the Fifth Circuit confirmed that Section 1442, "both before and after the 2011 amendment," requires the causal nexus prong to be satisfied, and that while the 2011 amendment expanded the breadth of acts within the removal statute's reach, courts should not "attenuate the causal nexus requirement 'to the point of irrelevance.'"[144]

While the *Zeringue* court ultimately concluded that removal was proper because the manufacturer-defendant had shown that it was ordered by the Navy to provide the asbestos-

---

Supp. 2d at 529.

[139] Rec. Doc. 1-2 at 11–15.

[140] *See* Rec. Doc. 15 at 16–18 (noting that the government directed Avondale to use asbestos in building the Coast Guard Cutters and Navy Destroyer Escorts, and therefore Plaintiff's claims are "related to," "associated," or "connected with" the government's directives).

[141] *Id.*

[142] *Savoie*, 817 F.3d at 462.

[143] 846 F.3d 785, 793 (5th Cir. 2017).

[144] *Id.* (citing *Wilde v. Huntington Ingalls, Inc.*, 616 Fed. App'x 710, 713 (5th Cir. 2015)).

containing parts on which the plaintiff's strict liability claims were premised, it recognized that its holding was consistent with its decision in *Bartel*, which involved claims for failure to warn or provide safety measures analogous to Plaintiff's here.[145] The Fifth Circuit recognized that the conduct in *Bartel* "implicated no federal interest," and allowing those defendants to remove "would have stretched the causal nexus requirement to the point of irrelevance."[146] Thus, contrary to Avondale's suggestion that the decision in *Zeringue* supports removal here, *Zeringue* confirms that *Bartel* remains good law.[147] By contrast, Avondale does not distinguish the facts of this case from the negligence claims in *Bartel* and *Savoie* or otherwise show how Plaintiff's claims are "related to" Avondale's acts under color of federal office such that a causal nexus exists.

Here, like in *Bartel*, Plaintiff only asserts negligence claims against his employer, Avondale, for its failure to meet its duties to Plaintiff. Moreover, Avondale has adduced no evidence that the federal government prevented Avondale from taking the protected measures identified by Plaintiff or exercised control over Avondale's safety procedures or safety department.[148] In other words, Avondale has not demonstrated that its own discretionary decisions to allegedly fail to warn or protect Plaintiff from the dangers of asbestos while Plaintiff was employed by Avondale resulted from or is "related to" its actions under color of federal office, to the extent that any such actions exist.[149] As such, this case is distinguishable from such cases as

---

[145] *Id.* at 788, 794.

[146] *Id.* at 794.

[147] *See, e.g.*, *Blouin v. Huntington Ingalls Inc.*, No. 17-2636, 2017 WL 2628103, at *6 (E.D. La. June 19, 2017) (Zainey, J.) ("Simply, *Zeringue* expressly recognizes that *Bartel* remains a correct result even under the 2011 amendments.").

[148] *Savoie*, 817 F.3d at 463.

[149] 28 U.S.C. § 1442(a)(1).

*Papp v. Fore-Kast Sales Company*, decided by the Third Circuit in 2016,[150] and *Sawyer v. Foster Wheeler LLC*, decided by the Fourth Circuit in 2017,[151] which both found that there was evidence that the federal government exercised some control over asbestos warnings and safety materials, and thus removal of a failure to warn claim was proper.[152] Rather, similar to the plaintiff in *Savoie*, Plaintiff has pointed to affidavits from both a federal inspector and a former Avondale Safety Director that confirmed that the federal government did not exercise any control over Avondale's safety department or its compliance with safety regulations.[153]

In short, Avondale has identified no evidence nor any plausible reason to distinguish this matter from the clear Fifth Circuit holdings in *Bartel*, *Savoie*, and *Zeringue*, or the recent conclusions of several district courts that rejected the same arguments put forth by Avondale here.[154] Allowing removal of Plaintiff's claims premised on Avondale's discretionary decisions would not serve the basic purpose of Section 1442, *i.e.* "to protect the Federal Government from . . . interference with its 'operations.'"[155] Accordingly, because Avondale has not shown that

---

[150] 842 F.3d 805, 813 (3d Cir. 2016).

[151] 860 F.3d 249, 258 (4th Cir. 2017).

[152] *Sawyer*, 860 F.3d at 258 (noting that the Navy dictated the content of warnings on the defendant's boilers); *Papp*, 842 F.3d at 813 (pointing out that the United States Armed Forces exercised control over the written materials and warnings associated with the aircraft at issue).

[153] *See* Rec. Doc. 5-1 at 8–9.

[154] *See, e.g.*, *Blouin*, No. 17-2636, 2017 WL 2628103, at *6 (rejecting Avondale's argument that it could remove claims for failure to warn and failure to implement safety measures under the 2011 amendments to Section 1442); *Legendre v. Huntington Ingalls Inc.*, No. 17-2162, 2017 WL 1458209, at *5 (E.D. La. Apr. 25, 2017) (Africk, J.) (finding that Avondale failed to establish a causal nexus with the plaintiff's negligence claims challenging Avondale's discretionary decisions); *Wilde v. Huntington Ingalls Inc.*, No. 15-1486, 2015 WL 2452350, at *6 (E.D. La. May 21, 2015) (Fallon, J.) (determining that there was no evidence that the government restricted Avondale's ability to warn of the asbestos dangers, and therefore there was no jurisdiction over the plaintiff's failure to warn claims).

[155] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 142 (2007).

the necessary causal nexus between Avondale's actions under color of federal office and Plaintiff's claims exists, the Court finds that removal pursuant to 28 U.S.C. § 1442(a)(1) was improper. Accordingly, the Court concludes that the above-captioned matter must be remanded for lack of subject matter jurisdiction,[156] and therefore grants Plaintiff's motion to remand.[157]

## IV. Conclusion

Based on the foregoing, the Court finds that removal pursuant to 28 U.S.C. § 1442(a)(1) was improper, as Avondale has not shown that the necessary causal nexus between Avondale's actions under color of federal office and Plaintiff's negligence claims exists. Avondale has not pointed to any evidence that the government controlled Avondale's safety procedures or safety department such that its alleged failure to warn or protect Plaintiff from the dangers of asbestos is "related to" its actions under color of federal office. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[158] is **GRANTED** and that the case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA,** this __4th__ day of August, 2017.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[156] *See Savoie*, 817 F.3d at 462; *Bartel*, 805 F.3d at 172.

[157] Rec. Doc. 5. Because the Court finds that Avondale has not satisfied the causal nexus requirement for removal under Section 1442(a)(1), the Court need not address Plaintiff's arguments that Avondale also lacks a colorable federal defense.

[158] *Id.*